IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LITTLE ROCK SCHOOL DISTRICT,
*et al.*                                                    PLAINTIFFS

v.                    Case No. 4:82-cv-866-DPM

NORTH LITTLE ROCK SCHOOL
DISTRICT, *et al.*                                          DEFENDANTS

LORENE JOSHUA, *et al.*                                     INTERVENORS

ORDER

Various motions and other matters are ripe. This Court has jurisdiction notwithstanding the pending appeal. *Liddell v. Board of Education of the City of St. Louis*, 73 F.3d 819, 822–23 (8th Cir. 1996).

**1. Majority-To-Minority Funding.** In its 19 May 2011 order, the Court directed the LRSD, NLRSD, and PCSSD to show cause why State funding for Majority-to-Minority transfers should not stop too. The parties have filed briefs as directed. But in the meantime, several parties appealed aspects of the May 19th order, in particular the Court's release of Arkansas from most of its desegregation funding obligations. On LRSD's motion, the Court of Appeals

granted a stay pending appeal. The stay is general, but the LRSD's arguments were about funding. If the M-to-M funding is not embraced within the letter of the stay, and it may well be, it is certainly within the stay's spirit. This particular funding issue is inextricably intertwined with the general funding issues on appeal. This Court will therefore await the Court of Appeals' mandate before considering any action on M-to-M funding.

**2. PCSSD Counsel.** The Court grants the Arkansas Department of Education's motion for an order about continued representation of the PCSSD by M. Samuel Jones III and his firm, the District's long-time lawyers in this case. The circumstances are extraordinary. About a month after the Court's recent ruling that the PCSSD had not achieved unitary status and that most State desegregation funding should stop immediately, the Department dissolved the District's Board of Directors and removed the superintendent because of fiscal distress. These steps, as well as the Department's later appointment of Dr. Jerry Guess as superintendent, were authorized by the generally applicable statute. ARK. CODE ANN. § 6-20-1909(a)(1)–(6) (Repl. 2007). Dr. Guess reports to Dr. Tom Kimbrell, the Department's Commissioner. PCSSD was and is appealing this Court's decision that most

State desegregation funding should stop immediately; the Department supports that ruling and wants it affirmed on appeal.

The Department says it has no intention, while managing the District through Dr. Guess, of pulling the plug on the PCSSD's appeal. The Court takes the Department at its word. For his part, Mr. Jones has continued to follow his earlier directions from the former board and superintendent, prosecuting the appeal on the State funding issue as instructed and planned before the Department takeover. This, the Court concludes, is the proper course in the unusual situation presented. The Court approves Jones's actions as counsel for the PCSSD in handling the pending appeal from 20 June 2011 (the date of the takeover) through the present and until the Court of Appeals issues its mandate. The Court authorizes the District to pay Jones and his firm for this work pursuant to the existing contract.

Who is Jones's client? The PCSSD. The difficulty is that the District is now controlled and run by a new superintendent and the Department. But as best the Court can tell, Jones got complete marching orders about the appeal before the takeover. And the Department cannot speak for the PCSSD on appeal because it is on the other side of the case. The difficulty, and any

possible conflict, dissolves so long as two conditions hold: Jones remains on the appeal following his pre-takeover instructions from the client, and the client (now acting through Dr. Guess and the Department) does not give Jones different or conflicting instructions. Those are the precise circumstances presented. Former Justice David Newbern's opinion letter to the Attorney General on the appeal-representation issue seems, to the Court, to be exactly right.

As the case proceeds in this Court, though, while the PCSSD remains under Department control the representation issue is different. There must be collaboration, rather than separation. Dr. Guess is running the District, but he reports to no school board; he is under "the supervision and approval of the Commissioner of Education . . . [,]" Dr. Kimbrell. ARK. CODE ANN. § 16-20-1909(a)(2) (Repl. 2007). Jones represents the District, which can speak and act now only through Dr. Guess and ultimately Dr. Kimbrell.

