IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LITTLE ROCK SCHOOL DISTRICT,
*et al.*                                                                PLAINTIFFS

v.                    Case No. 4:82-cv-866-DPM

NORTH LITTLE ROCK SCHOOL
DISTRICT, *et al.*                                                      DEFENDANTS

LORENE JOSHUA, *et al.*                                                 INTERVENORS

ORDER

The Joshua Intervenors' post-order motions under Federal Rules of Civil Procedure 52 and 59, *Document Nos. 4591 & 4593*, are denied for want of jurisdiction. The general rule is that a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Liddell ex rel. Liddell v. Board of Education of the City of St. Louis*, 73 F.3d 819, 822 (8th Cir. 1996), *quoting Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The aspects of this case involved in the pending appeal are revealed by the appellate briefs filed by Joshua, the Pulaski County Special School District, and the North Little Rock School District: Joshua defends this Court's 19 May 2011 decision on the unitary-status issues (noting its pending

motions here), while the Districts attack, arguing that they are unitary. Joshua's post-order motions in this Court seek additional and amended findings and conclusions that neither North Little Rock nor Pulaski County has done enough in various areas, especially on the achievement gap.

The general rule applies. This is not a situation where new facts have developed—evolving circumstances that justify this Court exercising continuing supervisory authority notwithstanding the appeal. *Board of Education of St. Louis v. State of Missouri*, 936 F.2d 993, 995-96 (8th Cir. 1991). This is not a case of enforcing an order during the appeal of that order. *In re Grand Jury Subpoenas Duces Tecum*, 85 F.3d 372, 375-76 (8th Cir. 1996). Among the fighting issues on appeal is whether this Court's recent decision about unitary status for the North Little Rock and Pulaski County districts was correct. This Court therefore lacks jurisdiction to revisit the particulars until the mandate issues. Motions, *Document Nos. 4591 & 4593*, denied without prejudice.

Joshua's alternative motion for indicative relief under Federal Rule of Civil Procedure 62.1 is also denied. First, this Court has not yet digested the lengthy record made on the unitary-status issues. Second, even if the Court

had an informed opinion at this point, it would exercise its discretion not to express that opinion because these complicated and nuanced issues are ripe for decision by the Court of Appeals. Motion, *Document No. 4595*, denied.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

9/23/11