IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LITTLE ROCK SCHOOL DISTRICT,**
*et al.*                                                                                          **PLAINTIFFS**

v.                                           No. 4:82-cv-866-DPM

**NORTH LITTLE ROCK SCHOOL
DISTRICT,** *et al.*                                                                              **DEFENDANTS**

**LORENE JOSHUA,** *et al.*                                                                       **INTERVENORS**

### ORDER

The State moves for release from all its obligations under the parties' 1989 Settlement Agreement. *Document No. 4723*. The Joshua Intervenors, Pulaski County Special School District, North Little Rock School District, and the Little Rock School District have each responded. *Document Nos. 4748, 4737, 4736 & 4743*. LRSD has done so by motion, urging the Court to deny summarily the State's request for release. Joshua and NLRSD have voiced support for LRSD's arguments. PCSSD agrees that the State should not be released, but, if the Court modifies any of the parties' obligations, urges creative thinking by all parties about how best to achieve the salutary

purposes of the 1989 Settlement Agreement. The State has also moved, *Document No. 4767*, for an order scheduling discovery, briefing, and an evidentiary hearing on its motion for release.

LRSD's motion to dismiss the State's request for relief outright is denied. The public record of changed circumstances (in particular the unitary status of LRSD and NLRSD, as well as the *Lake View* revolution in State funding of education), coupled with the good-faith compliance indicated by the hundreds of millions of dollars the State has channeled into desegregation efforts at LRSD, PCSSD, and NLRSD during the last two decades, creates a sufficient basis for an evidentiary hearing on the motion for release. Making the same point from the other side are LRSD's and Joshua's arguments and evidence (in connection with the recent motion to enforce) about the lack of State monitoring and the lack of State leadership on programs designed to remedy the achievement gap between black students and non-black students. A trial is needed to resolve whether the State should be released from the 1989 Settlement Agreement or whether changed circumstances warrant any modification of this Court's Orders.

The State's motion for a scheduling order is granted. The Court directs all parties to confer and file a joint report proposing a timetable for discovery, briefing, and the evidentiary hearing. If the parties differ on any point, the joint report should reflect each party's position with a couple of explanatory sentences.

\* \* \*

Motion to dismiss, *Document No. 4743*, denied. LRSD should respond to the motion for release by 1 February 2013. Motion for scheduling order, *Document No. 4767*, granted. Joint report due by 22 February 2013.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

17 January 2013