IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LITTLE ROCK SCHOOL DISTRICT,
*et al.*                                                                                                 PLAINTIFFS

v.                             No. 4:82-cv-866-DPM

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT, *et al.*                                                     DEFENDANTS

LORENE JOSHUA, *et al.*                                                    INTERVENORS

ORDER

1. Pending before the Court is a proposed plan for detaching the Jacksonville/North Pulaski School District from the Pulaski County Special School District. This would be the latest step in the transition. JNPSD and PCSSD ask the Court to approve the desegregation aspects of the detachment plan, though there is some daylight between the districts about the particulars of this Court's approval. The Joshua Intervenors have some concerns, especially on facilities and staffing. The Court has benefitted from the parties' explanations at the 20 August 2015 status conference. The parties' post-hearing briefs, № 5156, 5158, 5159 & 5161, were helpful too.

**2.** The Court approves the desegregation-related aspects of the detachment plan, № 5145-1, with five observations.

*First*, the Court agrees with JNSPD on the question presented: is this more-detailed transition agreement consistent "with PCSSD's desegregation obligations under this Court's Orders and will [it] ensure compliance with those Orders[?]" № 5088 at 1. It is; and it will. PCSSD, and now JNSPD in some respects, are directly responsible to this Court for achieving unitary status in facilities, staffing, student achievement, discipline, and monitoring. The dispute about filling one of the new assistant superintendent positions this summer has given the Court some pause. But this was, the Court concludes, growing pains, which everyone learned from. And the courthouse doors are open if a similar dispute arises.

*Second*, continued collaboration between PCSSD, JNSPD, and Joshua remains essential. PCSSD and JNSPD have recognized this by providing some detachment-related documents, and clarification, as requested by Joshua. № 5158 at 3; № 5159 at 6–9. The Court will foster that collaboration by setting the agenda for upcoming status conferences and directing interim

gatherings as needed, such as the monthly meetings this fall about facilities leading up to the December hearing on that issue.

*Third*, Joshua, PCSSD, or JNSPD may — at any time — seek relief from this Court based on a good faith belief that any detachment-related step would adversely affect achieving completely unitary status.

*Fourth*, as the new plan contemplates, JNSPD should develop its Facilities Master Plan with input from Dr. Guess, especially on desegregation issues. He does not have a veto; but JNSPD should involve him and consider his views. Finally, JNSPD must submit its Facilities Master Plan to the Court. The facilities questions are first, and mainly, in the hands of citizens in Jacksonville and North Pulaski County, their school board, and their superintendent. But, in the circumstances presented, the Court must consider early next year whether JNSPD's Facilities Master Plan complies with Plan 2000 and whether it will enhance or inhibit everyone's ongoing efforts to eliminate the vestiges of segregation in facilities insofar as practicable.

*Fifth*, on staffing, the Court has already approved PCSSD's "twin seniority center" policy. (The Court appreciates PCSSD's helpful explanation of what led to that policy, № 5158 at 3, n. 2.) Staffing issues, though, will also

need some attention in 2016. They will be the main agenda item at the spring or summer status conference.

* * *

As between the Department of Education and PCSSD, Dr. Guess still has the final word on all desegregation issues involved in PCSSD's operation. He's the captain of the ship. As the latest PCSSD/JNSPD agreement provides, on several issues — the Master Facilities Plan for JNSPD, completing JNSPD central office hiring, staffing JNSPD schools for 2016–2017, and instructional issues for that school year at those schools — JNSPD will steer the ship from now on. Although he no longer has the last word, Dr. Guess will be involved in each of these areas; and it is his continuing special obligation, as PCSSD superintendent, to keep a weather eye on desegregation-related difficulties. Joshua will be involved in all these areas too, monitoring JNSPD's compliance with its obligations under Plan 2000. This is a reasonable way of moving toward full detachment in July 2016.

So Ordered.

*W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

14 October 2015