IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LITTLE ROCK SCHOOL DISTRICT,
*et al.*                                                                PLAINTIFFS

v.                              No. 4:82-cv-866-DPM

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT, *et al.*                                               DEFENDANTS

LORENE JOSHUA, *et al.*                                                 INTERVENORS

ORDER

1. JNPSD's motion for fees on the transfer dispute is granted. The State acknowledges that JNPSD prevailed, but questions the amount of time spent and the hourly rate, both of which are components under precedent. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). The amount of time wasn't excessive. JNPSD rightfully took the lead; and the work done was careful and thorough. The State is right that the mandatory monthly meeting would have happened anyway. But there was an opportunity cost — the parties had to focus on the transfer issue rather than pursuing the pending agenda on facilities, staffing, and other issues. The State is not entitled to the benefit of JNPSD's discounted rate with counsel. *Little Rock School District v. Arkansas*, 674 F.3d

990, 995–96 (8th Cir. 2012). The rack rate is part of a reasonable fee. And $300/hour is in line with the hourly rates previously approved for Joshua's counsel. *Little Rock School District*, 674 F.3d at 997–99; № 5095 at 4–6, 23 (blended rates).

2. Joshua's motion for fees is granted in part and denied in part. The Court respectfully disagrees with the State's argument about Joshua's status in the transfer dispute. This issue was the camel's nose. As an intervenor of long standing, Joshua was defending the remedy embodied in the parties' global settlement in general and in the living parts of Plan 2000 in particular. That defense was important to the Court in addressing the attempted transfer. Joshua was a prevailing party for purposes of 42 U.S.C. § 1988. The State is right, though, that the fee requested is too much. A full and spirited defense from Joshua did not require three lawyers and a paralegal. One lawyer, with assistance from a paralegal, would have been sufficient. The Court awards a reasonable fee of $6,025 — $1,000 for ten hours of paralegal time at $100/hour and $5,025 for fifteen hours of lawyer time at a blended rate of $335/hour.

\* \* \*

JNPSD's motion, № 5243, granted. The State owes JNPSD $13,224 — $13,110 in fees and $114 in undisputed costs. Joshua's motion, № 5247, granted in part and denied in part. The State owes Joshua $6,025.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

3 October 2016