# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

LITTLE ROCK SCHOOL DISTRICT, *et al.*            PLAINTIFFS

v.            No. 4:82-cv-866-DPM

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT, *et al.*            DEFENDANTS

LORENE JOSHUA, *et al.*            INTERVENORS

## ORDER

JNPSD moves *in limine* on several issues. Joshua has responded with argument and a motion.

**1.** The class exists. This is agreed. The class representative issue is important, but not a solid reason to stop the trial or to tie class counsel's hands at the trial. The parties should have ventilated the representative issue sooner. And the Court should have caught it, even though the parties didn't raise it. All material things considered, Joshua's motion to add parties is partly granted as modified and partly denied without prejudice. FED. R. CIV. P. 21.

The Court adds Eshe Mustafa and Takeena Wilbon, parents of children currently attending JNPSD schools, as representatives of a new sub-class of intervenors, which includes the black children attending JNPSD, their parents, and other adults *in loco parentis*. These

additions are tentative. JNPSD has until 9 March 2018 to explore Mustafa's and Wilbon's adequacy as sub-class representatives. They may not testify at next week's trial. Any motion to remove Mustafa or Wilbon due from JNPSD by March 9th.

The Jacksonville (Arkansas) Branch of the National Association for the Advancement of Colored People is undoubtedly an organization with members interested in the JNPSD slice of the case. Whether this group should be added as an intervenor by permission can be better decided later, though, on more focused briefing. Joshua's motion to add the group now is denied without prejudice.

**2.** Joshua appears to agree that it cannot challenge PCSSD's pre-stipulation staffing decisions related to JNPSD. See the details at № 5355 at ¶¶ 2–3. The Court will hear argument, of course, about how everything fits together. And though the Court is uncertain about whether judicial estoppel or law of the case applies in these circumstances, JNPSD is right: Joshua's stipulation is binding, and the upcoming trial is not about the Court-approved steps taken during the detachment.

**3.** Joy Springer may testify about things she saw, heard, and experienced. FED. R. EVID. 602. If she offers any opinion testimony, it must satisfy all parts of Rule 701. As agreed, she is not an expert witness.

**4.** The Court has already ruled on the witness/exhibit disclosure issues.

\* \* \*

Motion, № 5355, mostly granted and partly denied as specified. Embedded motion, № 5360, partly granted as modified and partly denied without prejudice. Eshe Mustafa and Takeena Wilbon added (tentatively) as representatives of the JNPSD students/parents sub-class. Whether the Jacksonville (Arkansas) Branch of the NAACP needs to be added as a party will be decided later, if need be, on full briefing about permissive intervention and associational standing. Request to consider supplemental authority, № 5364, granted.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

2 February 2018