IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LITTLE ROCK SCHOOL DISTRICT, *et al.*      PLAINTIFFS

No. 4:82-cv-866-DPM

PULASKI COUNTY SPECIAL SCHOOL
DISTRICT; JACKSONVILLE/NORTH
PULASKI SCHOOL DISTRICT, *et al.*     DEFENDANTS

LORENE JOSHUA, TIFFANY ELLIS, *et al.*     INTERVENORS

## ORDER

Some issues about the class representatives need deciding.

**1.** The Court confirms Tiffany Ellis as a representative of the new sub-class of intervenors, the group composed of black children attending JNPSD, their parents, and other adults *in loco parentis*. JNPSD's objections to her service are overruled. The Court has studied her deposition, plus all the other materials submitted. Would she adequately represent this group? FED. R. CIV. P. 23(a)(4); *Rattray v. Woodbury County*, 614 F.3d 831, 835 (8th Cir. 2010). Yes. As the intervenors point out, context is particularly important. The class has existed for decades; the live dispute is implementation of parts of the remedy—JNPSD's compliance with Plan 2000 in academic achievement, discipline, facilities, monitoring, and staffing. Without exception, JNPSD's authorities are about adequacy at the certification stage. *E.g., Rattray*, 614 F.3d at 834–35; *In re Monster Worldwide, Inc.*

*Securities Litigation*, 251 F.R.D. 132 (S.D.N.Y. 2008). The circumstances here are different. Rule 23(a)(4)'s core concerns remain, of course, but the Court's inquiry must be differently focused. Because this case is so far down the road, the fighting issues are fewer. Ellis will thus have a smaller role with fewer decisions, albeit important ones.

Ellis is a sub-class member. Her twin boys are JNPSD students, rising sixth graders. They attended pre-K at Harris and kindergarten through second grade at Taylor. After moving to Dupree during their third grade year, they attended fourth and fifth grades there and are headed to middle school. Ellis has been deeply involved in their schooling: president for three years of the Parent-Teachers Organization at Taylor; a volunteer monitor at lunch and in the classroom; and at one point a district employee, paid to monitor students during lunch. She served on a committee that dealt with security issues. She's been engaged on academic issues and discipline issues, involving her children and others. She has concerns in both areas. She has had first-hand experience with three of the district's facilities. She follows district issues on social media and in the press, and has attended at least one school board meeting. She believes JNPSD needs more male teachers of color to serve as role models. She understands that the point of this case is to ensure that all children are treated as equals. The record indicates her good character. Ellis's interests align with other JNPSD parents, and those acting in place of

parents, on behalf of black students. *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996).

The Court concludes that Ellis can and will vigorously protect the sub-class members' interests. At present, her understanding of this lawsuit is too limited. She's not a lawyer and need not develop a lawyer's knowledge of the issues. But she must deepen and broaden her understanding of the case. At her deposition, for example, she was confused about exactly what Plan 2000 is. She thought it was a scholarship program, perhaps confusing it with PCSSD's salutary efforts related to the Donaldson Scholars. She has a copy of the Plan, provided by counsel, but had only read at it, rather than studying it. She pledged to fill this gap. Ellis is a longtime United Cerebral Palsy employee, a high school graduate with three years of studies at Pulaski Tech, and the Court is confident she will follow through on learning more about this tangled case and the areas in which the new district remains under Court supervision. Given the stage of this case, this is a manageable task. JNPSD asked Ellis at her deposition what label she would give herself in terms of the schools. Ellis responded: "[C]oncerned parent. . . . And not just a parent to my kids; for the ones who don't have parents that are as active as I am in the school, that will speak up for them when they see something wrong." № 5397-1 at 58–59. In collaboration with counsel, that's what the sub-

class representative must do—on academic achievement, discipline, facilities, monitoring, and staffing.

The experience, abilities, and credentials of Mr. Walker and Mr. Pressman are beyond dispute. Their stature, and long involvement in this case, also raise a concern, though. As JNPSD argues, the representative can't simply lend her name to counsel's lawsuit. *In re Monster Worldwide, Inc. Securities Litigation*, 251 F.R.D. at 135; 7A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1766 at 372 (3d ed. 2005). Mr. Walker has devoted much of his professional life to school desegregation in our State. One could say with truth that this is his lawsuit. But the deeper truth is that this case belongs to JNPSD's non-white students and the adults who care for them. Ellis now has a fiduciary obligation to all those people. She must, of course, rely on counsel's expertise, but she must also question and second-guess them. They're the coaches; she's now the team's owner. Her deposition makes plain that she's quite capable of challenging persons with expertise and authority when she believes confrontation is necessary. That's the kind of check she must provide on counsel, as she stands up for these students and their families. They come first, not the lawyers, notwithstanding counsel's good intentions.

**2.** JNPSD's objections to Wilbon are overruled without prejudice as premature. A confluence of circumstances—counsel's schedules,

Wilbon's parental obligations, this Court's deadlines, a tornado in the vicinity—prevented her deposition from occurring as planned. Her appointment remains tentative. JNPSD must depose her by 17 September 2018 and may file any objections to her service by 17 October 2018. Wilbon has three children spread across three JNPSD schools. It would be better to have more than one sub-class representative, and to have a person with these kinds of broad district connections to serve alongside Ellis.

**3.** The dispute about the JNPSD sub-class representatives also revealed something about the original class representatives—the Joshua Intervenors—who stepped forward more than three decades ago. All those individuals have either passed away, moved out of the districts, or lost touch with class counsel. *№ 5393 at 2; № 5393-2 at 8–11.* PCSSD's black students, their parents, and those acting *in loco parentis* for them need representatives. The Intervenors must nominate at least two by 17 September 2018. PCSSD may conduct discovery, formal and informal, about the nominees' fitness to serve. Objections, or an agreed motion to appoint, due by 16 November 2018.

* * *

JNPSD's objection, № 5393, is overruled on Tiffany Ellis,* and overruled without prejudice as premature on Takeena Wilbon. JNPSD must depose Wilbon by 17 September 2018. Renewed objection, or an agreed motion demonstrating that she is qualified to serve, due by 17 October 2018. Nominees for new representatives for the PCSSD group due by 17 September 2018, too.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

17 July 2018

---

* The Court directs the Clerk to update the docket to add Tiffany Ellis as an intervenor. Given that her appointment remains tentative, there's no need to add Wilbon yet.