IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LITTLE ROCK SCHOOL DISTRICT, *et al.*     PLAINTIFFS

No. 4:82-cv-866-DPM

PULASKI COUNTY SPECIAL SCHOOL
DISTRICT, JACKSONVILLE/NORTH
PULASKI SCHOOL DISTRICT, *et al.*     DEFENDANTS

EMILY McCLENDON, TAMARA EACKLES,
VALERIE STALLINGS, and TIFFANY ELLIS     INTERVENORS

ORDER

There are three pending issues about the Jacksonville North Pulaski School District.

- **Facilities Compliance**

The Court appreciates JNPSD's first compliance report, № 5500, on implementation of its modified 2018 master facilities plan. Any objection by Intervenors is due by 28 August 2019.

- **Second Sub-Class Representative**

JNPSD's objections to Linda Morgan's service as a second sub-class representative on JNPSD issues are overruled. Morgan has been involved at Dupree Elementary with her grandson. He lives with her. Morgan's focus has been on classroom and discipline issues, which is understandable. The Court believes that she, working with Tiffany

Ellis, can and will stand up for JNPSD's non-white students, parents, and others acting as parents. Discipline and student achievement remain under the Court's supervision. These are key issues. Morgan can learn about the staffing-incentives, facilities, and monitoring issues. She is an educated person with a willingness to serve. The Court concludes that she is sufficiently engaged and experienced to adequately represent the sub-class with Ellis at this point. FED. R. CIV. P. 23(a)(4); *Rattray v. Woodbury County, Iowa*, 614 F.3d 831, 835 (8th Cir. 2010). The Court therefore appoints Linda Morgan as the second JNPSD sub-class representative.

- **Attorney's Fees**

All material things considered, Intervenors' motion for attorney's fees and expenses is partly granted and partly denied. 42 U.S.C. § 1988(b); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Association for Retarded Citizens of North Dakota v. Schafer*, 83 F.3d 1008, 1010–12 (8th Cir. 1996); *Jenkins v. State of Missouri*, 127 F.3d 709, 716–19 (8th Cir. 1997). The $4,313.80 sought for depositions, copies, mileage, and monthly meeting expenses is not opposed. It's awarded in full. Intervenors seek approximately $270,000 for the work of their lawyers, paralegal, and monitors between June 2017 and October 2018. The Court concludes that $138,900 is a reasonable fee for all necessary work during this period. Here is the Court's thinking.

First, the Intervenors are prevailing parties in the case in general. It's their place to monitor the remedy embodied in Plan 2000 and defend it. The facilities and staffing issues tried in February 2018 were new in the sense that JNPSD is new, but old in a deeper sense: they're about what Plan 2000 requires, the obligations JNPSD inherited. So the question is the reasonableness and necessity of the work done.

Second, success, and the lack of it, are important considerations. Intervenors persuaded the Court that all the District's elementary schools must be replaced sooner than JNPSD proposed and before any expansions of the new high school and new middle school. This was Intervenors' fallback position. They did not persuade the Court with their main contention, which was that all the elementary schools had to be replaced immediately. The Court has commended JNPSD's promises—during closing argument—that the District would prioritize the new elementary schools over other projects, plus accelerate planning and construction. The Court again commends the District on these important commitments. But, they came only at the end of the trial, after Intervenors' full court press and pointed inquiries from the Court.

Intervenors did not succeed overall on the staffing issues. JNPSD's good faith was apparent. There was only one slice where more needs to be done; the record did not otherwise support the Intervenors' position. And the Court agrees with JNPSD that several

staffing-related issues could have been stipulated. The fee must be reduced to reflect these circumstances.

Third, monitoring. It's needed, of course. But JNPSD is right about excessive time in several areas. Seventy dollars per hour is a generous rate. And remember that we're talking about a sixteen-month period. A reduction in overall hours is appropriate. An example. The Donaldson Scholars program is a pillar of PCSSD's and JNPSD's efforts to become unitary in student achievement. № 5018 & № 5021. The various ways the program helps get students into college, and prepares them to succeed there, are important. Helping keep the students in college is another bridge, though of course a related one. The Court rejects JNPSD's argument that funding this program ended all the Districts' obligations. Because it is all about student achievement, some monitoring here is good. A reduction for excessive time is necessary, though. The record shows that the monitors have been deeply engaged, actually helping administer all parts of the program. In their revised request, Intervenors helpfully eliminated time already compensated by the program itself. The monitors' remaining efforts are commendable, but only partly compensable.

Fourth, the class representative issues. These were needlessly contentious. Compare the PCSSD substitutions. As JNPSD says, Intervenors should have addressed this issue *sua sponte* much sooner;

but JNPSD over-litigated the point. Intervenors are entitled to some, but not all, of their related fees.

Fifth, the monthly meetings. To economize, only Mr. Walker and Ms. Springer need to attend on behalf of Joshua. Information from and to other monitors should flow through her. The Court has reduced the claimed time accordingly.

Last, hourly rates. The ones requested are too high for this work in this market. And the Court has therefore reduced them.

Here are the specifics. The Court awards:

| | | | |
|---|---|---|---|
| John Walker | – 160 hours x $350 = | $56,000 |
| Austin Porter | – 60 hours x $300 = | $18,000 |
| Robert Pressman | – 80 hours x $300 = | $24,000 |
| Joy Springer | – 325 hours x $100 = | $32,500 |
| Charles Bolden | – 70 hours x $70 = | $4,900 |
| Marva Smith | – 50 hours x $70 = | $3,500 |
| | Total = | $138,900 |

\* \* \*

The motion for attorney's fees and expenses, № 5461, is partly granted and partly denied. JNPSD owes Intervenors' counsel $143,213.80. The Court directs the Clerk to add Linda Morgan to the docket as an intervenor plaintiff. Any objection to the facilities report due by August 28th.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

26 July 2019