**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**LITTLE ROCK SCHOOL DISTRICT,**                  **PLAINTIFFS**
*et al.*

**v.**                          **No. 4:82-cv-866-DPM**

**NORTH LITTLE ROCK SCHOOL DISTRICT,**            **DEFENDANTS**
**et al.**

**EMILY MCCLENDON, et al.**                       **INTERVENORS**

**JNPSD'S RESPONSE TO INTERVENORS'**
**MOTION *IN LIMINE* REGARDING THE COURT'S EXPERT**

Jacksonville/North Pulaski School District (JNPSD), through its attorneys
Scott P. Richardson, states as follows for its *Response to Intervenors' Motion in
Limine Regarding the Court's Expert*:

The fact that the Court's expert does not draw the conclusions that the
Intervenors wish for her to draw does not demonstrate any level of bias.

Ms. Powell has worked in this case and with these school districts for many
years. She began with the Office of Desegregation Monitoring in July 1991.  Ms.
Powell has been monitoring the Districts for plan compliance since then. She has
attended almost every monthly meeting of the parties as ordered by the Court; has
been attentive to the facts and documents presented by the Districts; and has
always been an independent monitor. This is evidenced by the September 17, 2008,
ODM report titled "Update on the Status of the Pulaski County Special School
District's Implementation of its Desegregation Plan." Ex. 1 (This report was filed in
the record, but not assigned a docket entry number). That report was highly critical

of the PCSSD's efforts to comply with Plan 2000. Importantly, it reflects the same approach that Ms. Powell utilized for her current reports to the Court:  information and data were sought from the school district, then the school district was granted an opportunity to comment on a draft of the report; ODM then finalized the report for the use of the Court. Ex. 1, p. 1-2. The Report does not reflect that it was presented to the then-Joshua Intervenors for comment before a final draft was published.  (This description is consistent with the ODM's (and Ms. Powell's) methodology throughout the history of this case.) The Intervenors did not object to the report (or prior ODM reports prepared in the same way) but, instead, relied heavily on the report. See DE # 4265, "Joshua Intervenors' Position Regarding PCSSD" and DE # 4306 "Joshua Intervenors' Hearing Brief Regarding the PCSSD."

Ms. Powell's following of the same process she has used in the past (and which the Intervenors have never before objected to) is reasonable. She is not monitoring the Intervenors. She is monitoring the school districts. This requires developing a significant amount of information from the Districts. Unlike when she was with ODM, she must now develop that information and draft reports with no assistance. Not only has she ably gathered information but she has adequately reported on the information she has seen. The Intervenors are free to utilize her reports (as they have done in the past) or to criticize her reports. But their disagreement with her methodology or conclusions does not demonstrate bias on her part.

With regard to Ms. Powell's reports on JNPSD, she provided the reports to the District for comment, but the District generally did not comment on the reports. The District provided information, but Ms. Powell was free to draw whatever conclusions she wanted from the information provided. Undersigned counsel did attend one meeting regarding the monitoring report. However, again, the District provided information and Ms. Powell was free to draw whatever conclusions she wanted. She has certainly disagreed with undersigned counsel in the past. Given the Intervenors extensive contact with Ms. Powell and the host of information they provided to her, **none of which was provided to the Districts until this Motion was filed**, they hardly have room to complain about the District's responding to Ms. Powell's inquiries.

It should also be noted, that Ms. Powell approached the reports following some four years of monthly meetings among the parties and Ms. Powell. During these meetings the Districts have generally shared information regarding plan implementation. Also, PCSSD for many years hosted quarterly monitoring meetings at which it would present information and data regarding its compliance with Plan 2000. These meetings were generally attended by Ms. Powell and Intervenors. Thus, Ms. Powell began the current reports with significant amount of information already in her possession from these meetings.

With regard to reporting to ADE and the Districts' monitoring obligations, some history should inform this matter. Plan 2000 was drafted in 1999. DE # 3309, 3310. As such, it predates major changes in education deliver, reporting, and

supervision. See generally DE # 4724 p. 8-14. The Arkansas Comprehensive

Testing, Assessment, and Accountability Program Act ("ACTAAP") was passed that

same year and was being implemented by then-ADE. Act 999 of 1999. Arkansas

Consolidated School Improvement Plans ("ACSIP") began in 1999 as a result of

ACTAAP, along with a host of other academic improvements and reporting

requirements. Three years later, the federal No Child Left Behind Act of 2002 was

passed sparking significant educational reform in the State of Arkansas. See 115

Stat. 1702; 20 U.S.C. § 6842, et seq. Shortly after that came the *Lake View*

revolution in the Arkansas educational system. *Lake View School Dist. No. 25*, 358

Ark. 137, 159, 189 S.W.3d 1, 15 (2004)(quoting state's expert: "I have never before

seen a state which leapfrogged an entire century and went from the 19th century

into the 21st century. The enactments are dramatic, comprehensive, and the amount

of money that will be distributed as a consequence of them is about the largest I've

ever seen proportionally.") These and an array of other changes in the educational

system produced reporting requirements that simply did not exist when Plan 2000

was drafted. Certain aspects of how school districts provide reporting to the

Division of Secondary and Elementary Education ("DESE")(the successor to the

Arkansas Department of Education) go beyond the monitoring contemplated by

Plan 2000.

    With regard to the passage of time referenced by the Intervenors, (DE # 5578

p. 6-7) the passage of time does counsel for release of these Districts. The Supreme

Court has specifically stated that a court evaluating release of a long-standing,

institutional reform decree must apply "a flexible standard that seeks to return control to state and local officials as soon as a violation of federal law has been remedied." *Horne v. Flores*, 129 S.Ct. 2579, 2594. This is because as time passes the connection to the original constitutional violations that gave rise to the case become more tenuous. *Id.* Indeed, to the extent any person recognizes that the passage of time counsels in favor of unitary status and release of the Districts, that person is simply recognizing a tenant of the federal law on consent decrees. *See Cody v. Hillard*, 139 F.3d 1197, 1199 (8th Cir. 1998)(noting factors relevant to modification of consent decree including "(5) the length of time the consent decree has been in effect"). That said, Ms. Powell has always made the point that she would not recommend release unless she believed it was warranted by the facts. She has never expressed a "defeatist attitude."

Finally, most of the Intervenors' objections go to weight of the reports and not their admissibility. Thus, the Motion in Limine does not provide grounds for excluding Ms. Powell's reports and opinions.

JNPSD objects to the consideration of any exhibits that neither it nor its counsel has been provided for response. The exhibit filed under seal has not been shared with JNPSD or its counsel. Therefore, we are unable to respond to this secret document. It should for no part of the Court's consideration of this matter.

WHEREFORE, JNPSD respectfully requests that Intervenors' Motion in Limine Regarding the Court's Expert be denied and that it be granted all other relief to which JNPSD is entitled.

Respectfully Submitted,


By:     /s/ Scott P. Richardson  (2001208)
        McDaniel, Richardson, & Calhoun PLLC
        1020 West 4th St., Suite 410
        Little Rock, AR 72201
        501.235.8336
        501.588.2104 fax
        scott@mrcfirm.com

        Attorney for Jacksonville/North Pulaski
        School District


## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:


All Counsel of Record

                        /s/ Scott P. Richardson