IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY 13 2020
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

LITTLE ROCK SCHOOL DISTRICT, et al.                                Plaintiffs

v.                      Case No:       4:82-cv-00866-DPM

PULASKI COUNTY SPECIAL SCHOOL DISTRICT, et al.                     Defendants

EMILY McCLENDON, TAMARA EACKLES, VALERIE
STALLINGS, TIFFANY ELLIS, and LINDA MORGAN                         Intervenors

### MOVANT-INTERVENOR DR. JANICE HARGROVE WARREN MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24, Dr. Janice Hargrove Warren ("Dr. Warren") respectfully moves this Honorable Court to intervene in this action. For her Motion to Intervene, Janice Warren states:

1.      Intervention is warranted as of right because the performance of her responsibilities as a cabinet member of Pulaski County Special School District ("PCSSD"), and the performance of similarly situated personnel are the subject of this litigation when determining the performance and breach by PCSSD of its Desegregation Plan 2000 ("Plan 2000"). See Deposition of Janice Warren, April 8, 2020, page 94, lines 5-14 and pages 155-156.

2.      As an employee and representative of PCSSD, Movant-Intervenor is Assistant Superintendent for Equity and Pupil Services in this action (Action #1) and is in privity with PCSSD. Movant-Intervenor is also the plaintiff in her employment discrimination suit against PCSSD (Action #2). (See generally *Warren v. McNulty* et al., 4:19-cv-00855-BSM.)

1

3. Disposing of this action (Action #1) may, given the effect of the principles of collateral estoppel, impair or impede her ability to protect her rights in her employment discrimination suit (Action #2) against PCSSD and impair the employment rights and interests of other cabinet members and administrators.

4. Moreover, co-counsel for PCSSD, Cody Kees and Jay Bequette, represent PCSSD in this action (Action #1) but also serve as lead counsel defending PCSSD in Action #2 against Movant/Intervenor.

5. PCSSD's failure to construct Mills High School ("Mills High") and Robinson Middle School ("Robinson Middle") in an equitable fashion has been established before this Court. (Court Expert's Report, doc. 5343.) Given the patent discriminatory results in the construction of Mills High and Robinson Middle facilities, counsel for PCSSD in advocating for PCSSD may enter into settlements and consent decrees rather than litigate the quality of PCSSD's performance. While conserving PCSSD's resources, this approach may fail to protect nonparty-employee interests, such as defending the quality of their performance as it relates to this Action (Action #1).

6. Counsel for PCSSD have no duty to defend the actions of those cabinet members and administrative personnel who are not parties to this action. Any allegation or suggested nonperformance asserted against cabinet members and administrative employees -- who did not engage in discriminatory conduct, who had no knowledge of the misappropriation or misapplication of State funds in the construction -- that go unanswered becomes a weapon not only against Movant/Intervenor in her employment discrimination action (Action #2) but also a weapon against the employment rights of other innocent cabinet members and administrators.

7. Dr. Warren's interests in both Actions will be impaired if Dr. Warren is not permitted to intervene for the limited purpose of establishing and protecting innocent, non-discriminating cabinet members and administrators, who performed in good faith, consistent with their duties under Plan 2000. See Fed. R. Civ. P. 24(a)(2).

8. Alternatively, Dr. Warren should be granted leave to intervene because she has a claim and potential defenses in Action #2 that share common questions of law or fact with Action #1, specifically, that she performed her responsibilities as Assistant Superintendent of Equity and Pupil Services consistent with Plan 2000.

9. Such limited intervention will neither prolong nor delay this action but will facilitate the goals of judicial efficiency and the conservation of judicial resources.

For the reasons discussed herein and in the accompanying Memorandum, Dr. Warren respectfully requests that this Court grant her Motion to Intervene in this matter.

Respectfully submitted this 13th day of May 2020,

SARAH HOWARD JENKINS, PLLC
Sarah Howard Jenkins
Arkansas Bar #97046
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
sarah@shjenkinslaw.com (email)
Attorney for Movant/Intervenor

## CERTIFICATE OF SERVICE

I, Sarah Howard Jenkins, hereby certify that on this 13th day of May, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends notification of such filing to any CM/ECF participants including:

Amanda G. Orcutt
Devin R. Bates
MITCHELL, WILLIAMS, SELIG
425 West Capitol Avenue, Suite 1900
Little Rock, Arkansas 72201

Jay Bequette
Cody Kees
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com
ATTORNEYS FOR PCSSD

Austin Porter Jr., No. 86145
PORTER LAW FIRM
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

Shawn G. Childs
Lawrence A. Walker
JOHN W. WALKER, P.A.
1723 S. Broadway
Little Rock, Arkansas 72206
501-374-3758
Fax: 501-374-4187
Email: tonywalkeratty@gmail.com
ATTORNEYS FOR INTERVENORS

Scott Richardson
McDaniel Richardson & Calhoun
1020 W. Fourth Street Suite 410
Little Rock, Arkansas 72201
ATTORNEYS FOR JACKSONVILLE/
NORTH PULASKI SCHOOL DISTRICT

Robert Pressman
Attorney at Law
22 Locust Avenue
Lexington, Massachusetts
Email:pressmanrp@gabriel.com

_Sarah Howard Jenkins_
Sarah Howard Jenkins

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DR. JANICE HARGROVE WARREN     Plaintiff in Intervention

v.     Case No:    4:82-cv-00866-DPM

PULASKI COUNTY SPECIAL SCHOOL DISTRICT, et al.    Defendant in Intervention

EMILY McCLENDON, TAMARA EACKLES, VALERIE

STALLINGS, TIFFANY ELLIS, and LINDA MORGAN    Defendants in Intervention

COMPLAINT IN INTERVENTION
DECLARATION JUDGMENT

1.    Intervenor, Dr. Janice Hargrove Warren, for its Complaint against Defendants in Intervention alleges as follows:

2.    This is an action by the Plaintiff in Intervention for a declaratory judgment pursuant to 28 U.S.C.A. § 2201, as to the performance of her duties and the performance by similarly situated Pulaski County Special School District ("PCSSD") cabinet members and administrators consistent with PCSSD's Desegregation Plan 2000 as to facilities, student achievement, and student discipline.

