IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LITTLE ROCK SCHOOL DISTRICT**                                **PLAINTIFF**

V.                      **NO. 4:82-cv-866-DPM**

**PULASKI COUNTY SPECIAL SCHOOL
DISTRICT, ET AL.**                                               **DEFENDANTS**

**EMILY MCCLENDON, ET AL.**                                    **INTERVENORS**

## PULASKI COUNTY SPECIAL SCHOOL DISTRICT'S RESPONSE TO MOVANT'S MOTION TO INTERVENE

Pulaski County Special School District ("PCSSD" or "District") hereby opposes Movants' Motion To Intervene (the "Motion"), and states as follows:

### I. INTRODUCTION

On May 13, 2020, Dr. Janice Warren ("Dr. Warren" or "Movant") filed a Motion to Intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 5600 and 5601. Her petition is centered on the position that she has an "employee-interest" in the outcome of this litigation and, as a result, is entitled to intervene as a matter of right. Such an "interest," however, has not been recognized by the United States Court of Appeals for the Eighth Circuit, nor by any district court within this jurisdiction. Nonetheless, should this Court hold that such an "interest" does exist, Movant's claim does not satisfy the three-part test required by Rule 24(a)(2), as she has neglected to demonstrate how her "interest" may be impacted by the outcome of this litigation absent a daisy-chain of events occurring, nor has she articulated how her "interest" is not adequately represented by the parties to this action. Further, Movant has failed to establish that she has standing to sue under Article III of the Constitution, which is a prerequisite before the

merits of a case can even be considered. Consequently, Movant's Motion to Intervene should be denied.

II. ARGUMENT

a. Standard for Intervention as a Matter of Right.

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, a party is entitled to intervene as a matter of right upon the filing of a timely motion if: (1) she has an interest relating to the property or transaction that is the subject of the action; (2) the interest may be impaired as a result of the litigation; and (3) the interest is not adequately protected by the existing parties of the litigation. *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997). A proposed intervenor "must establish each and every requirement under Federal Rule of Civil Procedure [24(a)(2)] for intervention as of right, and failure to establish any element requires denial of intervention." *Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v. Contl. Illinois Corp.*, 113 F.R.D. 532, 535 (N.D. Ill. 1986).

i. **Movant's petition does not assert a legally protectable interest.**

"An interest is cognizable under Rule 24(a)(2) only where it is direct, substantial, and legally protectable." *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) (quoting *U.S. v. Union Elec. Co.,* 64 F.3d 1152, 1161 (8th Cir. 1995)). The necessary showing for a movant's interest is a "sufficient stake" in the litigation, and a peripheral interest alone does not qualify as a significantly protectable interest. *J & N Logging Co. v. Rockwood Ins. Co.*, 848 F.2d 1438, 1439 (8th Cir. 1988); *Planned Parenthood of Minn., Inc. v. Citizens for Cmty. Action,* 558 F.2d 861, 869 (8th Cir. 1977). Previously, the United States Court of Appeals for the Eighth Circuit has recognized an interest in the safeguarding of both property and home values, and in the maintenance of contractual rights and collective bargaining. *See e.g. Mille Lacs Band of Chippewa Indians v. State of Minn.*, 989 F.2d 994, 998 (8th Cir. 1993) (County had interest in

avoiding loss of value to land that would result from extended Indian rights); *Planned Parenthood of Minn. Inc.*, 558 F.2d at 869 (Property owners in neighborhood near proposed abortion clinic had interest in protecting home values); *Little Rock Sch. Dist. v. Pulaski Cty. Spec. Sch. Dist. No. 1*, 738 F.2d 82, 84 (8th Cir. 1984) (Teachers' associations had interest in continued existence and viability of contractual agreements which they had negotiated). Conversely, it has found that an economic interest in the outcome of litigation alone is not enough to create a legally protectable interest. *Curry v. Regents of the Univ. of Minnesota,* 167 F.3d 420, 422–23 (8th Cir. 1999).

