IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **LITTLE ROCK SCHOOL DISTRICT** | **PLAINTIFF** |
| V. NO. 4:82-cv-866-DPM | |
| **PULASKI COUNTY SPECIAL SCHOOL DISTRICT, ET AL.** | **DEFENDANTS** |
| **EMILY MCCLENDON, ET AL.** | **INTERVENORS** |

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT'S
BRIEF IN SUPPORT OF ITS MOTION *IN LIMINE*
REGARDING RIZELLE AARON'S TESTIMONY**

Pulaski County Special School District ("PCSSD") hereby submits this brief in support of its Motion *in Limine* Regarding Rizelle Aaron's Testimony (the "Motion") and states as follows:

The Intervenors may call Rizelle Aaron to testify regarding PCSSD's compliance with Plan 2000 in the remaining areas. PCSSD respectfully requests an order precluding Mr. Aaron from testifying. Mr. Aaron's most recent deposition confirms that he has no relevant evidence concerning PCSSD's current efforts toward unitary status. Any testimony Mr. Aaron could offer is either hearsay or unfairly prejudicial.

Mr. Aaron testified at the 2010 trial primarily concerning facilities, discipline, and student achievement issues in Jacksonville Middle School, where his son attended at the time. Dkt. No. 4437 at 45-51. Mr. Aaron had four children who attended Jacksonville schools. *Id.* at 44. Mr. Aaron also served on a monitoring committee for facilities issues at Jacksonville High School during that time. *Id.* at 45. During his 2010 testimony, Mr. Aaron stated that he received complaints about school issues from the community in his role as Chairman of the Legal Redress Committee for the Jacksonville area chapter of the NAACP. *Id.* at 44, 50-51. The only specific

1

examples Mr. Aaron was able to provide related to the separation by sex of the middle schools in Jacksonville at the time. *Id.* at 50-51.

Prior to the Jacksonville detachment, Mr. Aaron served as a monitor for PCSSD until approximately January 2014 when, according to Mr. Aaron, he stopped serving as monitor because PCSSD was deemed substantially compliant with much of Plan 2000. Aaron Dep. at 17:1-20:8; 66:1-10, attached to the Motion at **Exhibit A**.[1] In 2016, Jacksonville detached from PCSSD and formed its own district.

Mr. Aaron, a North Little Rock resident, has had only limited direct contact with PCSSD since the Jacksonville detachment. During the 2017-2018 school year, Mr. Aaron had power of attorney for "a few months" over his nephew who attend Mills High School. *Id.* at 69:13-21. In September 2019, Mr. Aaron and his wife took legal guardianship over two small children who attend Daisy Bates Elementary School. *Id.* at 9:9-21. Mr. Aaron testified that he was zoned for Harris Elementary but applied for a permit to allow the children to attend Daisy Bates Elementary because friends had told him that Harris Elementary had "bad" facilities and a lack of discipline. *Id.* at 81:5-83:1. However, when questioned, Mr. Aaron admitted that he did not meet with any administrators, tour the school, review any official documents, or visit the school at all beyond looking around outside and briefly stepping into a hallway. *Id.* at 83:2-21. Mr. Aaron also complained about a "miscommunication" related to mental health services for one of the children in his care that resulted in, at most, a brief delay of obtaining services, which the child now receives. *Id.* at 75:19-81:4.

The majority of Mr. Aaron's contact with PCSSD appears to be through fielding phone calls from community members and employees who allegedly make complaints to him. Mr. Aaron

---

[1] The deposition transcript has been redacted to exclude the names of minors.

