**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | |
|---|---|
| **LITTLE ROCK SCHOOL DISTRICT** | **PLAINTIFF** |
| V.        NO. 4:82-cv-866-DPM | |
| **PULASKI COUNTY SPECIAL SCHOOL DISTRICT, ET AL.** | **DEFENDANTS** |
| **EMILY MCCLENDON, ET AL.** | **INTERVENORS** |

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT'S
MOTION *IN LIMINE* REGARDING JOY SPRINGER'S TESTIMONY**

Pulaski County Special School District ("PCSSD") hereby submits this Motion *in Limine* Regarding Joy Springer's Testimony (the "Motion") and states as follows:

1. The Intervenors may call Joy Springer to testify regarding PCSSD's compliance with Plan 2000 in the remaining areas and whether PCSSD should be declared unitary.

2. Ms. Springer is not an expert witness, rather, she is a fact witness who may testify only about her personal knowledge. PCSSD respectfully requests an order precluding Ms. Springer from offering any expert testimony or any testimony based on specialized knowledge.

3. In order to testify as an expert under Federal Rule of Evidence 702, a witness must be qualified as an expert by knowledge, skill, experience, training, or education. A witness qualified as such may only testify as an expert if (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. *See* Fed. R. Evid. 702.

4. Intervenors have not identified Ms. Springer or any other individuals as expert witnesses, and the deadline to do so has long passed. The evidentiary requirements for expert witnesses set forth in Federal Rule of Evidence 702 have not been met with respect to Ms. Springer.

5. Ms. Springer cannot offer expert opinions or any opinions based on specialized knowledge. She must only testify as a fact witness to matters about which she has personal knowledge. *See* Fed. R. Evid. 602.

6. A witness who is not testifying as an expert is limited to providing opinion testimony that is: (1) rationally based on the witness's perception; (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *See* Fed. R. Evid. 701.

7. In her most recent deposition on May 15, 2020, Ms. Springer discussed her extensive training and education in areas relevant to this case and appeared to apply that training to her interpretation of whether PCSSD was compliant with certain aspects of Plan 2000.

8. Because Ms. Springer is a fact witness, she must be precluded from offering any opinions based on her specialized knowledge, even if those opinions are also based on her personal knowledge.

9. Additionally, PCSSD attaches hereto the following exhibits which support the relief requested, as referenced in the supporting brief filed herewith:

a. **Exhibit A**: Relevant pages of Deposition of Joy Springer, May 15, 2020;

WHEREFORE, Pulaski County Special School District respectfully requests that this Court grant this Motion *in Limine* Regarding Joy Springer's Testimony and issue an order

precluding Ms. Springer from offering any expert testimony or any testimony based on specialized knowledge.

          Respectfully submitted,

          */s/ Amanda G. Orcutt*
          M. Samuel Jones III (76060)
          Amanda G. Orcutt (2019102)
          Devin R. Bates (2016184)
          MITCHELL, WILLIAMS, SELIG,
            GATES & WOODYARD, P.L.L.C.
          425 West Capitol Avenue, Suite 1800
          Little Rock, Arkansas 72201
          Telephone:  (501) 688-8800
          Facsimile:   (501) 688-8807
          E-mail:  aorcutt@mwlaw.com
                 dbates@mwlaw.com
                 sjones@mwlaw.com

          *Attorneys for Pulaski County Special School District*

Dated:  June 1, 2020