IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **LITTLE ROCK SCHOOL DISTRICT** | | **PLAINTIFF** |
| V. | **NO. 4:82-cv-866-DPM** | |
| **PULASKI COUNTY SPECIAL SCHOOL DISTRICT, ET AL.** | | **DEFENDANTS** |
| **EMILY MCCLENDON, ET AL.** | | **INTERVENORS** |

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT'S
BRIEF IN SUPPORT OF ITS MOTION *IN LIMINE*
REGARDING JOY SPRINGER'S TESTIMONY**

Pulaski County Special School District ("PCSSD") hereby submits this brief in support of its Motion *in Limine* Regarding Joy Springer's Testimony (the "Motion") and states as follows:

**I.      Background Information**

The Intervenors may call State Representative Joy Springer to testify regarding PCSSD's compliance with Plan 2000 in the remaining areas and whether PCSSD should be declared unitary. Rep. Springer's extensive involvement in this case as a monitor and paralegal muddy the waters of her lay witness testimony. Rep. Springer is not an expert witness, rather, she is a fact witness who may testify only about her personal knowledge.

Rep. Springer has served as a monitor in this matter for Intervenors since at least 1992. *See* Deposition of Joy Springer at 46:8-47:6, relevant portions attached to the Motion at **Exhibit A**. Since that time, she has also served as a paralegal and "gopher," as she described, for John Walker's law firm. *See id.* Rep. Springer also holds a masters degree in education administration. *See id.* at 35:21-25. She is also an elected official. *See id.* at 48:5-9.

1

PCSSD respectfully requests an order precluding Rep. Springer from offering any expert testimony or any testimony based on specialized knowledge.

**II.     Applicable Law**

In order to testify as an expert under Federal Rule of Evidence 702, a witness must be qualified as an expert by knowledge, skill, experience, training, or education.  A witness qualified as such may only testify as an expert if (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case.  *See* Fed. R. Evid. 702.

A witness who is not testifying as an expert is limited to providing option testimony that is that is based on personal knowledge.  *See* Fed. R. Evid. 602.  This testimony must be: (1) rationally based on the witness's perception; (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (3) *not based on scientific, technical, or other specialized knowledge within the scope of Rule 702*.  *See* Fed. R. Evid. 701 (emphasis added).

The evidentiary requirements for expert witnesses set forth in Federal Rule of Evidence 702 may not be "evaded through the simple expedient of proffering an expert in lay witness clothing."  *Wheeler v. Carlton*, No. 3:06-CV-00068-GTE, 2007 WL 9735706, at *3 (E. D. Ark. Jan. 12, 2007) (citing Fed. R. Evid. 701 Adv. Comm. Notes to 2000 Amendments).  "Unlike an expert witness, who may give his or her opinion about a matter within the witness' expertise . . . a lay witness may testify only about matters within his or her personal knowledge."  *Kemp v. Balboa*, 23 F.3d 211, 213 (8th Cir. 1994) (citing F. R. Evid. 703, 602).  A lay witness "who is not qualified as an expert may not give opinions that are based on his or her specialized knowledge, even if

those opinions were also based on his or her personal knowledge." *Armenian Assembly of Am., Inc. v. Cafesjian*, 746 F. Supp. 2d 55, 65 (D.D.C. 2010).

### III. Application

Given Rep. Springer's entanglement in this case, extensive training, higher education, and service as an elected official, the risks of Rep. Springer conflating her fact testimony with her training and public service obligations are high. As an initial matter, Intervenors have not identified Rep. Springer or any other individuals as expert witnesses, and the deadline to do so has long passed. The evidentiary requirements for expert witnesses set forth in Federal Rule of Evidence 702 have not been met with respect to Rep. Springer. Thus, Rep. Springer cannot offer expert opinions or any opinions based on specialized knowledge. She must only testify as a fact witness to matters about which she has personal knowledge. *See* Fed. R. Evid. 602.

In her most recent deposition on May 15, 2020, Rep. Springer touted her extensive training and education in areas relevant to this case and appeared to use this training to determine whether she believed PCSSD to be compliant with certain aspects of Plan 2000. Rep. Springer testified that, though she had never been employed as a teacher, she had been a student teacher while receiving her masters degree in education. *See id.* at 35:1-36:13. She stated that she attended trainings with teachers in the Little Rock School District ("LRSD") that were designed to address student achievement. *Id.* at 37:3-10. She described her training as designed to make evaluations as to whether certain programs were effective at addressing student achievement in LRSD, likening the obligations placed upon LRSD as similar to those placed upon PCSSD. *Id.* at 37:11-18. Rep. Springer testified that she was trained to make determinations as to whether certain programs were effective using "qualitative and quantitative data." *Id.* at 37:19-22; 44:2-12. When discussing discipline within PCSSD, Rep. Springer claimed that PCSSD has not shown data to

prove that intervention measures related to discipline are working. *Id.* at 140:23-141-25. In making this allegation, Rep. Springer seemed to suggest that it was her job to review the data and make a determination as to whether or not certain measures were effective. *Id.* ("Well, I specifically asked for, where is the data to show what you've done and that it's working? So you say you've implemented certain things, and you've done certain things, well, where, where, where is the evidence of that? The district has to show that. They have to show their evidence of what they're doing. And so that's what I'm saying to you. I have not seen, I have not seen any evidence to show what they are actually doing and then the results.").

Because Rep. Springer is a fact witness, she must be precluded from offering any opinions based on her specialized knowledge, even if those opinions are also based on her personal knowledge. A lay witness may not testify about how she believes data evidences compliance or non-compliance with Plan 2000. Further, certain aspects of this case may only be proven by the testimony of an expert. A prior opinion by Judge Billy Roy Wilson in this case also observed that "the gap in minority student achievement must be causally linked by *expert testimony* and other evidence which is sufficiently specific to allow the trial court to identify 'the incremental effect that segregation has had on minority student achievement.'" (Doc. 3675, p. 81) (emphasis added). Rep. Springer is not an expert. At trial, Rep. Springer must only testify about her personal knowledge and may not rely on her training, education, or other specialized knowledge while on the stand.

**IV. Conclusion**

In conclusion, Pulaski County Special School District respectfully requests that this Court grant its Motion *in Limine* Regarding Joy Springer's Testimony and issue an order precluding Rep. Springer from offering any expert testimony or any testimony based on specialized knowledge.

                                      Respectfully submitted,

                                      */s/ Amanda G. Orcutt*
M. Samuel Jones III (76060)
Amanda G. Orcutt (2019102)
Devin R. Bates (2016184)
MITCHELL, WILLIAMS, SELIG,
  GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Telephone:  (501) 688-8800
Facsimile:   (501) 688-8807
E-mail:  aorcutt@mwlaw.com
         dbates@mwlaw.com
         sjones@mwlaw.com

*Attorneys for Pulaski County Special School District*

Dated:  June 1, 2020