**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**LITTLE ROCK SCHOOL DISTRICT**                                                  **PLAINTIFF**

**V.**                      **NO. 4:82-cv-866-DPM**

**PULASKI COUNTY SPECIAL SCHOOL
DISTRICT NO. 1, ET AL.**                                                   **DEFENDANTS**

**EMILY McCLENDON, ET AL.**                                            **INTERVENORS**

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT'S
MOTION *IN LIMINE* TO LIMIT ARGUMENT AND EVIDENCE ABOUT FACILITIES**

Pulaski County Special School District (PCSSD) for its Motion *in Limine* to Limit Argument and Evidence about Facilities, states:

1. In holding a trial to determine if PCSSD is unitary in the area of facilities, Section H of Plan 2000, the inquiry to be conducted is a narrow question at this juncture.

2. On December 15, 2014, PCSSD and Intervenors filed their Joint Motion to Amend Section H of Plan 2000. (Doc. 5084). Therein the parties represented to the Court:

> PCSSD'S quest for ***full unitary status*** through cooperation with Joshua demands an alternative commitment, a Plan B as it were, to remediate that need in the event of a negative vote on the aforesaid millage increase. Therefore, PCSSD commits to the *circa* $50,000,000.00 new Mills High School, and the *circa* $5,000,000.00 conversion of existing Mills to a middle school, regardless of the success of the millage election. It is the intention of this Plan B commitment to bind PCSSD irrevocably, regardless of its future governance and administration, to the construction of a replacement facility for Mills, to begin promptly after any millage election.

(Doc. 5084, p. 3) (emphasis added).

3. Specifically on the subject of good faith regarding facilities, Intervenors made stipulations that control the issue:

> The provisions of this motion are intended to demonstrate PCSSD's good faith in addressing and remediating the unconstitutional disparities that exist as to its facilities. Joshua accepts and agrees that the PCSSD general plan commitments, and particularly its specific irrevocable obligations pertaining to new and improved high school and middle school facilities in the predominantly black southeast quadrant of PCSSD, are, indeed, substantial evidence of PCSSD's good faith in removing its constitutional deficiencies regarding facilities.

(Doc. 5084, pp. 1-2). The above quoted language effectively makes "good faith" a defined term under the binding contract.

4. The Court granted the Joint Motion. (Doc. 5091). (*See also* Expert Margie Powell's analysis on the Joint Motion, Doc. 5087).

5. As such, the narrow inquiry undertaken by the Court is fixed by the Joint Motion, which is: (1) whether PCSSD constructed a new Mills High School for $50,000,000.00 and (2) whether PCSSD converted the Mills Middle School project for $5,000,000.00.

6. Intervenors conducted broad, unrestricted discovery that was at best a fishing expedition, and moreover showed a complete disregard for the watershed moment in this case presented by the parties' joint motion to amend Plan 2000 heretofore summarized. The discovery goes way beyond the scope of the remaining issues to be tried.

7. Federal Rule of Evidence 401 defines evidence as relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.

8. Under Federal Rule of Evidence 402, relevant evidence is generally admissible, but "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

9. Under Rule 401, the only "facts of consequence in determining the action" are those that speak to (1) whether PCSSD constructed a new Mills High School for $50,000,000.00 and (2) whether PCSSD converted the Mills Middle School project for $5,000,000.00.

10. All other issues go beyond the scope of the Joint Motion as reviewed and accepted by the Court, and as such are inadmissible under Rule 402.

11. Allowing Intervenors to open the door on irrelevant facilities issues will unnecessarily expand the scope of this trial and frustrate judicial efficiency.

12. Allowing Intervenors to present argument and evidence about legally irrelevant issues would be tantamount to a post hoc revision of the contractual terms in the Joint Motion in conflict with rules of contract construction.

13. Intervenors' conspiracy theories demonstrate the propriety of an Order *in Limine* confining argument and evidence to the legally relevant and controlling issues.

14. PCSSD has filed contemporaneously herewith a brief in support of this motion, which is incorporated herein by reference.

Respectfully submitted,

Devin R. Bates (2016184)
M. Samuel Jones III (76060)
Amanda G. Orcutt (2019102)
MITCHELL, WILLIAMS, SELIG,
  GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Telephone:  (501) 688-8800
Facsimile:   (501) 688-8807
sjones@mwlaw.com
dbates@mwlaw.com
aorcutt@mwlaw.com

*and*

Jay Bequette (87012)
Cody Kees (2012118)
BEQUETTE BILLINGSLEY & KEES, P.A.
425 West Capitol Ave., Suite 3200
Little Rock, Arkansas 72201
Telephone:  (501) 374-1107
Facsimile:  (501) 374-5092
jbequette@bbpalaw.com
ckees@bbpalaw.com

*Attorneys for Pulaski County Special School District*