**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

LITTLE ROCK SCHOOL DISTRICT, et al.     Plaintiffs

v.     Case No:     4:82-cv-00866-DPM

PULASKI COUNTY SPECIAL SCHOOL DISTRICT, et al.     Defendants

EMILY McCLENDON, TAMARA EACKLES, VALERIE
STALLINGS, TIFFANY ELLIS, and LINDA MORGAN     Intervenors

<u>REPLY TO RESPONSES TO DR. JANICE HARGROVE WARREN'S
MOTION TO INTERVENE</u>

COMES now, Movant Janice Hargrove warren, through her legal counsel, Sarah Howard Jenkins, PLLC, and in Reply to the parties' Responses to her motion to intervene says:

1. Justiciability doctrines are jurisdictional and cannot be waived;

2. Because one or both of the parties have standing, Dr. Warren's standing is irrelevant;

3. Alternatively, Dr. Warren has Article III standing in her own right;

4. Dr. Warren's motion to intervene was timely;

5. Mere allegation of prejudice by one or both parties without specificity does not demonstrate that Dr. Warren's intervention will prejudice the parties;

6. Dr. Warren has a legally protectable employee-interest in the transaction that is the subject of this action;

7.  Disposing of this action (Action #1) may, impair or impede Dr. Warren's employee-interest in this action;

8.  Given the effect of the principles of collateral estoppel, disposing of this action (Action #1) may impair or impede her ability to protect her rights in her employment discrimination suit (Action #2) against PCSSD;

9.  PCSSD's inaction and nondisclosure regarding the inequitable construction of Mills High School creates a risk of reputational injury to Dr. Warren;

10. PCSSD's failure to construct Mills High School and Robinson Middle School in an equitable fashion has been established before this Court. (Court Expert's Report, doc. 5343.) Given the patent discriminatory results in the construction of Mills High School and Robinson Middle Schools facilities, counsel for PCSSD in advocating for PCSSD may enter into settlements and consent decrees rather than litigate the quality of PCSSD's performance. While conserving PCSSD's resources, this approach may fail to protect Dr. Warren and other nonparty-employee interests, such as defending the quality of their performance as it relates to this Action (Action #1);

11. Counsel for PCSSD have no duty to defend Dr. Warren or the actions of those cabinet members and administrative personnel who are not parties to this action. Any allegation or suggested nonperformance asserted against cabinet members and administrative employees -- who did not engage in discriminatory conduct, who had no knowledge of the misappropriation or misapplication of State funds in the construction -- that go unanswered becomes a weapon not only against Dr. Warren in her employment discrimination action (Action #2) but also a weapon against her employment rights and those of other innocent cabinet members and administrators;

12. Dr. Warren's interests in both Actions will be impaired if Dr. Warren is not permitted to intervene for the limited purpose of establishing and protecting her good faith performance and that of other innocent, non-discriminating cabinet members and administrators, who performed in good faith, consistent with their duties under Plan 2000. See Fed. R. Civ. P. 24(a)(2).

13. Alternatively, Dr. Warren should be granted leave to intervene because she has a claim and potential defenses in Action #2 that share common questions of law or fact with Action #1, specifically, that she performed her responsibilities as Assistant Superintendent of Equity and Pupil Services consistent with Plan 2000.

14. Such limited intervention will neither prolong nor delay this action but will facilitate the goals of judicial efficiency and the conservation of judicial resources.

For the reasons discussed herein and in the accompanying Memorandum, Dr. Warren respectfully requests that this Court grant her Motion to Intervene in this matter.

Respectfully submitted this 2nd day of June 2020,

SARAH HOWARD JENKINS, PLLC
<u>Sarah Howard Jenkins</u>
Arkansas Bar #97046
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
sarah@shjenkinslaw.com (email)
Attorney for Movant/Intervenor

## **CERTIFICATE OF SERVICE**

I, Sarah Howard Jenkins, hereby certify that on this 2nd day of June, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends notification of such filing to any CM/ECF participants including:

Amanda G. Orcutt
Devin R. Bates
MITCHELL, WILLIAMS, SELIG
425 West Capitol Avenue, Suite 1900
Little Rock, Arkansas 72201

Jay Bequette
Cody Kees
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com
ATTORNEYS FOR PCSSD

Austin Porter Jr., No. 86145
PORTER LAW FIRM
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

Shawn G. Childs
Lawrence A. Walker
JOHN W. WALKER, P.A.
1723 S. Broadway
Little Rock, Arkansas 72206
501-374-3758
Fax: 501-374-4187
Email: tonywalkeratty@gmail.com
ATTORNEYS FOR INTERVENORS

Scott Richardson
McDaniel Richardson & Calhoun
1020 W. Fourth Street Suite 410
Little Rock, Arkansas 72201
ATTORNEYS FOR JACKSONVILLE/
NORTH PULASKI SCHOOL DISTRICT

Robert Pressman
Attorney at Law
22 Locust Avenue
Lexington, Massachusetts
Email:pressmanrp@gabriel.com

Sarah Howard Jenkins
Sarah Howard Jenkins