**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**Little Rock School District**                                                          **Plaintiff**

**v.**                                   **Case No. 4:82-cv-00866-DPM**

**Pulaski County Special School District, et al.**                          **Defendants**

**Emily McClendon, et al.**                                                          **Intervenors**

**The Intervenors' Response to the Pulaski County Special School District's**
**Motion in Limine Regarding Joy Springer's Testimony**

Come the Intervenors by and through their attorneys **Austin Porter Jr., d/b/a**

**PORTER LAW FIRM**, **Robert Pressman, Attorney at Law**, and **John W. Walker**, P.A.,

and for their response to the defendant's motion *in limine*, they state the

following:

1. The Intervenors admit the allegation in Paragraph 1 of the Pulaski County

   Special School District's ("PCSSD") motion in limine that "…[they]…may call

   Joy Springer to testify regarding PCSSD's compliance with Plan 2000 in the

   remaining areas and whether PCSSD should be declared unitary."

2. The Intervenors deny the allegation in Paragraph 2 of PCSSD's motion in

   limine that "Ms. Springer is not an expert witness, rather, she is a fact

   witness who may testify only about her personal knowledge."

   The statement in Paragraph 2 of PCSSD's motion in limine that "[it]

   respectfully requests an order precluding Ms. Springer from offering any

   expert testimony or any testimony based on specialized knowledge" does

not require an admission or a denial by the Intervenors. The Intervenors do, however, object to PCSSD's request.

3.  The Intervenors admit the statements in Paragraph 3 of PCSSD's motion in limine that "In order to testify as an expert under Federal Rule of Evidence 702, a witness must be qualified as an expert by knowledge, skill, experience, training, or education. A witness qualified as such may only testify as an expert if (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case."

4.  The Intervenors admit the allegation in Paragraph 3 of PCSSD's motion in limine that "[they] have not identified Ms. Springer or any other individuals as expert witnesses, and the deadline to do so has long passed."

    The Intervenors deny the allegation in Paragraph 3 of PCSSD's motion in limine that "[t]he evidentiary requirements for expert witnesses set forth in Federal Rule of Evidence 702 have not been met with respect to Ms. Springer."

5.  The Intervenors deny the allegation in Paragraph 4 of PCSSD's motion in limine that "Ms. Springer cannot offer expert opinions or any opinions based on specialized knowledge."

The Intervenors deny the allegation in Paragraph 4 of PCSSD's motion in limine that "[s]he must only testify as a fact witness to matters about which she has personal knowledge."

6.  The Intervenors admit the statements in Paragraph 6 of PCSSD's motion in limine that "A witness who is not testifying as an expert is limited to providing opinion testimony that is: (1) rationally based on the witness's perception; (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

7.  The Intervenors admit the allegation in Paragraph 7 of PCSSD's motion in limine that "[i]n her most recent deposition on May 15, 2020, Ms. Springer discussed her extensive training and education in areas relevant to this case and appeared to apply that training to her interpretation of whether PCSSD was compliant with certain aspects of Plan 2000."

8.  The Intervenors deny the allegation in Paragraph 8 of PCSSD's motion in limine that "[b]ecause Ms. Springer is a fact witness, she must be precluded from offering any opinions based on her specialized knowledge, even if those opinions are also based on her personal knowledge."

9.  The Statement in Paragraph 9 of PCSSD's motion in limine that "… PCSSD attaches hereto the following exhibits which (sic) support the relief requested, as referenced in the supporting brief filed herewith: a. Exhibit A: Relevant pages of Deposition of Joy Springer, May 15, 2020" does not

require an admission or a denial by the Intervenors. The Intervenors do,

however, deny that Exhibit A to the PCSSD's motion in limine supports the

proposition that Joy Springer is precluded or should be precluded from

testifying as an expert.

10. The Court should deny PCSSD's motion in limine because Joy Springer is

well qualified to testify as an expert in this case. This response is

accompanied by a supporting memorandum brief.

THEREFORE, the intervenors request that the court deny the defendants'

motion *in limine*, and for all other just and proper relief.

Respectfully submitted,

Austin Porter, Jr.
Ark. Sup. Ct. Reg. No. 86145
Attorney for the Intervenors
Porter Law Firm
323 Center Street, Suite 1035
Little Rock, Arkansas 72201-2641
Telephone 501.244.8200
Facsimile 501.372.5567
E-mail: aporte5640@aol.com

Robert Peter Pressman
Mass. Bar No. 405900
Attorney for the Intervenors
Attorney at Law
22 Locust Avenue
Lexington, Massachusetts 02421-5817
Telephone 781.862.1955
E-mail: pressmanrp@gmail.com

CERTIFICATE OF SERVICE

I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern District of Arkansas, on this 15th day of June 2020, by using the CM/ECF system, which is designed to send notification of such filing to the following persons:

M. Samuel Jones III.                          Scott P. Richardson
Devin R. Bates                                McDaniel, Richardson & Calhoun
MITCHELL, WILLIAMS, SELIG,                    1020 West 4th Street, Suite 410
GATES & WOODYARD, PLLC                        Little Rock, Arkansas 72201
425 West Capitol Avenue, Ste. 1800
Little Rock, Arkansas 72201                   scott@mwbfirm.com


sjones@mwlaw.com
dbates@mwlaw.com


Jay Bequette
Cody Kees
BEQUETTE BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, Arkansas 72201

jbequette@bbplaw.com
ckees@bbpalaw.com


                                              Austin Porter Jr.