**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**Little Rock School District**                                                    **Plaintiff**

**v.**                          **Case No. 4:82-cv-00866-DPM**

**Pulaski County Special School District, et al.**                **Defendants**

**Emily McClendon, et al.**                                    **Intervenors**

**Memorandum Brief in Support of the Intervenors' Response to the Pulaski County Special School District's Motion in Limine Regarding Joy Springer's Testimony**

The Pulaski County Special School District ("PCSSD") objects to Joy Springer ("Mrs. Springer") offering expert testimony partly on the ground that the Intervenors have not identified her as an expert in pre-trial disclosures. It is indeed true that the Intervenors did not identify Mrs. Springer as an expert witness in pretrial disclosures, but that is not the real reason PCSSD objects to Mrs. Springer testifying as an expert. PCSSD objects because it thinks Mrs. Springer is not qualified to testify as an expert despite – in PCSSD's own words – "...[her] extensive training, higher education, and service as an elected official."

PCSSD's objection is not well taken. Mrs. Springer should be allowed to offer expert testimony, and the Intervenors will now demonstrate why.

Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony. *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1014 (8th Cir. 2012) (citing Fed. R. Evid. 702). A witness may qualify as an expert by knowledge, skill, experience, training, education, or "demonstrated practical experience."

*David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1014 (8th Cir. 2012) (quoting

*United States v. Roach*, 644 F.3d 763, 764 (8th Cir. 2011) (per curiam)).

      Mrs. Springer has extensive training and education in areas relevant to this

case and used this training to determine if PCSSD has complied with certain

aspects of Plan 2000. (Pulaski Cty. Special Sch. Dist.'s Br. in Supp. of its Mot. in Lim.

Regarding Joy Springer's Test., at 3, ECF No. 5616). She served as a student teacher

while receiving her masters' degree in education, and attended trainings with

teachers in the Little Rock School District  that were designed to address student

achievement. (Pulaski Cty. Special Sch. Dist.'s Br. in Supp. of its Mot. in Lim.

Regarding Joy Springer's Test., at 3, ECF No. 5616). She is trained to evaluate

whether programs are effective at addressing student achievement and is trained

to use qualitative and quantitative data to determine program effectiveness.

(Pulaski Cty. Special Sch. Dist.'s Br. in Supp. of its Mot. in Lim. Regarding Joy

Springer's Test., at 3, ECF No. 5616).

      Mrs. Springer's deposition testimony clearly demonstrates that she has the

requisite knowledge, skill, experience, training, education, and demonstrated

practical experience necessary to provide the kind of expert testimony that this

Court should consider in the upcoming trial. PCSSD may quarrel with the factual

basis of Mrs. Springer's opinions, however, that is not a reason to disallow her

testimony because a challenge to the factual basis of an expert's opinion goes to

the credibility of the testimony, not its admissibility. *David E. Watson, P.C. v. United

States*, 668 F.3d 1008, 1014 (8th Cir. 2012) (quoting *Neb. Plastics, Inc. v. Holland*

*Colors Am., Inc.*, 408 F.3d 410, 416 (8th Cir. 2005)) (emphasis added). If PCSSD is certain that Mrs. Springer lacks a factual basis for her opinions, the appropriate judicial response is to have PCSSD cross examine her rather than excluding the testimony altogether. *David E. Watson, P.C.*, 668 F.3d at 1014 (citing *Neb. Plastics, Inc. v. Holland Colors Am., Inc.*, 408 F.3d at 416).

In determining whether expert testimony should be admitted, this Court must decide if the expert's methodology is reliable and can be reasonably applied to the facts of this case. *David E. Watson, P.C.*, 668 F.3d at 1015 (citing *Eckelkamp v. Beste*, 315 F.3d 863, 868 (8th Cir. 2002)). This is part of the Court's gatekeeping function. *David E. Watson, P.C.*, 668 F.3d at 1015 (citing *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993); *Glastetter v. Novartis Pharm. Corp.*, 252 F.3d 986, 988 (8th Cir. 2001) (per curiam)). *Daubert*, however, is meant to protect *juries* from being swayed by dubious expert testimony, not judges sitting as triers of fact. *David E. Watson, P.C.*, 668 F.3d at 1015 (*citing In re Zurn Pex Plumbing Prods. Liab. Litig. (In re Zurn)*, 644 F.3d 604, 613 (8th Cir. 2011)) (emphasis added in *David E. Watson, P.C.*).

When a district court sits as the finder of fact, "there is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1015 (8th Cir. 2012) (citing *In re Zurn*, 644 F.3d at 613 (quoting *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005))). Thus, the application of *Daubert* is "relaxed" for bench

trials. *David E. Watson, P.C.*, 668 F.3d at 1015 (citing *In re Zurn*, 644 F.3d at 613 (quoting *Brown*, 415 F.3d 1257 at 1269))).

Disagreement with the assumptions and methodology an expert uses does not warrant the exclusion of her expert testimony. *David E. Watson, P.C.*, 668 F.3d at 1015 (citing *Synergetics, Inc. v. Hurst*, 477 F.3d 949, 956 (8th Cir. 2007)). If PCSSD thinks other assumptions should have been indulged or other methods should have been used, the proper response from the Court is to afford PCSSD the opportunity to make this apparent through cross examination, the presentation of its own expert, or both. *David E. Watson, P.C.*, 668 F.3d at 1015 (citing *Hurst*, 477 F.3d at 956).

At bottom, Mrs. Springer is well qualified to offer useful expert testimony to the Court. If PCSSD thinks otherwise, it will have a full and fair opportunity to cross examine her. The same goes for her methodology. Rather than exclude the testimony altogether, the Court should hear it, allow cross examination, and decide for itself how probative or useful it is. What the Court should not do, however, is bar the testimony altogether because this Court is more than capable of deciding what to do with the testimony it hears, and it will not be swayed by extraneous matters having nothing to do with the issues it has to decide. For all of the foregoing reasons, the PCSSD's motion should be denied.

Respectfully submitted,

Austin Porter, Jr.
Ark. Sup. Ct. Reg. No. 86145
Attorney for the Intervenors

4

Porter Law Firm
323 Center Street, Suite 1035
Little Rock, Arkansas 72201-2641
Telephone 501.244.8200
Facsimile 501.372.5567
E-mail: aporte5640@aol.com

Robert Peter Pressman
Mass. Bar No. 405900
Attorney for the Intervenors
Attorney at Law
22 Locust Avenue
Lexington, Massachusetts 02421-5817
Telephone 781.862.1955
E-mail: pressmanrp@gmail.com


<u>CERTIFICATE OF SERVICE</u>

I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern District of Arkansas, on this 15th day of June 2020, by using the CM/ECF system, which is designed to send notification of such filing to the following persons:

M. Samuel Jones III.
Devin R. Bates
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, PLLC
425 West Capitol Avenue, Ste. 1800
Little Rock, Arkansas 72201

sjones@mwlaw.com
dbates@mwlaw.com

Jay Bequette
Cody Kees
BEQUETTE BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200

Scott P. Richardson
McDaniel, Richardson & Calhoun
1020 West 4th Street, Suite 410
Little Rock, Arkansas 72201

scott@mwbfirm.com

Little Rock, Arkansas 72201

jbequette@bbplaw.com
ckees@bbpalaw.com

                                                    Austin Porter Jr.