IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LITTLE ROCK SCHOOL DISTRICT                    PLAINTIFF

v.                    Case No. 4:82-cv-00866-DPM

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT, ET AL                         DEFENDANTS

EMILY MCCLENDON, ET AL.                        INTERVENORS

Intervenors' Response to PCSSD's Motion in Limine Regarding Facilities

The Motion is wholly without merit as shown by the following content and the accompanying brief, which is incorporated in this response by reference.

[1.] Denied. This assertion is erroneous. Intervenors remain free to raise any all facility issues within the purview of Plan 2000 Part H., as construed by this Court, including during the hearing on September 24, 2018.

[2.] The first sentence of this paragraph, describing the joint motion in text with the first letters capitalized, is erroneous. The motion is in fact styled: "MOTION TO SUPPLEMENT PLAN 2000 AS IT PERTAINS TO FACILITIES." [5084] The quoted text, without the added emphasis, is a part of the joint motion. This text considered alone, or together with the second

1

excerpt in paragraph 3, provides an insufficient predicate for construing correctly the impact of the approval of the joint motion. This is shown by the overall content of the accompanying brief.

[3.] The premise seemingly expressed in this paragraph is in error. The Court has, as shown in Intervenors' brief, construed on several occasions the Part H. "equal" requirement. For "good faith" to play a role in resolving this Part H. unitary status issue in favor of PCSSD, it would have to relate to and be accompanied by a ruling that facility implementation efforts have satisfied, fully, Part H. as construed by the Court. That has not occurred. The Court approved steps along the journey to full compliance, not actions completing the journey.

[3.(additional content)] In addition, the Court's Order supplemented a consent decree. *** <u>LRSD v. PCSSD, 921</u> F.2d 1371, 1384 (8thCir. 1990); *** <u>Appeal of Little Rock School District</u>, 949 F.2d 253, 258 (8thCir. 1991) (setting forth a standard to modify a "consent decree"); *** <u>Knight v. PCSSD</u>, 112 F.3d 953, 954 (1987) (referring to a "consent decree " entered on April 29, 1992); *** <u>Case Doc.</u> 3337 at 4 (Feb. 22, 2000) (enforcement, if necessary), 5 (referring to standard for modifications of "consent decrees"), 7 ("Plan 2000 advances the original purpose of the decree in a more efficient way, without upsetting the basic agreement between the parties."), 7-8

(Order "conditionally approv[ing] PCSSD's proposed revised desegregation plan: Plan 2000."); *** Case Doc. 3347 March 20, 2000) (Order giving final approval to Plan 2000) (S.W. Wright, J.); *** LRSD v. State of Arkansas, 664 F.3d 738, 744 (8thCir. 2011) (["Under a comprehensive series of settlement agreements reached in 1988 . . . and 1989 and adopted as consent decrees, NLRSD and PCSSD each agreed to implement detailed plans to remedy segregation violations within their districts . . . ."]; [referring to standard for "modification of a consent decree"]).

[4.] The Court granted the joint motion. The Court expert submitted a report. The Court expert could not, of course, have considered the subsequent actions of the Court on September 24, 2018, or the parties' conduct. The report does not provide a careful analysis of the wording or meaning of Plan B, in the light of the entire document, as offered by Intervenors in the accompanying brief. The content of the report does not justify adoption of the PCSSD position.

[5.] As stated, PCSSD identifies the proper "inquiry" erroneously.

[6.] It is admitted that "Intervenors conducted broad . . . discovery . . .," -- all of which occurred after the Court's ruling of September 24, 2018. The hyperbole is denied. Facility compliance is of major importance, given its immediate and many year impact on educational opportunity. Additionally,

during the course of the Sept. 24, 2018 bench ruling, the Court noted the communicative power of the facilities provided in a community. Doc. 5565 at 18 [" . . . . what we're saying to these young folks about the quality of the education that they're receiving as expressed through the spaces we're creating for them ."] Intervenors have informed the Court of the Mills High stakeholders' complaints regarding the new Mills facility in October 2018. [Case Doc. 5528 at 3-4] This was a protest of conduct fairly perceived to communicate continuing "inferiority of their status in the community" [Brown I, 347 U.S. At 494], continuing to be the "disfavored race." Freeman v. Pitts, 503U.S. 467, 491 (1992). In case preparation, Intervenors' counsel have separated the wheat from the chaff, in the facility evidence field. PCSSD counsel do not have a case management role regarding the use of the evidence deemed probative by Intervenors.

[7.] , [8.], [9.] and [10.] All contentions based upon the Federal Rules of Evidence are without merit; they are applied with reference to an erroneous position on the scope of the facility issues.

[9.] As noted, this statement of the facility issues is erroneous.

[11.] Denied. The facility issues being pursued are not irrelevant.

[12.] As shown in Intervenors' brief, in detail, there is no "post hoc revision" of the terms in the joint motion. The joint motion addressed


supplementation of a consent decree. See paragraph [3.] above.

[13.] All content denied.

[14.] Acknowledged.

## Conclusion

The motion should be denied, on the additional ground of waiver, as explained in the accompanying brief.

Respectfully submitted,

/s/ Austin Porter, Jr.
Austin Porter, Jr. - # AB86145
PORTER LAW FIRM
323 Center Street, Suite 1300
Little Rock, Arkansas 72201
501-244-8200


Robert Pressman
22 Locust Avenue
Lexington, MA 02421
781-862-1955

Shawn G. Childs
Lawrence A. Walker
JOHN W. WALKER, P.A.
1723 Broadway
Little Rock, Arkansas 72206
(501) 374-3758
(501) 374-4187


**CERTIFICATE OF SERVICE**

I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern

District of Arkansas, on this 30th day of March 2020, by using the CM/ECF system, which is designed to send notification of such filing to the following person:

| | |
|---|---|
| M. Samuel Jones III. | Scott P. Richardson |
| Devin R. Bates | McDaniel, Richardson & Calhoun |
| MITCHELL, WILLIAMS, SELIG, | 1020 West 4th Street, Suite 410 |
| GATES & WOODYARD, PLLC | Little Rock, Arkansas 72201 |
| 425 West Capitol Avenue, Suite 1800 | |
| Little Rock, Arkansas 72201 | scott@mrcfirm.com |

sjones@mwlaw.com
dbates@mwlaw.com

Jay Bequette
Bequette, Billingsley & Kees, P.A.
Attorneys at Law
425 West Capitol Avenue, Suite 3200
Little Rock, Arkansas 72201-3469

jbequette@bbpalaw.com

                                        Austin Porter Jr.