IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LITTLE ROCK SCHOOL DISTRICT, *et al.*               PLAINTIFFS

No. 4:82-cv-866-DPM

PULASKI COUNTY SPECIAL SCHOOL
DISTRICT, JACKSONVILLE/NORTH
PULASKI SCHOOL DISTRICT, *et al.*               DEFENDANTS

EMILY McCLENDON, TAMARA EACKLES,
VALERIE STALLINGS, TIFFANY ELLIS,
and LINDA MORGAN               INTERVENORS

## ORDER

Dr. Janice Hargrove Warren moves to intervene. She is the Assistant Superintendent for Equity and Pupil Services at the Pulaski County Special School District. She's concerned that, especially on the facilities issues involving Mills High School and Robinson Middle School, she and other administrators may be blamed unfairly during the upcoming bench trial for PCSSD's alleged noncompliance with Plan 2000. She worries, too, that this Court's findings after the trial, or some provision of a potential consent decree if the parties make an eleventh-hour deal, could adversely affect her pending lawsuit against PCSSD. In that case, she alleges that she wasn't hired as superintendent because of her race and sex. She also alleges

retaliation for having sounded the alarm about, and moving to fix, the Mills/Robinson situation when she was interim superintendent. *Warren v. McNulty*, E.D. Ark. No. 4:19-cv-655-BSM.   PCSSD opposes intervention.   So do the McClendon Intervenors, the class of black parents and children.

Federal Rule of Civil Procedure 24 controls.   And the Court must construe the Rule liberally, resolving doubts in favor of the proposed intervenor.      *Swinton   v.   SquareTrade,   Inc.*,   960   F.3d   1001,   1004 (8th Cir. 2020).   In Rule 24's word, a request to intervene must be "timely" in the circumstances.   Precedent specifies some particularly important considerations.   *ACLU of Minnesota v. Tarek ibn Ziyad Academy*, 643 F.3d 1088, 1094 (8th Cir. 2011);   *Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 989 F.2d 994, 998 (8th Cir. 1993).

First, the trial begins in two weeks, on July 14th.   Dr. Warren has been employed by PCSSD for about eight years, and directly involved in desegregation-related efforts for the last seven.   *Doc. 5606-1 at 4–5*. This Court gave notice in the fall of 2018 that unitary-status issues would be tried in the summer of 2020, *Doc. 5442*, and filed a particularized Final Scheduling Order last summer.    Dr. Warren moved to intervene six weeks ago.   Her motion came in mid-May, the week after an extended status conference, *Doc. 5597*, as discovery was ending and the parties were turning to their pretrial filings.   The current round of litigation on the PCSSD unitary-status issues had

thus progressed quite far when Dr. Warren made her request. *ACLU of Minnesota*, 643 F.3d at 1094–95.

Second, Dr. Warren is, and has been, well informed about this case and the current disputes. She was interim superintendent in the fall of 2017 when the Mills/Robinson issues surfaced. The Court's July 2019 Scheduling Order was clear that PCSSD facilities issues would be tried this summer. *Doc. 5503 at 1.* Dr. Warren is familiar with Ms. Powell's reports on the Mills/Robinson issues and PCSSD facilities in general, plus the District's required bi-monthly reports on facilities. In sum, Dr. Warren has had much information about the fighting issues for more than a year. *ACLU of Minnesota*, 643 F.3d at 1094.

Third, Dr. Warren's reason for waiting to seek intervention. She is correct that some questions at her late-April deposition suggested that she may be partly responsible for any PCSSD failings on Mills and Robinson. Some papers produced in discovery from two Board members blame her. In the briefing, however, PCSSD is clear that it does not intend to blame Dr. Warren; and the McClendon Intervenors disclaim any intention of attacking her efforts. More importantly, Dr. Warren knew when she filed her lawsuit almost nine months ago that, by definition at that point, she was not entirely at one with PCSSD. The Court understands Dr. Warren's reasoning for when the motion was filed but is not persuaded by it. *Mille Lacs*, 989 F.2d at 999.

-3-

Last, adding a third side right before trial to an already complicated two-sided dispute would prejudice PCSSD and the McClendon Intervenors.  They've been working hard to meet each other's evidence and arguments.   Several motions *in limine*, for example, are pending.  It would be hard on the parties to recalibrate now.  Plus, intervention would necessarily delay the Court's rulings on those motions so Dr. Warren could weigh in.  But the case needs rulings sooner rather than later.  The Court has also pressed the parties to focus their proof, aiming for a two-week trial on the PCSSD issues, with a third week available as insurance.  Adding a party would mean subtracting from the trial time available to the McClendon Intervenors and PCSSD.

Having considered the situation as a whole, the Court concludes that Dr. Warren's request to participate in the trial is not timely.  Her motion to intervene, *Doc. 5600*, is denied.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

2 July 2020