# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| **LITTLE ROCK SCHOOL DISTRICT,** *et al.* | PLAINTIFFS |

## No. 4:82-cv-866-DPM

| | |
|---|---|
| **PULASKI COUNTY SPECIAL SCHOOL DISTRICT, JACKSONVILLE/NORTH PULASKI SCHOOL DISTRICT,** *et al.* | DEFENDANTS |
| **EMILY McCLENDON, TAMARA EACKLES, VALERIE STALLINGS, TIFFANY ELLIS, and LINDA MORGAN** | INTERVENORS |

## ORDER

**1.** The Pulaski County Special School District and the Jacksonville North Pulaski School District move *in limine* for a ruling about who has the burden of proof on student achievement, discipline, and monitoring. *Doc. 5610.* Acknowledging that they bear the burden on the remaining facilities and staffing issues, the Districts make a nuanced argument on the other issues from this case's long and winding procedural history and the relevant law. The McClendon Intervenors and the Ellis Intervenors respond in hearty opposition with an equally detailed historical and legal argument. The Court punts. The Districts will present their cases first at the July and October trials. But, the Court takes this burden-of-proof motion

under advisement. This issue requires study and reflection, which the Court has not yet had time to do. Plus, the Court would benefit from a conversation with counsel during oral argument at the end of our July trial on this important point. Counsel for JNPSD should participate.

**2.** PCSSD's unopposed motion to exclude testimony by Rizelle Aaron, *Doc. 5613*, is granted.

**3.** PCSSD's motion to prevent expert testimony by Joy Springer, *Doc. 5615*, is granted. Neither the applicable provisions of Federal Rule of Civil Procedure 26 nor of the Court's Scheduling Order regarding expert testimony were complied with. Ms. Springer is a fact witness. FED. R. EVID. 701.

**4.** PCSSD's motion *in limine* about discipline, *Doc. 5617*, is denied. The District's substantial compliance with some aspects of Plan 2000's § F may turn out to be undisputed, but the Court has not yet made a declaration of partial unitary status.

**5.** PCSSD's motion to limit the proof on the facilities issues, *Doc. 5619*, is denied. Intervenors are entitled to present their case on these issues. This denial is without prejudice, though, to PCSSD's argument on the merits about Plan B and the weight of the granted joint motion about the Mills facilities.

**6.** Intervenors move for one of their lawyers to participate remotely because of the COVID-19 pandemic. Robert Pressman has

long been a member of Intervenors' legal team; he's seventy-nine; and he lives in a distant state.  The Court understands his wise, albeit reluctant, decision not to travel.  Mr. Pressman's participation in some hearings by telephone has been challenging at best; full remote participation by telephone or video in a trial is unworkable.  Mr. Pressman is welcome to listen by telephone so he can collaborate with other counsel during breaks, in the evenings, and on the weekends during our multi-week trial.  But he may not examine witnesses, make objections or make argument during the trial itself unless he can be present in the courtroom.  Motion, *Doc. 5647*, denied with caveats.

So Ordered.

*/s/ DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

6 July 2020