# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**LITTLE ROCK SCHOOL DISTRICT**                                              **PLAINTIFF**

**V.**                        **NO. 4:82-cv-866-DPM**

**PULASKI COUNTY SPECIAL SCHOOL**
**DISTRICT NO. 1, ET AL.**                                              **DEFENDANTS**

**EMILY McCLENDON, ET AL.**                                         **INTERVENORS**

## PULASKI COUNTY SPECIAL SCHOOL DISTRICT'S
## MOTION FOR REMOTE APPEARANCE OF EXPERT WITNESSES

Pulaski County Special School District (PCSSD) for its Motion for Remote Appearance of Expert Witness:

1. On January 10, 2020, PCSSD disclosed Dr. Wendell Brown and Dr. Dennis Johnston as expert witnesses expected to testify at the upcoming trial. (Doc. 5560).

2. Dr. Brown and Dr. Johnston are employed by AVID, a nonprofit dedicated to closing the opportunity gap that partnered with PCSSD to implement a district-wide AVID program. AVID ("Advancement Via Individual Determination") and is a comprehensive program targeted at ensuring that all students reach their potential, particularly minority and low-income students. AVID trains educators and administrators to use tools to accomplish these goals.

3. Dr. Brown is based out of Dallas, Texas (Northern District of Texas), and Dr. Johnston is based out of San Diego, California (Southern District of California).

4. Dr. Brown and Dr. Johnson co-authored an expert witness opinion. *Attached hereto as Exhibit A*, BATES PCSSD19-05271 to PCSSD19-05282, Exhibit 14 in PCSSD's trial exhibit binders (hereinafter, the "Expert Report").

5. Intervenors did not depose Dr. Brown or Dr. Johnston.

6. In June 2020, undersigned counsel communicated with Dr. Brown and Dr. Johnston about traveling to Arkansas to testify at the trial starting July 14, 2020. They raised no concerns.

7. On July 6, 2020, undersigned learned for the first time that these experts are prohibited from traveling to Arkansas for this trial due to COVID-19.

8. AVID currently has a policy that prohibits Dr. Brown and Dr. Johnston from physically traveling to Arkansas in light of COVID-19.

9. Arkansas, Texas, and California are all experiencing a rise in COVID-19 cases.

10. PCSSD enacted the AVID program district-wide beginning in the 2019-2020 school year. AVID's district-wide implementation was a massive undertaking by the district that required the investment of significant PCSSD time and resources.

11. AVID represents an important part of PCSSD's current efforts toward compliance with Plan 2000 and its ability to continue complying in the future.

12. In their brief in opposition to PCSSD's motion for unitary status, Intervenors themselves list several "points [that] will be important" specifically for PCSSD's AVID expert to testify about. (Doc. 5649 at 30-31.)

13. The expert opinions of Dr. Brown and Dr. Johnston explain how AVID addresses the goals of Plan 2000 and the Ross Plan specifically in the areas of student achievement and discipline. *Exhibit A*.

14. The Expert Report explains how "[t]he close alignment between the goals and objectives of Plan 2000 and the expected outcomes associated with implementing the [(AVID) College Readiness System] increases [Dr. Brown's and Dr. Johnston's] confidence in the district's success." *Exhibit A*.

15. In the Expert Report, Dr. Brown and Dr. Johnston explain how Expert Researchers have been studying AVID for more than 30 years creating a large repository of findings. The Expert Report draws on those decades of research by AVID, and explains how those findings apply to PCSSD's goals with respect to student achievement and discipline.

16. In the Expert Report, Dr. Brown and Dr. Johnston come to the conclusion:

> ***We have visited with countless educators creating the AVID experience on hundreds of elementary and secondary campuses around the world***. There have been a handful of districts, at most, that have gone "All In" by implementing AVID in every school in the district right from the start. The key to success is planning, accountability, more planning, and commitment by the decision makers and leadership at the district and site levels to provide ongoing support and professional learning. Given the demonstrated commitment as evidenced by the multiple visits to showcase schools and training of hundreds of teachers and administrators, ***it is our opinion and expectation, that each implementing campus in the PCSSD will earn a certificate of Certification for meeting the requirements of implementation fidelity as approved by the AVID Center***.

*Exhibit A* (emphasis added). In other words, Dr. Brown and Dr. Johnston will put PCSSD's implementation of AVID in the context of the "hundreds of elementary and secondary campuses around the world" that they have visited.

17. The testimony of an AVID expert and the Expert Report are critical to PCSSD building its case in student achievement and discipline. Without this evidence, PCSSD does not have an expert opinion to causally link AVID's potential to reduce the opportunity gap or to reduce discipline referrals. While fact witnesses are qualified to testify about AVID's implementation at PCSSD, expert testimony is important to PCSSD's ability to establish that AVID is proven to have important impacts in student achievement and discipline.

18. PCSSD will be unfairly prejudiced without the testimony of Dr. Brown or Dr. Johnston or the admission of the Expert Report.

19. When PCSSD raised this issue at the recent pre-trial hearing, counsel for Intervenors objected to this request seemingly because this Court denied Intervenors' counsel's request to appear remotely for the duration of the trial. Importantly, PCSSD did not object to Intervenors' request for their counsel to appear remotely.

20. The appearance of one witness via remote means is different than the appearance of an attorney via remote means for the entirety of a nearly three-week trial. The AVID expert is expected to offer testimony on one day for approximately two hours. Intervenors' attorneys present in the courtroom will have a full and fair opportunity to cross examine him. The Court will have the ability to assess his credibility with a video appearance. This type of testimony is fundamentally different than the extended appearance via remote means of an attorney participating day-to-day in a trial.

21. Dr. Brown stated that he would be able to appear at the U.S. District Court for the Northern District of Texas, Dallas Division. Dr. Johnston stated that he would be able to appear at the U.S. District Court for the Southern District of California, San Diego Division. Thus, if a remote appearance could be secured using a federal court connection in either of those locations, one of these witnesses could appear over a secured and reliable connection.

22. Prior to the filing of this motion, at the request of the Court, undersigned counsel consulted with Intervenors' counsel in an attempt to reach an agreement as to the remote appearance of the AVID expert. Intervenors' counsel declined to negotiate with PCSSD over this expert witness situation.

23. Undersigned counsel also asked if Intervenors' counsel would allow admission of the Expert Report in the absence of the expert's testimony. Intervenors' counsel stated that they would object.

24. PCSSD respectfully requests that Dr. Brown or Dr. Johnston be permitted to appear at the trial via remote means from either the Northern District of Texas or the Southern District of California as could be arranged.

25. In the alternative, PCSSD respectfully requests that the Expert Report be admitted as evidence at trial.

26. In light of the urgent nature of this Motion, PCSSD respectfully requests the Court waive the requirement of Local Rule 7.2 for a separate brief.

Respectfully submitted,

M. Samuel Jones III (76060)
Amanda G. Orcutt (2019102)
Devin R. Bates (2016184)
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Telephone: (501) 688-8800
Facsimile: (501) 688-8807
sjones@mwlaw.com
dbates@mwlaw.com
aorcutt@mwlaw.com

*and*

Jay Bequette (87012)
Cody Kees (2012118)
BEQUETTE BILLINGSLEY & KEES, P.A.
425 West Capitol Ave., Suite 3200
Little Rock, Arkansas 72201
Telephone: (501) 374-1107
Facsimile: (501) 374-5092
jbequette@bbpalaw.com
ckees@bbpalaw.com

*Attorneys for Pulaski County Special School District*