**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**LITTLE ROCK SCHOOL DISTRICT**                                      **PLAINITFF**

v.                              **No. 4:82-cv-866-DPM**

**PULASKI COUNTY SPECIAL SCHOOL
DISTRICT NO. 1, ET AL.**                                      **DEFENDANTS**

**EMILY MCLENDON, ET AL.**                                      **INTERVENORS**

**INTERVENORS' RESPONSE IN OPPOSITION TO PULASKI COUNTY SPECIAL SCHOOL DISTRICT'S MOTION FOR REMOTE APPEARANCE OF EXPERT WITNESSES**

Intervenors submit the following Response in Opposition to Pulaski County Special School District's Motion for Remote Appearance of Expert Witnesses:

1.      Admitted.

2.      Intervenors deny that AVID ("Advancement Via Individual Determination") was targeted at making sure that minority or low-income students within the Pulaski County Special School District (PCSSD) reached their potential.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Intervenors have no information to determine whether the allegations in Paragraph 6 are true.

7.      Intervenors have no information to determine whether the allegations in Paragraph 7 are true.

8.      Intervenors have no information to determine whether the allegations in Paragraph 8 are true. The PCSSD did not attach such a policy to this motion or indicate when it was created.

9. Admitted.

10. Intervenors deny the allegations in Paragraph 10.

11. Intervenors deny the allegations in Paragraph 11.

12. Intervenors admit the language referred to in its brief in opposition to the PCSSD's motion for unitary status, which was written with the expectation that the expert witnesses would be physically present at the trial.

13. Intervenors deny the allegations in Paragraph 13.

14. Intervenors deny the allegations in Paragraph 14.

15. Intervenors deny the allegations in Paragraph 15.

16. Intervenors deny the allegations in Paragraph 16.

17. Intervenors deny the allegations in Paragraph 17.

18. Intervenors deny the allegations in Paragraph 18.

19. Intervenors mischaracterize the reason why Intervenors' counsel objected to the request for a remote appearance of their expert witnesses. PCSDD's lack of objection to Intervenors' request is unrelated to the issue at hand.

20. Intervenors deny the allegations in Paragraph 20. As the Court stated at the pre-trial hearing, the expert witnesses need to be physically present for the efficiency of trial proceedings.

21. Intervenors have no information to determine whether the allegations in Paragraph 21 regarding the expert witnesses' availability is true. Moreover, the efficiency of trial proceedings would be furthered to a much greater extent by their physical presence in the courtroom.

22. Intervenors strongly objected to a remote appearance of the expert witnesses at the pre-trial hearing and no information came to their attention which would change their position.

23. Admitted.

24. Intervenors object to the request in Paragraph 24.

25. Intervenors object to the request in Paragraph 25.

26. Intervenors do not object to this request. However, Intervenors ask that the Court take note that the PCSSD cited no case law in support of its motion.

        Respectfully submitted,

        Austin Porter Jr. - No. 86145
        PORTER LAW FIRM
        323 Center Street, Suite 1035
        Little Rock, Arkansas 72201
        Telephone: 501-244-8200
        Facsimile: 501-372-5567
        Email: aporte5640@aol.com

        Robert Pressman
        22 Locust Avenue
        Lexington, MA 02421
        Telephone: 781-862-1955

        Shawn G. Childs, Bar No. 99058
        Lawrence A. Walker
        JOHN W. WALKER, P.A.
        1723 S. Broadway
        Little Rock, Arkansas 72206
        Telephone: 501-374-3758
        schilds@jwwlawfirm.com
        lwalker@jwwlawfirm.com

ATTORNEYS FOR INTERVENORS