LR 68 C-154  DOCKET  ~~HENRY~~ SWEET Arnold  Woods  LR 68 C-154

| TITLE OF CASE | ATTORNEYS |
|---|---|
| Karen Zinnamon and Duiella Zinnamon, minors et al ~~(see attached Xerox list)~~ | For Plaintiff: Phil Kaplan, John W. Walker, ~~1820 West 13th St.~~ Little Rock, Arkansas 72206 |
| vs | |
| Board of Education of the Pulaski County Special School District, a public body corporate and Leroy Gattin, Superintendent of Schools of the Pulaski County Special School District | INTERVENER: ~~Guy Reeves~~ deceased (11/1/ ~~Union National Plaza~~ |
| | For Defendant: John I. Purtle ~~305 ~~ ~~501 Rector~~ Bldg., L. R. |
| INTERVENORS: HOMER E. BURRIS, ET AL | FOR INTERVENORS: |
| RESPONDENTS: Lorrance Comm. Group | James B. Gannaway 1433 Donaghey Bldg. |
| Basis of action: Class action-Civil Rights | Little Rock, Ark. |
| | FOR LORRANCE COMM. GROUP: |
| Jury trial claimed by | Art Givens – 300 Spring Bl |
| on _____, 19 | R. 72201 |

| 1968 | PLAINTIFF'S ACCOUNT | RECEIVED | DISBURSED | DATE | DEFENDANT'S ACCOUNT | RECEIVED | DISBURSED |
|---|---|---|---|---|---|---|---|
| 8-7 | John W. Walker | 15 00 | | | | | |
| 8-12 | Treas. C.D. #4 | | 15 00 | | | | |
| 8-17-70 | Jno W Walker | 5 00 | | | | | |
| 8-21-70 | CD 4 | | 5 00 | | | | |
| 7/23/71 | Jno Walker | 5 00 | | | | | |
| 8/5/71 | CD # 3 | | 5 00 | | | | |

| ABSTRACT OF COSTS | | RECEIPTS, REMARKS, ETC. |
|---|---|---|
| TO WHOM DUE | AMOUNT | |

JS 6

Form DC-106   U. S. GOVERNMENT PRINTING OFFICE   7—1597

EXHIBIT A

Zinnamon vs Board of Edu, Pulaski Co et al    ~~HENLEY~~    Special School District    LR 68 C-154

LR 68 C-154

| DATE 1968 | FILINGS—PROCEEDINGS | CLERK'S FEES PLAINTIFF | CLERK'S FEES DEFENDANT | AMOUNT REPORTED IN EMOLUMENT RETURNS |
|---|---|---|---|---|
| 8-7-68 | Complaint filed; summons handed marshal | | | |
| 8-12 | Marshal's return, filed, showing service on defs. Aug. 8, 1968. ($6.24) | | | |
| 8/27/68 | Answer filed/ Certificate of service. | | | |
| 9/24/68 | Letter pre-trial order by Henley, J. filed. | | | |
| 7/18/69 | Proposed stipulation filed | | | |
| 7/23/70 | Interrogatories to Leroy Gatlin, Supt., filed. C/S. | | | |
| " | Motion to shorten time to answer interrogatories filed. C/S. | | | |
| 7/27/70 | Order signed by J. Henley filed. Motion of pls. for order shortening time for answering interrogatories to 10 days granted; df. may request additional time if impossible to get data within 10 day period.   Copies to counsel. | | | |
| " | Order signed by J. Henley filed; consolidating this case with No. LR-70-C-148. Cases are set for trial 10:00 a.m. 8/11/70. Copies to counsel. | | | |
| 7/29/70 | Motion for extension of time to 8/7/70 for answering interrogatories propounded 7/23/70, filed by defendants. C/S. | | | |
| 8/11/70 | Trial to the Court before Judge J. Smith Henley | | | |
| 8/12/70 | Trial to the Court continued. At close of testimony and arguments of counsel, taken under advisement. | | | |
| 8/17/70 | Memorandum Opinion, this case and Nos. LR-70-C-148, LR-70-C-154 and LR-70-C-159, filed. Copies to counsel. | | | |
| " | Decree signed by Judge Henley filed. Copies to counsel. | | | |
| 9/18/70 | Notice of Appeal filed by plaintiffs. Copies to John Purtle. | | | |
| " | Bond for costs on appeal filed by plaintiffs. | | | |
| 9/24/70 | Certified copy of docket entries to court of appeals. | | | |
| 9/16/70 | Petition for extension of time of defendants for submitting any additional plan which may be required if submitted plan as meeting the criteria set forth in Court's decree of Aug. 17, 1970 not approved filed. | | | |
| 10-6-70 | Reporters' Transcripts of Testimony covering trial of August 11 and August 12, 1970 filed by DMG, Vols 1 and 3 and EMW Vol 2. Mailed to Court of Appeals. | | | |
| 1/29/71 | Order fm Court of Appeals directing that case be heard on original files of District Court. Original files mailed to Clerk of Court of Appeals on January 29, 1971. | | | |
| /25/71 | Original files returned to us from U.S. Court of Appeals. | | | |
| " | Order of U.S. Court of Appeals dismissing appeal, filed. | | | |
| 7/ 71 | Motion for further relief and points and authorities in support thereof filed by plaintiffs. C/S | | | |
| 13/71 | Order by Henley, J. ordering case reopened for further proceedings in accordance with Court of Appeals Order; directing that defendants | | | |

