# JOHN W. WALKER, P.A.

ATTORNEY AT LAW
1723 BROADWAY
LITTLE ROCK, ARKANSAS 72206
TELEPHONE (501) 374-3758
FAX (501) 374-4187
Email: schilds@jwwlawfirm.com

SHAWN CHILDS*
LAWRENCE A. WALKER

JOHN W. WALKER (1937-2019)

*Licensed to Practice in
Arkansas and Texas

**Via CM/ECF**

July 22, 2020

The Honorable D.P. Marshall, Jr.
Chief U.S. District Judge
Eastern District of Arkansas
600 W. Capitol Avenue, Room B149
Little Rock, AR 72201

Re:   *Little Rock School District, et al. vs. Pulaski County Special School District, et al.*
      Case No. 4:82-cv-00866-DPM
      Eastern District of Arkansas

Dear Judge Marshall:

On June 17, 2020, the Court directed the Intervenors and the Pulaski County Special School District (PCSSD) to provide legal citations regarding the admissibility of expert reports after the Intervenors had objected to the admission of Dr. Wendell Brown's expert report (PCSSD's Proposed Exhibit 14) into evidence. I hope that the discussion below will be helpful to the Court.

Hearsay is a statement that : "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." *Fed. R. Evid. 801(c)*. Unless there is an exception that applies, an expert's report is considered to be hearsay and inadmissible into evidence. *Bruhn Farms Joint Venture v. Fireman's Fund Insurance Co.*, 2017 WL 752282, at *9 (N.D. Iowa Feb. 27, 2017) (finding on issue raised *sua sponte* by the district court) (citations omitted). *See also U.S. v. Lasley*, 2014 WL 6775339, at *6 (N.D. Iowa Dec. 2, 2014) (excluding experts' reports because exceptions under Rule 807 did not apply); and *Piper v. Sophia*, 2013 WL 1217866, at *1 (W.D. Ark. May 9, 2013) (excluding experts' reports as hearsay).

 In the present case, Dr. Brown's expert report is a document replete with hearsay to which no exception applies. Notably, PCSSD's counsel did not contend during or after Dr. Brown's testimony that either Rule 801(d), Rule 803 or Rule 804 made the report otherwise admissible and thereby waived these arguments. Furthermore, the residual exception which is Rule 807 states that a hearsay statement must be "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." *Fed. R. Evid.*

*807(a)(2)*. The live testimony of experts is considered to be more probative than expert reports. *Lasley*, 2014 WL 6775339, at *6.   When Dr. Brown testified, the Court admitted his testimony over the Intervenors' objections and after cross-examination by the Intervenors.  Therefore, the expert report is not a hearsay exception under Rule 807.

If the Court has any additional questions about this issue, please let me know.

Sincerely,

Shawn G. Childs

cc: all counsel of record via CM/ECF