# MITCHELL ∥ WILLIAMS

Devin R. Bates
Direct Dial: 501-688-8864
Fax: 501-918-7864
E-mail: dbates@mwlaw.com

425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas  72201-3525
Telephone: 501-688-8800
Fax: 501-688-8807

July 22, 2020

**Via CM/ECF**

The Honorable D.P. Marshall, Jr.
United States District Court
Eastern District of Arkansas
600 West Capitol, Room B155
Little Rock, AR 72201

      Re:    *Little Rock School District, et al. v. Pulaski County Special School District, et al.*
             *U.S. District Court, Eastern District of Arkansas, Case No. 4:82-CV-866-DPM*

Chief Judge Marshall:

On behalf of the Pulaski County Special School District (PCSSD) I am writing to submit the below authority in support of our pending motion to admit what has been marked as District's Exhibit 14: the AVID expert witness report.

## Factual Basis

In January, PCSSD disclosed to Intervenors an AVID expert witness report. Exhibit 14 in PCSSD's trial exhibit binders (hereinafter, the "Expert Report").

The Expert Report explains the methodology of the expert witnesses, using graphs to show how AVID specifically meets the goals of the Ross Plan, in part to improve educational achievement by all students, with special attention to African-American students and others who are at-risk of academic failure due to socioeconomic disadvantages, or other factors.

Counsel for Intervenors had a full and fair opportunity to cross examine Dr. Wendell Brown on the content of the Expert Report. At the time of the cross examination of Dr. Brown, Intervenors were already on notice that PCSSD sought to admit the Expert Report, and were thus on notice that the report was contemplated as becomming evidence. Rather than attack the methodology used therein or examine what Intervenors now claim is hearsay, Counsel for Intervenors spent the majority of his focus on attempting to show bias of the witness. Counsel for Intervenors did not substantively refute the reliability of the research, data, and analysis provided in the Expert Report.

Notice of Suggestion of Authority
July 22, 2020
Page 2

## Law

"Rulings on admissibility of evidence will not be reversed absent a clear and prejudicial abuse of discretion." *Pittman v. Frazer*, 129 F.3d 983, 989 (8th Cir. 1997). The Eighth Circuit gives a trial court "wide latitude" in a bench trial, both in terms of determining whether an expert's testimony is reliable, and also in terms of a relaxed application of *Daubert*." *Tussey v. ABB, Inc.*, 746 F.3d 327, 337 (8th Cir. 2014). In a bench trial, "there is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1015 (8th Cir. 2012). ***There is persuasive precedent in favor of admitting an expert report during a bench trial as follows***: "In this bench trial, the Court finds that the expert reports and testimony of Prescott and Abbott are admissible except in one narrow respect." *Orden v. Schafer*, No. 4:09-CV-00971-AGF, 2015 WL 1286369, at *3 (E.D. Mo. Mar. 20, 2015) (admitting expert report generally, while excluding opinions regarding a topic that litigants did not challenge). That court went on to explain that "the factual bases of the expert opinions are matters of credibility, not admissibility." *Id*.

The Expert Report is relevant evidence. FED. R. EVID. 402. The Expert Report's probative value is not substantially outweighed by any potential harm. FED. R. EVID. 403. The rules permit a qualified expert to give opinion testimony, and do not *per se* exclude written reports, where the expert's specialized knowledge would allow the factfinder to better understand the evidence or decide a fact in issue. FED. R. EVID. 702.

The hearsay rules present no bar to admission. Rule 801 provides that:

> (d) **Statements That Are Not Hearsay**. A statement that meets the following conditions is not hearsay:
>> (1) **A Declarant-Witness's Prior Statement**. The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
>> …
>>> (B) is consistent with the declarant's testimony and is offered:
>>> …
>>>> (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground.

FED. R. EVID. 801.

## Argument

The Expert Report accurately summarizes the opinions and testimony of Dr. Brown, and is also aided by the inclusion of helpful graphs relied upon by Dr. Brown in reaching his conclusions as explained in this testimony at trial. The parity between the testimony and the Expert Report is such that the opinions of Dr. Brown are efficiently summarized in the Expert Report. Cross examination did not show otherwise. Thus, reviewing the Expert Report may

Notice of Suggestion of Authority
July 22, 2020
Page 3

result in judicial efficiency. The Court's ability to study the Expert Report will allow His Honor to more fully understand Dr. Brown's methodology and opinions, with notable aid offered by the charts contained therein specifically showing the impact that AVID is expected to have with African American students. To the extent that the Court does not find the Expert Report helpful, or takes issue with the methodology more fully explained therein, the Court is able to weigh the Expert Report's helpfulness.

At the hearing on trial on July 17, 2020, counsel for Intervenors did not invoke Rules 801(d), 803, and 804. Intervenors did so on July 22, 2020. (Doc. 5668). Herein being given an opportunity to respond, PCSSD argues that, to the extent that the Court is persuaded by the hearsay argument, the Expert Report qualifies as non-hearsay under Rule 801(d) to rehabilitate the declarant's credibility as a witness when Intervenors attacked him on another ground—by dramatically *voir diring* the expert, and attacking his qualifications and alleged bias throughout his entire appearance. Moreover, Dr. Brown testified at trial and was subject to cross-examination about his Expert Report, which is a prior statement under Rule 801(d). Dr. Brown's testimony as a whole showed that his Expert Report was consistent with his testimony at trial, and Intervenors did not prove otherwise. The Expert Report contains graphs and research which largely substantiate and explain his opinions, thus rehabilitating the declarant's credibility as a witness following Intervenors' attack. Therefore, the hearsay rules present no bar to admission.

Intervenors cited *Bruhn Farms Joint Venture v. Fireman's Fund Ins. Co.*, *United States v. Lasley*, and *Piper v. Sophia* as cases which barred expert reports. (Doc. 5668). Those cases did indeed exclude expert reports, however those cases all involved jury trials. The risk inherent in a jury trial is absent here. In any event, those cases do *not* stand for the proposition that there is a bar against admission of an expert report in a bench trial. By contrast, in light of the authority and augments presented above, PCSSD merely argues that it would not be error for the Court to admit the AVID expert report, and to place on that Expert Report whatever weight, if any, the Court chooses to the extent it is helpful. Based on this, PCSSD respectfully requests that Court grant its pending motion to admit Exhibit 14.

                Respectfully submitted,

                MITCHELL, WILLIAMS, SELIG,
                GATES & WOODYARD, P.L.L.C.

By
                Devin R. Bates