FILED
AUG 7 1968
W. H. McCLELLAN, CLERK
BY 7
Dep. Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF ARKANSAS

WESTERN DIVISION

KAREN ZINNAMON and DUIELLA ZINNAMON, minors, by their father and next friend, JOHN E. ZINNAMON; KARL LYNN AUSTIN, a minor, by his parent and next friend, MACK JONES; DANNY BROWN, a minor, by his parent and next friend, MRS. ERMA JEAN AUSTIN; KAYE EILEEN BROWN, a minor, by her parents and next friends, MR. and MRS. JAMES BROWN; BENNIE COHENS, JR., and EDWIN COHENS, minors, by their father and next friend, MR. BENNIE COHENS, SR.; WILHELMIA DICKERSON, a minor, by her parent and next friend, MRS. ORA DICKERSON; MARSHA CROSTON, REGINA EDWARDS, ROY A. EDWARDS, and SPENCER EDWARDS, minors, by their parent and next friend, LEROYCE EDWARDS; RICKY GRANT and RICHARD GRANT, minors, by their parents and next friends, MR. and MRS. RICHARD GRANT; NANCY GREEN, a minor, by her parents and next friends, MR. and MRS. DICK GREEN; JOHNNY LEE GREEN and PATRICIA GREEN, minors, by their parent and next friend, JOHN LEE GREEN; ALYCE HAMILTON and WENDELL HAMILTON, minors, by their parent and next friend, CUDELIONS HAMILTON; WANDA HARPER, a minor, by his parent and next friend, MRS. CLAUDEAN HARPER; ANNETTE HARPER and RICHARD HARPER, minors, by their parent and next friend, RICHARD HARPER; ZOBIEDA HARRIS, a minor, by her parent and next friend, MRS. BOBBIE HARRIS; CATHERINE HAYNES, EMMA JEAN HAYNES, LENORE HAYNES, REGINA HAYNES, REGINALD HAYNES, and ROYCE M. HAYNES, by their parent and next friend, MR. ROYCE HAYNES; ETHEL J. WILSON, a minor, by her parent and next friend, MRS. BARBARA HUNT; TOMMY HUNT, a minor, by his parent and next friend, GEORGE HUNT; DEBRA JACKSON, a minor, by her parent and next friend, MRS. ELSIE JACKSON; MARY JOYCE JACKSON, a minor, by her parent and next friend, MRS. ODESSA JACKSON; BERNESTINE McCLURE, A minor, by her parent and next friend, FRANK LOVE; SHARON KAY McCUIEN and JEFFREY McCUIEN, minors, by their parents and next friends, MR. and MRS. JOE McCUIEN; MARY JOYCE ARRINGTON, a minor, by her parent and next friend, MRS. ESTER McCUIEN, GEORGE MADDEN, JR. and KERRY MADDEN, minors, by their parents and next friend, Mr. and MRS. GEORGE MADDEN; MELODY MADDEN, a minor, by her parent and next friend, MRS. WILDA MADDEN; CATHY MOLTON, a minor, by her parent and next friend, JOSEPH MOLTON; PHYLLIS K. MOTON, a minor, by her parent and next friend, JOSEPH GENE MOTON; KELON ROY MOTTON and DARRELL MOTTON, minors, by their parents and next friends, MR. and MRS. JOSEPH MOTTON; RONNIE C. LASKER, a minor, by his parent and next friend, MRS. LOUDONIA PACE; RICKY PACE, a minor, by his parents and next friends, MR. and MRS. JESSIE PACE; HELEN FAYE PACE and DENNIS JOHNSON, by their parent and next friend, MRS. HELEN PACE; LORESA PACE, a minor, by her parent and next friend, JESSIE PACE; MITCHELL PERKINS, JR., MILTON E. PERKINS, and WILLIAM W. PERKINS, minors, by their parents and next friends, MR. and MRS. Mitchell Perkins; SANDRA JACKSON, a minor, by her parent and next friend, HOMER PERKINS; TOMMY RICKS and DONALD WAYNE RICKS,

