IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| **LITTLE ROCK SCHOOL DISTRICT,** *et al.* | **PLAINTIFFS** |
| v.    No. 4:82-cv-866-DPM | |
| **NORTH LITTLE ROCK SCHOOL DISTRICT,** et al. | **DEFENDANTS** |
| **LORENE JOSHUA, et al.** | **INTERVENORS** |

## MOTION IN LIMINE

Jacksonville/North Pulaski School District (JNPSD), through its attorney Scott P. Richardson, states as follows for its *Motion In Limine*:

1. From its creation in November of 2014, through its final detachment on June 30, 2016, to today, JNPSD has complied in good faith with the requirements of Plan 2000.

2. **Testimony of Rep. Joy Springer:** The Joshua Intervenors may call Rep. Joy Springer to testify regarding JNPSD's compliance with the staffing, academics, discipline, and monitoring components of Plan 2000. Counsel for the Joshua Intervenors has stipulated that Rep. Springer is not an expert witness. Thus, she cannot offer opinions under Rule 702. She is a fact witness and may only testify to matters of which she has personal knowledge. Fed. R. Evid. 602. Any opinions that she may offer must pass the tripartite test of Rule 701. Fed. R. Evid. 701. That is, any opinions she offers must (1) be based on her own perceptions; (2) be helpful to understanding her testimony or determining a fact in issue; and (c) cannot be based on "technical or other specialized knowledge." Id. She cannot testify to hearsay or

1

otherwise rely on the personal knowledge or impressions of other (i.e. other "monitors" employed by the Joshua Intervenors). JNPSD requests that the same ruling as the Court issued on February 2, 2018 (DE # 5369) and July 6, 2020, (DE # 5654) govern any testimony offered through Rep. Springer.

    3.    **Attorneys appearing by telephone:** JNPSD agrees with the Court's description that Mr. Pressman's participation "by telephone has been challenging at best; full remote participation by telephone or video in a trial is unworkable." Order DE # 5654, p. 2-3. During the recent trial with PCSSD, Mr. Pressman's remote participation raised substantial difficulties. The Intervenors appeared to have at least three local attorneys who ably presented the case. JNPSD respectfully suggests that local counsel should be able to present the case without the complexities caused by the remote participation. If the Court is inclined to allow Mr. Pressman to appear by telephone again, the limits imposed for the July 2020 PCSSD trial should remain in place. DE # 5654 p. 3.

    4.    **Evidence of Arrests on Campus:** JNPSD anticipates that the Intervenors may attempt to elicit testimony or present evidence regarding arrests of students from JNPSD or the so-called "school to prison pipeline." While JNPSD respects the point being made, it has nothing to do with this case. There has never been a finding of any constitutional violation in the area of student discipline in PCSSD or JNPSD. The portion of this case covering student discipline deals solely with the manner in which JNPSD manages school discipline of students. Involvement of law enforcement authorities in the commission of crime by students is not at issue.

Raising such issues at this late date risks interjecting a complex matter over which JNPSD has limited if any control. For example, citizens, including public employees, generally have a First Amendment right to report suspected crime to law enforcement. *See Borough of Duryea v. Guarnieri*, 564 U.S. 379 (2011)(discussing public employee rights to speech and to "petition the Government for a redress of grievances"); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508 (1972)(holding right to petition extends to all departments of government); *Gable v. Lewis*, 201 F.3d 769 (6th Cir. 2000)(applying right to petition to complaints made to police department). Any decision over this issue would have to parse out what complaints were made from the citizenry of JNPSD and what complaints were made from JNPSD or its employees on behalf of the District. That question alone would divert substantial trial time and resources on an issue that appears nowhere in Plan 2000. Accordingly, JNPSD request that the Court prohibit the introduction of testimony, evidence, or argument on criminal activity, arrests, or other interactions of JNPSD students with the criminal justice system.

**5.** **Implicit bias:** It is without question that this case is (or should be) based on a violation of the Fourteenth Amendment's equal protection clause. That clause forbids intentional discrimination in education; here, *de jure* segregation. No level of negligent discrimination is at issue. During the recent trial with PCSSD, an issue of "implicit bias" came up. The term "implicit bias" generally describes a bias that arises from a person's unconscious mind that guides their decision-making while the actor remains unaware of its influence. Gregory Mitchell & Philip E. Tetlock,

3

*Antidiscrimination Law and the Perils of Mindreading*, 67 Ohio St. Law J. 1023, 1034-35 (2006). Generally, allegations of implicit bias require expert analysis and testimony to ferret out and demonstrate some level of causality. Frank Harty & Haley Hermanson, *Implicit Bias Evidence: A Compendium of Cases and Admissibility Model*, 68 Drake Law Rev. 1 (2020). Courts are split on the efficacy and (more importantly) the admissibility of such evidence. *See Jackson v. Scripps Media, Inc.*, 2019 WL 6619859, 104 Empl. Prac. Dec. P. 46,428, Case no. 18-00440-CV-W-ODS, (W.D. Mo. Order dated Dec. 5, 2019). Allegations of "stereotyped thinking" (i.e. implicit bias) must be supported by real evidence that demonstrates its connection to allegedly discriminatory policies or actions by the defendant. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 353-355 (2011). No such evidence was presented in the PCSSD case and JNPSD anticipates no such evidence being presented in its case. The Intervenors have not identified any potential witness with the qualifications to testify regarding implicit bias and its alleged effects in JNPSD and therefore should not be allowed to elicit testimony about this matter.

6. The Joshua Intervenors identified in discovery only district personnel as potential witnesses in this matter. Accordingly, they should not be allowed to tender any other witnesses or documents not identified or disclosed in discovery.

7. JNPSD expects to have either Superintendent Bryan Duffie or Assistant Superintendent Tiffany Bone in attendance at trial each day. Given their responsibilities in managing the school district during the pandemic they will need access to their cell phones at least on breaks. JNPSD requests that they be allowed

4

to bring their phones to the courtroom so that they can attend to district business as needed during breaks and if any emergency arises.

WHEREFORE, JNPSD respectfully requests that this motion be granted and for all other relief to which JNPSD is entitled.

                                            Respectfully Submitted,

By:    Scott P. Richardson (2001208)
         McDaniel, Wolff, & Benca, PLLC
         1307 West 4th St.
         Little Rock, AR 72201
         501.954.8000
         866.419.1601 fax
         scott@mwbfirm.com

         Attorney for Jacksonville/North Pulaski School District