**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**LITTLE ROCK SCHOOL DISTRICT,** *et al.*                    **PLAINTIFFS**

**v.**                    **No. 4:82-cv-866-DPM**

**NORTH LITTLE ROCK SCHOOL DISTRICT,** et al.                    **DEFENDANTS**

**LORENE JOSHUA, et al.**                    **INTERVENORS**

**PRE-TRIAL DISCLOSURE SHEET**

Jacksonville/North Pulaski School District ("JNPSD"), through its attorneys Scott P. Richardson, states as follows for its *Pre-Trial Disclosure Sheet*:

1.    <u>**The identity of the party submitting information**</u>

Scott P. Richardson, attorney for the Defendant Jacksonville North Pulaski School District.

2.    <u>**The names, addresses and telephone numbers of all counsel for the Defendant**</u>

Scott P. Richardson
McDaniel, Wolff, & Benca, PLLC
1307 West 4th Street
Little Rock, AR  72201
(501) 954-8000

3.    <u>**A brief summary of claims and relief sought**</u>

JNPSD seeks a declaration of unitary status and release from Court supervision in the areas of staffing, academics, discipline, and monitoring.  JNPSD has brought its motion under Federal Rule of Civil Procedure 60 because under 60(b)(5) "the judgment has been satisfied, released, or discharged" and "applying it

prospectively is no longer equitable" and under 60(b)(6) many other reasons justify relief from Plan 2000. JNPSD contends that it has complied with the requirements of Plan 2000 and the Fourteenth Amendment of the United States Constitution in these areas of and should be released from Court supervision. Alternatively, JNPSD seeks a declaration of partial unitary status and release from Court supervision for any and all areas for which the Court may find that it has not complied with Plan 2000 and a statement of what actions JNPSD must take in order to be declared fully unitary in this area.

JNPSD also seeks a declaration from the Court that it's facilities plan is consistent with the Fourteenth Amendment and Plan 2000 and that, if followed, will produce a school district that is unitary in the area of facilities.

**4.    Prospects for settlement:**

The parties have discussed settlement. It appears unlikely at this time.

**5.    The basis for jurisdiction or objections to jurisdiction:**

The Court has federal question jurisdiction under 28 U.S.C. 1331 for the federal issues.  Jurisdiction over JNPSD for anything not covered by Plan 2000 and that has been previously declared unitary and released from Court supervision is barred by sovereign immunity and Arkansas Code Annotated § 21-9-301 except to the extent allowed by 42 U.S.C. § 1983. Court authority over areas that have been declared unitary and released from Court supervision is barred by *res judicata*, issue preclusion, claim preclusion, and the law of the case.  The Court lacks jurisdiction

over areas and remedies that are not the subject of a prior finding of a constitutional violation.

6.    **A list of pending motions:**

JNPSD has filed a Motion in Limine.  No other motions are pending for pre-trial disposition. JNPSD has filed a Motion for Unitary Status to be resolved at trial.

7.    **A concise summary of facts:**

JNPSD was created by Order of the Arkansas State Board of Education in November 2014. The new District developed under the administration of the PCSSD for the following year and a half. It began independent operation on July 1, 2016.

Since that time, JNPSD has operated in compliance with Plan 2000 as explained in its Motion for Unitary Status and Brief in Support. Staffing: On September 25, 2018, the Court held that JNPSD was unitary in staffing, but saved one area for continued court supervision: recruitment. Since then, JNPSD has continued its efforts to extend incentives to teachers (with a focus on African-American teachers) to obtain certification in early childhood, primary, and secondary core areas. JNPSD has its "Grow Your Own" initiative for participation by classified personnel (i.e. non-licensed staff), its tuition reimbursement program for licensed educators, its teacher cadet program for encouraging students to become certified educators. Participation by African-American educators and potential educators has increased as has JNPSD's percentage of African-American educators in general. Academics: When it began independent operations, JNPSD took on a student body with significant struggles in academic performance and student discipline. In