The District is a political subdivision, as the Department argues. *E.g., Dermott Special School District v. Johnson*, 343 Ark. 90, 94–96, 30 S.W.3d 477, 480–81 (2000). But the lack of an elected school board, and the Department's ultimate authority over the District, put the State at the hub of the PCSSD

-4-

wheel. *Compare Johnson*, 343 Ark. at 95–96, 30 S.W.3d at 480–81. In future proceedings before this Court, Jones necessarily must work with and be directed by Dr. Guess (and ultimately Dr. Kimbrell) in Jones's continuing representation of the PCSSD.

No current conflict exists here, however, because both the PCSSD and the Department say they are committed to the parties' 1989 Settlement Agreement, PCSSD's Plan 2000, and prior court decisions on the merits—all of which aim at a common goal: the District achieving unitary status for the benefit of its students. The Department's necessarily greater involvement in the PCSSD's desegregation efforts going forward should and must be a help, rather than a hindrance, in reaching that goal. Time will tell. And the Court will respond accordingly.

In response to the Department's motion, the LRSD suggests that the takeover may have violated the parties' 1989 Settlement Agreement and Joshua suggests that the takeover may have had discriminatory motivations. The Court declines to reach either assertion in this indirect fashion. If any party wants to challenge the State takeover for any reason related to this case, the party should so move the Court.

-5-

**3. PCSSD's Building Proposals.** For several reasons, the Court denies without prejudice the PCSSD's motion for approval of construction, reconstruction, school consolidation, and school replacement. First, the Court is unsure whether its approval is required. The Court appreciates PCSSD taking a cautious approach and seeking authorization at the threshold. But the Court sees nothing in Plan 2000 that requires this step. Second, the Court is concerned that the developing circumstances may have affected the District's building plans. The motion pre-dates the State takeover; Dr. Guess and the Department need to consider this large undertaking and Vision 2020. Third, and in any event, as Joshua points out, any proposal brought to the Court needs to be more concrete before the Court could even consider giving a green light. Fourth, the Court is concerned about the contract issues raised by the Knight Intervenors. PCSSD needs to address those issues.

The Court therefore declines to act now on the PCSSD building proposals. Instead, the affected parties (PCSSD, the Department, Joshua, and Knight) should meet and confer and report to the Court on PCSSD building issues by 30 October 2011. The Monitor should attend that meeting or

meetings. The Court also requests an independent report from ODM by that date too.

**4. LRSD and Joshua's Motion to Enforce.** LRSD, joined by Joshua, moves to enforce the 1989 Settlement Agreement against Arkansas. The issues presented are about charter schools, State programs on remedying the achievement gap, and *Lake View* claims about transportation funding. Both sides filed lengthy briefs some time ago. At the recent hearing, the State asked the Court to consider its response as, in essence, a motion to dismiss what amounts to a complaint in motion form. For their part, LRSD and Joshua seek these things: the State's response point by point to their brief's 188 numbered paragraphs; discovery, which this Court previously stayed, *Document No. 4493*; and a hearing on the merits. There are indeed some threshold law issues that should be resolved now.

First, standing. LRSD and Joshua, as parties to the 1981 Settlement Agreement and continuing participants in the arrangements it created, have said enough in their motion papers about injury, causation, and redressability to keep their contentions alive for adjudication. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The fact that LRSD has been unitary for some

years has legal consequences; but that fact does not undo the many ties that still bind LRSD to this case. Joshua, in any event, could pursue all these issues. The Court sees no standing problem.

Second, subject matter jurisdiction. The State is correct: this Court lacks jurisdiction over the *Lake View* claims about transportation funding. It is not for this federal court to tell Arkansas what the Arkansas Constitution requires for educational adequacy in general or transportation funding in particular. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 91, 101 & n.11, 106 (1984). And even if jurisdiction existed, the State is correct that these issues have been fully and fairly litigated in *Lake View*, a case in which LRSD was a party. LRSD and Joshua's motion, *Document No. 4440*, is denied as to the adequacy/transportation funding issues asserted under Arkansas law in paragraphs 156–187.

The motion may go forward, however, on the State's actions about charter schools and remediation of achievement disparity. The Court is not prepared to resolve either issue as a matter of law at this point. The Court will revisit the legal questions after the parties do some limited discovery and make further argument.