PARTIES AND JURISDICTION

3. The Plaintiff in Intervention, Dr. Janice Hargrove Warren ("Dr. Warren"), is a natural person who resides in Maumelle, Arkansas, during the times relevant to this cause of action. She is the Assistant Superintendent for Equity and Pupil Services for PCSSD.

4. Defendant in Intervention, PCSSD, is a public school district with its central office located in Sweet Home, Arkansas. It is a corporate body with the power to sue and be sued. Ark. Code Ann. § 6-13-102; Ozarks Unlimited Res. Coop., Inc. v. Daniels, 333 Ark. 214, 223, 969 S.W.2d 169, 173 (1998), F.E. Compton & Co. v. Greenwood Sch. Distr. No. 25, 203 Ark. 935, 159 S.W.2d 721 (1942), Clarke v. School Distr. No. 16, 84 Ark. 516, 106 S.W. 677 (1907)(a school district is a corporate body with the power to sue and be sued).

5. Individual defendants in Intervention, Emily Mcclendon, Tamara Eackles, Valerie Stallings, Tiffany Ellis, and Linda Morgan, are Intervenors in *Little Rock School District v. Pulaski County Special School District*, 4:82-cv-00866-DPM ("*LRSC v. PCSSD*"), and are residents of Pulaski County Arkansas.

6. This Complaint in Intervention is filed as required by Fed. R. of Civ. Pro. 24(c) to support the Plaintiff in Intervention's Motion to Intervene.

7. This Court has continuing subject matter jurisdiction over *LRSC v. PCSSD*, the matter in which intervention is sought.

8. This Court has Supplemental Jurisdiction over this Declaratory Judgment to the extent it raises a state law claim sounding in contract. 28 U.S.C. § 1367(a). Any apparent state law claim arises from the same nucleus of operative facts asserted against the defendants in intervention such that any state law claim is essentially the same case or controversy under Article III of the United States Constitution.

9. PCSSD's failed to construct Mills High School ("Mills High") and Robinson Middle School ("Robinson Middle") in an equitable fashion.

10. In determining the performance and breach by PCSSD of Plan 2000, as it pertains to facilities, student achievement, and student discipline, Dr. Warren's performance, Derrick Scott's performance, and the performance of similarly situated cabinet members and administrative personnel -- nonparties -- are the subject of the July 2020 trial of *LRSC v. PCSSD*.

11. Given the patent discriminatory results in the construction of Mills High and Robinson Middle sports facilities, counsel for PCSSD in advocating for PCSSD may enter into settlements and consent decrees rather than litigate the quality of PCSSD's performance and the source of any breach or malfeasance. While conserving PCSSD's resources, this approach may fail to protect innocent nonparty-employee interests, such as establishing and defending the quality of their performance.

12. Counsel for PCSSD have no duty to defend the actions of those PCSSD cabinet members and administrative personnel who are not parties to *LRSC v. PCSSD*. Any allegation or suggested nonperformance asserted against innocent cabinet members and administrative personnel that go unanswered becomes a weapon not only against Plaintiff in intervention in her employment discrimination action but also a weapon against the employment rights of other innocent cabinet members and administrators.

13. Counsel for the individual defendants in intervention have no duty to defend the actions of PCSSD's cabinet members and administrative personnel who are not parties to the desegregation action which plaintiff in intervention seek to intervene.

RELIEF REQUESTED

THEREFORE, Dr. Janice Warren requests this court to enter judgment in favor of Dr. Janice Warren and similarly situated innocent cabinet members and administrators who did not engage in discriminatory conduct, who had no knowledge of the misappropriation or the misapplication of State funds, or other malfeasance in the construction Mills High School that they performed their duties consistent with PCSSD's Plan 2000.

Respectfully submitted this 13th day of May 2020,

Sarah Howard Jenkins
Arkansas Bar #97046
Attorney for Plaintiff in Intervention
SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
sarah@shjenkinslaw.com (email)

**CERTIFICATE OF SERVICE**

I, Sarah Howard Jenkins, hereby certify that on this 13th day of May, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends notification of such filing to any CM/ECF participants including:

Amanda G. Orcutt
Devin R. Bates
MITCHELL, WILLIAMS, SELIG
425 West Capitol Avenue, Suite 1900

Scott Richardson
McDaniel Richardson & Calhoun
1020 W. Fourth Street Suite 410
Little Rock, Arkansas 72201

Little Rock, Arkansas 72201

Jay Bequette
Cody Kees
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com
ATTORNEYS FOR PCSSD

Austin Porter Jr., No. 86145
PORTER LAW FIRM
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email:  Aporte5640@aol.com

Shawn G. Childs
Lawrence A. Walker
JOHN W. WALKER, P.A.
1723 S. Broadway
Little Rock, Arkansas 72206
501-374-3758
Fax: 501-374-4187
Email: tonywalkeratty@gmail.com
ATTORNEYS FOR INTERVENORS

ATTORNEYS FOR JACKSONVILLE/
NORTH PULASKI SCHOOL DISTRICT

Robert Pressman
Attorney at Law
22 Locust Avenue
Lexington, Massachusetts
Email:pressmanrp@gabriel.com

<u>Sarah Howard Jenkins</u>
Sarah Howard Jenkins