In her petition, Movant's avers that she has an "employee-interest" to "continue her employment, to prevent the blemishing of her employment record and to prevent the creation of findings that may be used as defenses against her in her separate action." *See* Dkt. No 5601 at 5. None of these alleged concerns, however, directly relate to the property or transaction that is the subject of this action – PCSSD's compliance with Plan 2000 and subsequent agreements related to PCSSD's unitary status. Movant's performance is not the subject matter of this litigation – PCSSD's is – and, even if the Court finds this alleged "employee-interest" is legally recognizable, that "interest" is still an indirect and tangential consideration in the aggregate of this action. Movant's continued employment and her employment record is controlled by her contractual relationship with PCSSD and its incorporated policies and procedures, as a matter of law, and not this present lawsuit. Ergo, her claim does not satisfy the first part of the test.

> ii. **The potential impediment of Movant's alleged "interest" is contingent upon a specific and disjointed sequence of events occurring.**

As a practical matter, an applicant must demonstrate that her ability to protect her interest may be impaired or impacted by the disposition of a case in order for Rule 24(a)(2) to be satisfied. *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 60 F.3d 1304, 1307 (8th Cir.

1995). An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, is insufficient. *Std. Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 571 (8th Cir. 1998).

Movant's alleged "employee-interest" is not contingent upon the outcome of this case. This present case is not about the individual employment performance of Movant. Movant contends that, should the parties elect to enter into a consent decree, that decree *might* contain "agreed to findings of fact adverse to innocent administrative personnel," and, "may subject […] parties to this action, those in privity with a party, and reasonably foreseeable nonparties to the doctrine and principles of collateral estoppel." *See* Dkt. 5601 at 6. This contention is both speculative, at best, and is in direct conflict with the basic principles of collateral estoppel.

Under the doctrine of collateral estoppel (or issue preclusion), an issue cannot be relitigated between the same parties in a different lawsuit if there has been an adjudication on the merits in a prior proceeding. *Gall v. S. Branch Nat. Bank of S. Dakota, Sioux Falls S.D.*, 783 F.2d 125, 127 (8th Cir. 1986). As a result, the "doctrines [of res judicata and collateral estoppel] do not apply where issues or causes of action sought to be precluded in subsequent proceeding[s] were allegedly determined in a […] judgment by consent." *Gall*, 783 F.2d at 127. The United States Court of Appeals for the Eighth Circuit affirmed this position in *U.S. v. Brekke*, wherein it held that, "the issue-preclusive effect of a prior civil action […] ordinarily does not arise from a consent judgment; it is appropriate only if it is clearly shown that the parties intended to foreclose a particular issue in future litigation." 97 F.3d 1043, 1049 (8th Cir. 1996). The Court in *Gall* additionally noted that a judgment by consent does not implicate issue preclusion "against one not a party to the agreement, even where that person stands in an employer/employee or

principle/agent relationship with a party to the consent decree." 783 F.2d 125, 128 (8th Cir. 1986) (citing Restatement Second of Judgments § 51(4); and Comment E (1982)).

In applying these principles, Movant's assertion that her ability to protect her interest may be impaired by the disposition of this case is wholly without support. In order for her argument to be relevant, the parties to this case would first need to elect to enter into a consent decree. Should that occur, the decree would need to "clearly show" that the parties intended to foreclose the issue of Movant's employment performance in order for collateral estoppel to apply. Should that attenuated circumstance also occur, issue preclusion would still not apply as it is not implicated "against one not a party to the agreement […] even where that person stands in an employer/employee […] relationship with a party to the consent decree." Thus, Movant's "interest" as a non-party will not be impaired or impeded by the result of this litigation, regardless of her status as an agent or employee and, accordingly, the second part of the test is not met.

### iii. Movant has not articulated how her interests are inadequately represented by the parties to this lawsuit.

The third requirement for intervention is that the interest must not be adequately protected by the existing parties. *U.S. v. Union Elec. Co.*, 64 F.3d 1152, 1168 (8th Cir. 1995) (citing *Mille Lacs Band of Chippewa Indians v. State of Minn.*, 989 F.2d 994, 997 (8th Cir. 1993)). Although the burden to demonstrate inadequate representation is fairly minimal, the proposed intervenor is still required to establish how the existing parties do not adequately protect her interests. *Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409 (8th Cir. 1995) (citing *Mille Lacs Band of Chippewa Indians*, 989 F.2d at 999).