testified that, because of his work with the North Little Rock NAACP[2] and his "outspoken" nature in the community, parents and employees of PCSSD make complaints to him, primarily about discipline matters. *Id.* at 83:22-85:8; 88:2-13. According to Mr. Aaron, when school is in session, he may field five to ten calls per week from employees at various districts. *Id.* at 90:13-25. While some of these employees contact him anonymously, Mr. Aaron refused to provide any specific names or examples of complaints beyond one retired PCSSD employee. *Id.* at 88:2-89:22. Mr. Aaron also admitted that he made contemporaneous notes of these calls and that these notes could likely be located. *Id.* at 91:12-19 ("Q. Do you make records of these calls? A. I have probably made notes in the past, if I thought it was important, yeah. Q. Did you bring those notes with you today? A. No, no. I would have to dig them out. I have probably got about 15 or 20 tablets in my office at home, and all of them have got something scribbled on them."). Despite receiving a subpoena requesting communications with PCSSD employees and all notes relevant to this litigation, Mr. Aaron failed to produce any record of these at his deposition. *See* Subpoena to Rizelle Aaron, attached to the Motion at **Exhibit B**. Undersigned counsel requested these documents on five separate occasions from counsel for Mr. Aaron, but, on Friday afternoon, May 29, 2020, the last business day before the Court's pretrial deadline, counsel for Mr. Aaron stated Mr. Aaron may have had photographs that were responsive to the subpoena, but that he did not have any other responsive documents. *See* Emails between Austin Porter and Amanda Orcutt, attached to the Motion at **Exhibit C**.

Mr. Aaron should be precluded from testifying at trial because any testimony he may offer is either unfairly prejudicial or inadmissible hearsay. Under Federal Rule of Evidence 403, the

---

[2] Mr. Aaron now chairs the Legal Redress Committee for the North Little Rock chapter of the NAACP. Aaron Dep. at 62:2-18.

Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R. Evid. 403. Further, out-of-court statements offered to prove the truth of the matter asserted constitute hearsay. Fed. R. Evid. 801. Unless covered by an exception to the hearsay rule, such statements are inadmissible. Fed. R. Evid. 802, 803.

As an initial matter, Mr. Aaron is not a competent witness to testify about facilities at Harris Elementary because he has never visited the facilities at Harris Elementary, met with any administrators, reviewed any documents or reports relevant to the school, or had guardianship over any children who attended the school. Even if he were a competent witness, PCSSD has made a separate argument regarding the admissibility of any evidence of Harris Elementary facilities.[3] Further, there is little probative value to any testimony regarding anecdotal experiences Mr. Aaron has had with PCSSD and the two children who have been under his care for less than a year. Such testimony would be unfairly prejudicial and should be excluded. *See* Fed. R. Evid. 403.

Mr. Aaron should also be precluded from testifying about the statements of anonymous or unidentified PCSSD parents, patrons, or employees. Such statements fall squarely within the definition of hearsay: they are out-of-court statements offered to prove the truth of the matters asserted in those statements, namely, that PCSSD is allegedly out of compliance with Plan 2000. *See* Fed. R. Evid. 802. No hearsay exception applies. *See* Fed. R. Evid. 803. Further, allowing Mr. Aaron to testify about anonymous phone calls and employees he is unable or refused to identify would result in unfair prejudice to PCSSD. PCSSD has been unable to prepare for any such testimony. Mr. Aaron first identified records of phone calls with employees as

---

[3] As more fully set forth in another Motion in Limine filed by PCSSD, evidence regarding Harris Elementary should be excluded from the facilities portion of the case altogether.

contemporaneously memorialized in "15 or 20 tablets" then later claimed no records exist. There is no probative value to such flagrant hearsay that is not even supported by any written record.

Mr. Aaron's role in this case ceased to exist in early 2014 when he was discontinued as monitor by the Intervenors. Mr. Aaron's deposition confirmed that he is in possession of no evidence relevant to issues that remain in this case. Since 2014, any community contact he has had with PCSSD, its parents, patrons, or employees is not relevant or admissible evidence.

In conclusion, Pulaski County Special School District respectfully requests that this Court grant its Motion *in Limine* Regarding Rizelle Aaron's Testimony and issue an order precluding Mr. Aaron from testifying at trial.

                Respectfully submitted,

                */s/ Amanda G. Orcutt*
                M. Samuel Jones III (76060)
                Amanda G. Orcutt (2019102)
                Devin R. Bates (2016184)
                MITCHELL, WILLIAMS, SELIG,
                  GATES & WOODYARD, P.L.L.C.
                425 West Capitol Avenue, Suite 1800
                Little Rock, Arkansas 72201
                Telephone:  (501) 688-8800
                Facsimile:  (501) 688-8807
                E-mail:  aorcutt@mwlaw.com
                          dbates@mwlaw.com
                          sjones@mwlaw.com

                *Attorneys for Pulaski County Special School District*

Dated: June 1, 2020