Zinnamon et al vs. Board of Edu, Pulaski Co
Special School Dist.
LR 68 C 154     Henley, J.

Page 2

CIVIL DOCKET

| DATE | FILINGS—PROCEEDINGS | CLERK'S FEES PLAINTIFF | DEFENDANT | AMOUNT REPORTED IN EMOLUMENT RETURNS |
|---|---|---|---|---|
|  | file with the Court a plan calling for elimination of all racial segregation in conformity with recent Supreme Court decision, and to be effective beginning with the 1971-72 school year. Hearings to be set after plan filed and objections to plan, etc., have been filed. Copies to counsel. | | | |
| 5/28/71 | Response to Motion for further relief and Points and Authorities in support thereof filed by defendants. C/S | | | |
| 5/28/71 | Defendant's Motion for extension of time, up to June 21, 1971, in presenting plan as ordered May 13, 1971 filed. C/S | | | |
| 6/15/71 | Defendant's proposed desegregation plan filed. | | | |
| 7/15/71 | Motion for Intervention filed by Homer E. Burris, et al. C/S (James B. Gannaway, Attorney) | | | |
| 7/15/71 | Plaintiff's Objections to Defendant's Desegregation Plan 1971-1972 filed. C/S | | | |
| 7/15/71 | Hearing before J. Henley began at 10:00 a.m. Court denied formal Intervention filed by Homer E. Burris, et al, but allowed parties to cross-examine as "amicus curiae" instead. Statement of parties position, Batson, et al, filed in open court. Statement of position of parties @ College Station acknowledged from the bench but not filed; Dr. F. H. Roy allowed to file one copy of petition he has circulated and secured 100,000 signatures opposing busing and make statement to the Court at close of testimony. After presentation of testimony and closing arguments by all parties, Court recessed at 5:55 p.m. | | | |
| 7/15/71 | Clerk's minutes of hearing to court on this date filed. | | | |
| 7/19/71 | Letter from patrons of College Station setting out their position, filed as part of official file per directions of J. Henley. | | | |
| 7/19/71 | Response to Intervention filed on behalf of Homer Burris and Lloyd Simpson filed by Sam Delozier as President of Lorrance Community Group. | | | |
| 7/22/71 | Memorandum Opinion and Decree by J. Henley approving plan for 1971-72 of the Board for grades 7 thru 12; approving plans with respect to grades 1 - 6 for 1971-72 school year only provided students have right of majority to minority transfer; in implementing plan Board is vested with discretionary powers and subject to limitations set out in the opinion of this date; Court retains jurisdiction of cause and parties for necessary and appropriate purposes; no costs taxed with respect to aspect of the case dealt with in this opinion; Intervention of Homer E. Burris is dismissed. Copies to counsel. | | | |