CIVIL ACTION

NO. LR 68C-154

Exhibit D 8

minors, by their parent and next friend,
MRS. ACQUILLA RICKS; KEVIN RICKS, a minor,
by his parent and next friend, LEON RICKS;
BEVERLY PEARSON, a minor, by her parent and
next friend, MRS. MERRIAL ROBINSON; ILICE SMITH,
a minor, by her parent and next friend, MRS. DORENE
SMITH; ELIZA SMITH, a minor, by her parent and next
friend, MRS. HENRIETTA SMITH; DONNA FAYE SMITH, a
minor, by her parent and next friend, GEORGE SMITH;
KAREN STARKS, a minor, by her parent and next friend,
CURTIS STARKS; WILLIE GENE STRATTON, and CURTIS
STRATTON, minors, by their parents and next friends,
MR. AND MRS. WILLIE C. STRATTON; MARY NIEL TIMS and
PATRICIA TIMS, minors, by their parent and next
friend, MRS. CEOLA TIMS; GARY WAYNE TIMS and STORY
TIMS, minors, by their parent and next friend, MRS.
GERTIE TIMS; JANICE ROSE TIMS, a minor, by her parent
and next friend, MRS. IRENE TIMS; RANDY TIMS, a minor,
by his parent and next friend, ELWIN A. TIMS; DONALD
W. TIMS and KENNETH W. TIMS, minors, by their parent
and next friend, ROOSEVELT TIMS; CHRISTINE BROWN and
VIRGIL TERRY, minors, by their parent and next friend,
MRS. ELOISE TERRY; CHRISTOPHER A. WALLACE, a minor,
by his parent and next friend, CHRISTOPHER WALLACE;
ERIC JOHNSON, a minor, by his parent and next friend,
LETHA WALLACE; DEBORAH MOSLEY, a minor, by her parent
and next friend, CAL WHITE; RAYMOND WHITE, RAMONA
WHITE, TERRY M. WHITE, and TONI WHITE, minors, by
their parent and next friend, WILLIAM WHITE;  MARIAN
WICKS and ROBIN WICKS, minors, by their parent and
next friend, ROBERT WICKS; TIURONA WILKINS, a minor,
by her mother and next friend, JERELINE WILKINS;
ailene perkins, a minor, by her parent and next friend,
MRS. FLORENCE WILLIAMS; TERRY WILLIAMS, a minor, by
her parent and next friend, JOHN WILLIAMS;  JOYCE ANN
WINSTON, a minor, by her parent and next friend, MRS.
CHARLOTTE WINSTON,

PLAINTIFFS,

VS.

BOARD OF EDUCATION OF THE PULASKI COUNTY SPECIAL SCHOOL
DISTRICT, a public body corporate; and LEROY GATTIN,
Superintendent of Schools of the Pulaski County Special
School District

DEFENDANTS.

C O M P L A I N T

I

The jurisdiction of this Court is invoked pursuant to
Title 28 U.S.C. §1343(3) and (4), this being a suit in equity



authorized by law, Title 42 U.S.C. §1983, to be commenced by any citizen of the United States or other person within the jurisdiction thereof to redress the deprivation under color of law of rights, privileges and immunities secured by the Constitution and laws of the United States. The rights, privileges and immunities herein sought to be redressed are those secured by the due process and equal protection clauses of the Constitution of the United States.

II

A. This is a proceeding for a declaratory judgment pursuant to the provisions of 28 U.S.C. §2201 to determine the legal rights and relations between the respective parties.

B. This is also a proceeding for a permanent injunction enjoining defendants from maintaining or continuing to maintain a policy, practice, custom or usage of operating the Pulaski County public schools on a racial basis in violation of the Constitution and laws of the United States and in derogation of current judicial and administrative standards for desegregation.

III

Plaintiffs bring this action as a class action on their own behalf and on behalf of all others similarly situated, pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. Members of the class on behalf of whom plaintiffs sue are so numerous that joinder of all members is impracticable. However, there are common questions of law and fact affecting the right of Negro students attending school within the defendant school districts to an equal educational opportunity within a desegregated school district. The claims of plaintiffs are typical of the claims of the class, and plaintiffs fairly and adequately protect the interests of the class. Defendants have acted and/or refused to act on grounds generally applicable to the class plaintiffs represent, thereby making appropriate final injunctive relief in favor of plaintiffs and the class.

IV

Plaintiffs are Negro citizens of the United States and of the State of Arkansas, who reside within the defendant Pulaski County Special School District. Minor plaintiffs attend and are eligible to attend schools operated by defendants.