response, JNPSD has made significant efforts to improve student performance. In addition to its regular curriculum that is open and addresses the needs of all students JNPSD has adopted a number of programs to supplement its educational services and improve educational performance with a focus on African-American student performance. JNPSD has utilized Response to Intervention ("RTI") to identify and target the individual needs of students who struggle to learn. Professional Learning Communities ("PLC") in which teachers, administrators, and other school level educators collaborate on issues facing their schools from strategic planning to individual student needs with the goal of raising student achievement. Titan Time is a program JNPSD created to allow targeted interventions for students struggling to maintain grade level performance. NWEA Map testing enhanced the Districts ability to assess individual student learning. The Court heard much about AVID during the PCSSD trial, JNPSD has adopted AVID as well at the elementary and secondary levels. JNPSD has also joined the Ford Next Generation Learning ("Ford NGL") initiative to provide enhanced educational opportunities and college and career readiness focused education.  With regard to Donaldson Scholars, when JNPSD became independent Donaldson was in its third year of operation. JNPSD contributed a proportionate share of cost to the program and supported the recruitment to the program.

Discipline: JNPSD's system of student discipline (rules, infractions, and responses) was largely carried over from PCSSD. The District has devoted substantial attention to Plan 2000's requirements including adopting monitoring

initiatives that help ensure that student discipline in JNPSD is equitably maintained. Monitoring is a consistent part of all of the above processes (as appropriate for a district the size of JNPSD). While JNPSD has not produced an overall comprehensive monitoring report like PCSSD, its educators use the strategic planning process and other processes (many described by Ms. Powell) to evaluate and adapt its educational system to the needs of its scholars.

8.   **All proposed stipulations:**

JNPSD proposes that the parties stipulate to the authenticity of the exhibits listed herein and the admissibility of all public and court records identified below.

9.   **Issues of fact expected to be contested:**

 JNPSD anticipates that all issues of fact will be contested.

10.   **Issues of law expected to be contested:**

Whether JNPSD has complied with the Fourteenth Amendment and section L of Plan 2000 with regard to staffing the District.

Whether changed circumstances warrant full release of JNPSD from Plan 2000 and court supervision.

Whether the Court can continue to enforce Plan 2000 when its remedies cannot be shown to relate to a prior finding of a constitutional violation or that are not shown to relate to an identifiable vestige of prior segregation in PCSSD.

11.   **A list and brief description of all exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence.   Separately designate those**

**documents and exhibits that the Defendants expect to offer and those that the party may offer.**

Defendant expects to offer the exhibits in the list attached as Exhibit A.

*Defendant may also offer the following:*

A.    Any additional items provided to or by any Party in discovery,

B.    Any and all exhibits listed by the parties in this case.

C.    Any and all documents and exhibits entered in the record in this case or the *Zinnamon* case.

12.   **The names, addresses, and telephone numbers of witnesses for the Defendant, separately identifying witnesses whom the Defendant expects to present and those whom the Defendant may call. Designation of witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

*Defendant expects to call the following witnesses:*

Dr. Brian Duffie
JNPSD Superintendent

Dr. Tiffany Bone
JNPSD Assistant Superintendent

Mr. Greg Hodges
JNPSD Assistant Superintendent

Mrs. Tammy Knowlton
JNPSD Director of Human Resources

Mr. Jacob Smith
JNPSD Dir. of Federal Programs and Student Services

Mrs. LaGail Biggs
JNPSD High School Principal

Mrs. Janetta Castleman
JNPSD Middle School Principal

Mrs. Janice Walker

Lester Elementary School Principal

Mrs. Shana Loring
Taylor Elementary School Principal

Mrs. Tracy Garrison
Arch Ford Educational Service Coop
101 Bulldog Dr.
Plumerville, AR 72127
501-354-2269

Ms. Margie Powell
Court's Expert

Ms. Tiffany Ellis
Intervenor

Ms. Linda Morgan
Intervenor

Defendants may call any witness identified in discovery and any witness identified by Intervenors.

13. **The current status of discovery, a precise statement of the remaining discovery, and an estimate of the time required to complete discovery.**

The discovery cutoff has passed.

14. **An estimate of the length of trial and suggestions for expediting disposition of the action.**

JNPSD anticipates that trial could be completed in two weeks.

Respectfully Submitted,

By:    Scott P. Richardson  (2001208)
McDaniel, Wolff, & Benca PLLC
1307 West 4th St.
Little Rock, AR 72201
501.954.8000
866.419.1601 fax
scott@mwbfirm.com

Attorney for Jacksonville/North Pulaski
School District