The Court establishes the following schedule:

| | |
|---|---|
| 3 October 2011 | The discovery stay, *Document No. 4493*, is dissolved. |
| 10 January 2012 | Discovery closes. |
| 10 February 2012 | LRSD and Joshua must file a joint statement of undisputed *material* facts, in the form prescribed by Local Rule 56.1 and a joint brief on the merits. Neither the statement nor the brief shall exceed thirty pages. |
| 12 March 2012 | Arkansas must file a responsive statement on the material facts and a responsive brief. Any other party may file a brief on the issues on this date too. All these briefs are also limited to thirty pages. Arkansas's responding statement shall not exceed fifty pages, including the repetition of material facts alleged by LRSD and Joshua. |
| 29 March 2012 | The Court will hear oral argument on the motion and decide whether to schedule an evidentiary hearing. |

The Department's motion to quash, *Document No. 4491*, is granted in part and denied in part. It seems to the Court that LRSD and Joshua are entitled to review information from 2000 to the present about the students at

-9-

each mentioned charter school, but this data must not contain any identifiable linking information to any particular student. The Court directs the parties to meet and confer and figure out the best way to accomplish this production. If the Court has missed the issue, or the parties reach an impasse, then they should request a short hearing. No further papers need be filed.

A final issue: LRSD and Joshua's motion suggests that "a periodic review of the 1989 Settlement Agreement should be conducted to determine whether a race-neutral student assignment system can achieve the goals of the 1989 Settlement Agreement." *Document No. 4442, at 94, citing Grutter v. Bollinger*, 539 U.S. 306, 339, 342 (2003). The State "welcomes" this review. *Document No. 4465, at 42*. The Court solicits the views of all parties on whether this review should be done, and if so, how. Any filing on this issue should be made by 30 September 2011.

**5. Joshua's Motion for Hearing and Preliminary Injunction.** The Court denies without prejudice the motion by some of the Joshua intervenors about the spring 2010 reassignment of two students. The challenged events occurred more than a year ago. The calendar has probably mooted these reassignment issues.

**6. Jacksonville *Amici*.** The Court denies the motion by some Jacksonville-area residents to file another friend-of-the-court brief about carving a new district out of the PCSSD for that area. This issue is not before the Court.

**7. Office of Desegregation Monitoring.** No one having objected to ODM's proposed 2011-2012 budget, *Document No. 4587*, it is approved.

The Court appreciates the Monitor's report about 2010-2011 activities and planned activities in 2011-2012, as well as Joshua's response. Part of the murkiness here is the Court's fault: the Court is still trying to learn how ODM has been functioning and to discern how ODM should be functioning. The Court is not approving at this point ODM's proposed plan for the coming year, and will consider Joshua's concerns carefully before it acts.

The Court would benefit from the parties' views about ODM's role, responsibilities, and operating procedures—both past and future. The Court also solicits the parties' views on how the Court and ODM should communicate and collaborate. The Court requests that any such paper be filed by 7 September 2011. If the Court believes it needs a hearing on ODM issues, it will set one thereafter.

The Court will meet with the Monitor and her staff at ODM's office on 14 September 2011 at 2:00 P.M. The purpose of this meeting is for the Court to continue learning in general about ODM's work. The Court does not intend to discuss specific issues, but a court reporter will be present. All counsel are welcome (though not required) to attend and observe.

**8. The Pending Appeal.** It would also help the Court to follow the arguments and issues in the pending appeal. The Court therefore requests each party to deliver a hard copy of its briefs and any appendices to chambers when they are filed with the Court of Appeals.

\* \* \*

The State funding for Majority-to-Minority transfers will continue pending appeal. Motion for order, *Document No. 4546*, granted. Motion for approval on construction issues, *Document No. 4503*, denied without prejudice. Motion to enforce, *Document No. 4440*, denied in part and will be otherwise handled pursuant to the prescribed schedule. Motion for hearing and preliminary injunction, *Document No. 4481*, denied without prejudice. Motion to quash, *Document No. 4491*, granted in part and denied in part. Motion for

permission to file a supplemental *amicus curiae* brief, Document No. 4560, denied.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

15 August 2011