In her petition, Movant asserts that "the existing parties are averse to her interests and those of other administrators." *See* Dkt. No 5601 at 8. She does not at any point articulate exactly *how* her interests are inadequately protected by existing parties. While the threshold for meeting this

burden may be low, Movant has still failed to satisfy the third part of this test as she has completely omitted discussion of any kind as it pertains to the adequacy of representation by the parties to this suit. Regardless, Movant's failure to satisfy parts one and two of the test under Rule 24(a)(2) render this piece moot.

### b. Movant's petition fails to establish Article III standing.

The United States Court of Appeals for the Eighth Circuit has long held that, "a party seeking to intervene must establish Article III standing in addition to the requirements of Rule 24." *U.S. v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009) (citing *Mausolf v. Babbitt,* 85 F.3d 1295, 1300 (8th Cir. 1996)). To establish Article III standing, a party must demonstrate: (1) injury; (2) causation; and (3) redressability. *Metro. St. Louis Sewer Dist.*, 569 F.3d at 833-34. The prospective intervenor must begin by, "clearly alleg[ing] facts showing an injury in fact, which is an injury to a legally protected interest that is concrete, particularized, and either actual or imminent." *Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 975 (8th Cir. 2014) (quoting *Metro. St. Louis Sewer Dist.*, 569 F.3d at 834). "Second, the prospective intervenor's […] alleged injury must be fairly traceable to the defendant's conduct." *Nat'l Parks Conservation Ass'n*, 759 F.3d at 975 (citing *Metro. St. Louis Sewer Dist.*, 569 F.3d at 834). "And, third, the prospective intervenor must establish that a favorable decision will likely redress the injury." *Nat'l Parks Conservation Ass'n*, 759 F.3d at 975-76.

Movant's appeal is completely devoid of any type of analysis considering her Article III standing. At best, she makes the conclusory statement that "[the entry of a consent decree] may fail to protect nonparty-employee interests, such as defending the quality of their [the nonparties'] performance." *See* Dkt. No. 5600 at ¶ 5. At no point does Movant "clearly allege facts showing an injury in fact" to an interest that is concrete, particularized or imminent. In the absence of any

6

kind of analysis pertaining to injury, causation or redressability, Movant has failed to establish Article III standing and her motion should be denied on these grounds alone. *See Brown v. Medtronic, Inc.*, 628 F.3d 451, 455 (8th Cir. 2010) ("Federal courts must address questions of standing before addressing the merits of a case").

### III.   CONCLUSION

Movant's presence in this case would interject peripheral issues and, in effect, expand both the scope and the focus of the July 14, 2020 trial. *See Curry v. Regents of Univ. of Minnesota*, 167 F.3d 420, 423 (8th Cir. 1999). Further, the "common question of law or fact" that she asserts is present in this case, is already a component of her separate employment discrimination action and, thus, need not be addressed by yet another judicial body. To allow her to do so, would be in direct conflict with both the policy goals of judicial economy and the conservation of judicial resources. Though, **"**the decision to grant or deny a motion for permissive intervention is wholly discretionary," Movant has not put forth a colorable argument as to why intervention should be permitted in this case. *S. Dakota ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003).

In sum, Movant has failed to establish Article III standing, or to satisfy the tripartite test triggering intervention as a matter of right under Rule 24(a)(2). Further, her inclusion in this suit would insert additional issues for this Court to consider, even though those issues will be addressed in her separate employment discrimination suit. While Movant may *wish* to become a party to this suit, the United States Court of Appeals for the Eighth Circuit surmised in *Mausolf v. Babbitt*, "The fact remains that a federal case is a limited affair, and not everyone with an opinion is invited to attend." 85 F.3d 1295, 1301 (8th Cir. 1996). Accordingly, Movant's Motion for Intervention should be denied.

Respectfully submitted,

**Cody Kees**, Ark. Bar No. 2012118
Jay Bequette, Ark. Bar No. 87012
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Telephone: (501) 374-1107
Fax: (501) 374-5092
E-mail: ckees@bbpalaw.com

AND

M. Samuel Jones III (76060)
Amanda G. Orcutt (2019102)
Devin R. Bates (2016184)
MITCHELL, WILLIAMS, SELIG,
  GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Telephone:  (501) 688-8800
Facsimile:   (501) 688-8807
E-mail:  aorcutt@mwlaw.com
         dbates@mwlaw.com
         sjones@mwlaw.com

***Attorneys for Pulaski County Special School District***