D. C. 110

LR 68 C 154

~~Henley, J.~~

| DATE | FILINGS—PROCEEDINGS | CLERK'S FEES ||  AMOUNT REPORTED IN EMOLUMENT RETURNS |
|---|---|---|---|---|
| | | PLAINTIFF | DEFENDANT | |
| 7/23/71 | Notice of Appeal and Bond for Costs on Appeal filed by Plaintiffs. | | | |
| 7/23/71 | Certified copy of relevant docket entries and Notice of Appeal mailed U. S. Court of Appeals. | | | |
| 8/13/71 | Reporters transcript of proceedings on July 15, 1971, before J. Henley filed by D. Gulmon - 1 volume. | | | |
| 10/29/71 | Frank Boyles and Elizabeth Boyles Motion to Intervene, filed. C/S. | | | |
| 11/1/71 | Order by Judge Henley, granting Frank Boyles and Elizabeth Boyles and Virgil O. Jones leave to intervene, filed. Copies to counsel. | | | |
| 11/1/71 | Intervention filed by Frank and Elizabeth Boyles with Exhibits A, B, and C attached, filed. C/S. | | | |
| 11/1/71 | Temporary Restraining Order by Judge Henley restraining the Defendant, Board of Education from prohibiting Sheri Ann Fisher and Debrah Armstrong from attending the public school at which they heretofore have been enrolled during the present school term; Intervention to be heard on 11/3/71 at 1:30 p.m. Also directing the Board to consider permitting all of the "guardianship" claimants to continue in attendance as though they were covered by the provisions of this order, filed. Copies to counsel. | | | |
| 11/3/71 | Reply of deft's to intervention of Frank Broyles, et al, filed. C/S | | | |
| 11/3/71 | Hearing on Intervention of Frank Boyles, et al, began before J. Henley at 1:40 p.m.; after presentation by parties Court declined to take any action with respect to guardianships at this time as case is being appealed; Court did state what action would possibly be taken if case is remanded to this Court by Court of Appeals and these statements will be transcribed if requested by any party. Hearing adjourned at 3:02 | | | |
| 11/3/71 | Clerk's minutes of hearing on Intervention filed. | | | |
| 11/3/71 | Order appointing Guardians of Beverly Kay Shuffield filed in Pul. Co. Probate Court appointing James F. and Kathryn S. Shuffield as guardians filed with court during hearing. Motion to amend Intervention to include this guardianship granted by Court. | | | |
| 12/15/71 | Reporters notes of proceedings on 11/3/71 filed by D. Gulmon. | | | |
| 1/21/72 | Judgment fr Court of Appeals dismissing same for failure to prosecute. Mandate to issue. | | | |
| 6/ 8/72 | Motion for further relief and points and authorities in support thereof. C/S. | | | |
| 6/12/72 | Plaintiffs' Interrogatories to Defendants. C/S. | | | |
| 6/12/72 | Plaintiff's Motion to Shorten Time. C/S. | | | |
| 7/10/72 | Order by Henley, J., directing that defendants respond to the motion for further relief not later than 7/17/72; and to the interrogatories of 6/12/72 not later than the end of the current week. Copies to counsel. | | | |


Zinnamon, et al v. Board of Ed., Pul. Co.          page 3

**CIVIL DOCKET**                    ~~J. Henley~~                LR 68-C-154

| DATE | FILINGS—PROCEEDINGS | CLERK'S FEES PLAINTIFF | CLERK'S FEES DEFENDANT | AMOUNT REPORTED IN EMOLUMENT RETURNS |
|---|---|---|---|---|
| 7/12/72 | Answers to Interrogatories filed by deft. c/s | | | |
| 7/12/72 | Response to Motion for Further Relief filed by defts. c/s | | | |
| 2/9/73 | Motion to Intervene by Eva Mae Garry. C/S. | | | |
| 4/25/73 | Hearing began before J.Henley at 10:11 am. Court stated two primary goals at present are 1) working out a final approved plan for the desegregation of schools, primarily elem. schools south of the Ark. River; 2) use of availabel construction funds. Court finds present plan unsatisfactory; deft's to submit new plan; no construction to begin until final approved plan. Written opinion to be filed. Recessed 2:26 pm | | | |
| 4/25/73 | Minutes of hearing this date filed. | | | |
| 5-1-73 | Supplemental Decree by J. Henley disapproving present desegregation plan and enjoining defts' from operating under it; jurisdiction retained. Copies to counsel. | | | |
| 5/23/73 | Defendants' Ltr. to Court 5/23/73 with Integration Plan 4. C/S. | | | |
| 5/25/73 | Hearing on proposed elementary school desegregation plan for 73-74 began before J. Henley at 10:18. Henry Osterloh appeared for defts as John Purtle is presently in hospital. Court advised defts. plan is approved in general and injunction on spending money from construction funds is now lifted. Pleading entitled "Proposed Consent Decree" filed as Stipulation of Parties. Final Decree to be entered shortly. Recessed 10:43 am  Minutes of hearing filed. | | | |
| 6/4/73 | Decree by J. Henley, enjoining the defendants permanently from operating and/or reestablishing a racially segregated school system in any respect or at any level; enjoining the defendants mandatorily to implement their school construction plans now and in the future in a racially non-discriminatory fashion to insure equal educational opportunity for all pupils in the district without regard to race or color, dissolving the Court's injunction of 5/1/73; enjoining the districts madatorily to operate their schools pursuant to the terms forth herein by them in a document as Plan A for 1973-74; approving the other terms of the joint stipulation as follows --the district shall establish and operate kindergarten programs in only two centers in the schools south of the Arkansas River - Cook and College Station, with transportation, in the North side of the river in any reasonable, racially non-discriminatory manner  --the plan for the elementary schools north of the river approved with the proviso that defendants | | | |

D. C. 110

(cont'd.)