V

Defendants are the Board of Education of the Pulaski County Special School District, a public body corporate, and Leroy Gattin, Superintendent of Schools of the Pulaski County Special School District.

VI

Defendants operate a system of schools for all pupils within the district. All of the schools which were identifiable as Negro schools in 1954 remain identifiable as Negro schools at present. On information and belief, a small number of Negro pupils now attend the schools historically identified as white schools. They so attend pursuant to a freedom of choice desegregation plan that the district adopted as a condition for continued federal financial assistance.

VII

The defendants have made no plans to change the existing pattern of pupil assignments or enrollments other than the adoption of the free choice method.

VIII

By operation of racially identifiable schools, defendants fail to comply with the requirements of the Supreme Court of the United States to disestablish the presently existing dual pattern of schools for Negroes and white pupils.

IX

On information and belief, the schools operated by defendants for Negro pupils are inferior to those schools operated for and attended by predominantly white student bodies. Several high



schools operated by defendants for Negro pupils are not accredited by the N. C. A. of Secondary Schools and Colleges, while all of the white high schools are accredited by the North Central Association. On information and belief, several Negro schools so unaccredited are the Harris and Sweet Home Schools. Moreover, physical facilities are inferior, drainage problems more severe, parking less adequate, extra-curricular activities and areas of performance more limited at the Negro schools than at the white schools.

X

On information and belief, defendants are opposed to assigning white pupils to inferior Negro schools, such as the Shaw elementary school.

XI

On information and belief, the athletic department of the school district is completely segregated and coaches and administrators of the athletic department are employed, assigned and utilized on the basis of their race or color.

XII

On information and belief, all Negro principals within the system have supervisory control of only all-Negro schools and, in like manner, all white principals in defendant school district exercise authority only over predominantly or all-white schools.

XIII

On information and belief, defendants do not have a definite faculty desegregation plan which makes positive commitment to the prompt elimination of segregated faculties.

XIV

On information and belief, freedom of choice as a pupil assignment method has not effectively worked to disestablish the existing pattern of separate schools for Negroes and whites and there are feasible alternatives, including zoning and pairing, or a combination of both, available to the school district which would result, now, in disestablishment of the dual school system.

XV

Plaintiffs have communicated their desire to have the school system operated in conformity with the law to the District through undersigned counsel and through their elected representatives on the Board, but the District has not seen fit to abandon freedom of choice and replace it with a more effective method for achieving a unitary school system.

XVI

Plaintiffs have been deprived of their rights to equal protection of the laws because of defendants' well-established policy, practice, custom and usage of operating and maintianing racially segregated public schools and inferior schools for Negro pupils. Plaintiffs have no plain, adequate, or complete remedy at law to redress these wrongs and this suit for injunctive relief is their only means of securing adequate relief. Plaintiffs will continue to suffer irreparable injury unless defendants are temporarily and permanently enjoined from continuing to operate a racially established and maintained school system for Negro and white pupils and inferior schools for Negro pupils.

WHEREFORE, plaintiffs pray that this Court advance this cause on the docket, grant their motion for a temporary restraining order or a preliminary injunction, order a speedy hearing at the earliest practicable date, and upon such hearing enter a permanent, mandatory injunction requiring defendants to establish a unitary school system, in all respects, by the beginning of the 1968-69 school term.

Alternatively, plaintiffs pray that defendants be given ten days within which to present alternative desegregation plans to the Court for its consideration which set out the degree and extent of desegregation within each school in the systeM now; along with any plans that the district may have which will affirmatively aid in the disestablishment of the pre-existing dual school system.

Plaintiffs further pray alternatively that this Court, after receiving such alternative plans, require defendants to immediately implement that plan which brings about the greatest degree of desegregation and to further issue a comprehensive decree

governing the aspects of school desegregation within the defendant district.

Plaintiffs also pray that the court grant them reasonable attorneys' fees, their costs herein, and such other, additional, or alternative relief as may appear to the Court to be equitable and just.

                                      Respectfully submitted,

                                      */s/ John W. Walker*

                                      JOHN W. WALKER
                                      1820 West 13th Street
                                      Little Rock, Arkansas 72204

                                      JACK GREENBERG
                                      JAMES M. NABRIT, III
                                      MICHAEL MELTSNER
                                      Suite 2030
                                      10 Columbus Circle
                                      New York, New York  10019

                                      Attorneys for Plaintiffs