| DATE | FILINGS—PROCEEDINGS | CLERK'S FEES PLAINTIFF | CLERK'S FEES DEFENDANT | AMOUNT REPORTED IN EMOLUMENT RETURNS |
|---|---|---|---|---|
| | may shift some black students from Sherwood School to another school or schools in order to further desegregation, also may transfer students, faculty or portable facilities from one school to another --for 1973-74 the racial composition of the schools of the district located on the north side of the district shall continue --continue for 1973-74 to implement its high school desegration plan in conformity with preexisting court decrees --for 1974-75 and thereafter the district shall operate a totally unitized school system, except one or two schools distant from the black community have enrollment of not less than 10 nor more than 25 percent --for 1974-75 and thereafter, the district shall obtain and maintain no less than six black elementary principals and two black secondary principals/ --maintain black teachers in proportion of pupils --new construction shall be governed by Swan V. Charlotte-Mecklenburg Bd. of Ed, racially neutral sites shall be sought for new schools --district seek funds to place blacks in administrative roles in all of the secondary schools, as vacancies occur, preference shall be given qualified blacks to the end that each secondary school have at least one black administrator --parties establish a bi-racial committee, composed of 12 members, 6 white and 6 black, rotating the chairmanship annually between black and white --the board shall place two black citizens on the Bd. of Ed., selected by the black community; plaintiffs are entitled to recover the costs of this action in the sum of $2,500.00 and Plaintiffs' counsel are entitled to reasonable counsel fees in the sum of $5,000.00. Copies to counsel. | | | |
| 7/2/73 | Defendants' Petition to Reduce Fee. C/S. | | | |
| 7/3/73 | Plaintiffs' Opposition to Petition to Reduce Fee. C/S. | | | |
| 7/10/73 | Order by J. Henley, denying defendant's motion of 6/4/73 for a reduction of attorneys' fee. Copies to counsel. | | | |
| 11/28/73 | Petition on behalf of Charles Robinson seeking Court hearing on expulsion fr Jacksonville High School and permanent injunction after hearing prohibiting allegedly racist tactics used. | | | |
| 11/29/73 | Order by J. Henley dismissing petition of 11/28/73 filed by Charles Robinson. Copies to counsel. | | | |

[remaining lines struck through with XXXX]

KAREN ZINNAMON, et al   V. BOARD OF EDUCATION OF THE PULASKI  
COUNTY SPEC. SCH. DIST., ET AL

LR 68 C-154

CIVIL DOCKET

| DATE | FILINGS—PROCEEDINGS | CLERK'S FEES PLAINTIFF | CLERK'S FEES DEFENDANT | AMOUNT REPORTED IN EMOLUMENT RETURNS |
|---|---|---|---|---|
| 5/24/74 | Defendant's Motion to Delay Action. | | | |
| 6/14/74 | Opposition to Motion and Motion for further Relief. | | | |
| 7/9/74 | Response to Motion for Further Relief, by Defendants. | | | |
| 8/29/74 | Order by J. Henley, that it is to the best interest of all parties to allow a delay until it is possible to occupy the school, such period not to extend beyong the 1974 and 1975 school term. Motion for further Relief held in abeyance pending action of Counsel and parties to action. Copies to Counsel. | | | |
| 3-24-80 | COMPLAINT of Mrs. Nona Madison | | | be |
| 3-24-80 | Report of investigation by Dept. of Educ. | | | krw |
| 4-2-80 | Letter to Dept. of HEW from Judge Arnold, no action necessary cc: counsel. | | | krw |
| 3-16-83 | Petitions by "Concerned Parent Organization" | | | krw |
| 3-16-83 | Report of investigation by Dept. of Educ., civil rights div. | | | krw. |
| 3-16-83 | Case assigned to Judge Woods by draw. | | | krw. |
| 2/13/87 | MOTION to consolidate by LRSD. (Ref. 3/12/87 ) | | | maj |
| 2/13/87 | BRIEF in support of motion to consolidate. | | | maj |
| 3/4/87 | PLAINTIFF-Intervenors Joshua, et al.'s response to LRSD motion to consolidate. | | | maj |
| 3/12/87 | ORDER (Woods)(Overton) to consolidate; granting pltf's motion to consolidate cases LR-C-64-155, LR-C-68-151, LR-C-68-154 and LR-C-82-866; LR-C-82-866 being designated as lead case. (EOD 3/12/87) cc: attys | | | maj |

D. C. 110

| DATE | FILINGS—PROCEEDINGS | CLERK'S FEES ||| AMOUNT REPORTED IN EMOLUMENT RETURNS |
|---|---|---|---|---|---|
| | | PLAINTIFF | | DEFENDANT | |
| | | | | | |