IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LITTLE ROCK SCHOOL DISTRICT                                    PLAINTIFF

v.                          Case No. 4:82-cv-00866-DPM

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT, ET AL                                          DEFENDANTS

EMILY MCCLENDON, TAMARA EACKLES,
VALERIE STALLINGS, TIFFANY ELLIS AND
LINDA MORGAN                                                    INTERVENORS

### INTERVENORS' PRETRIAL DISCLOSURE SHEET
### REGARDING JNPSD'S HEARING

**1. Identity of Parties**:

Intervenors are the class consisting of all African American and black students enrolled in the JNPSD and their parents and other care givers (persons in loco parentis). Defendants are the Jacksonville North Pulaski School District, the Jacksonville North Pulaski School District Board of School Directors and the individual members of the Board of School Directors.

**2. Parties Legal Counsel**:

Austin Porter
Porter Law Firm
323 Center Street
Little Rock, Arkansas  72201

Robert Pressman
22 Locust Avenue
Lexington, MA  02421

1

Shawn G. Childs
Lawrence A. Walker
John W. Walker, P.A.
1723 S. Broadway
Little Rock, Arkansas 72206

3. **Summary of Claims and Relief Sought**:

JNPSD is required to implement five sections of Plan 2000. These sections address discipline, school facilities, staffing incentives, student achievement, and monitoring. Intervenors seek the denial of JNPSD's motion for a ruling of full unitary status and termination of court supervision in these areas, with the exception of school facilities where it is understood that the Court's supervision is to continue in accord with the ruling of September 25, 2018. Intervenors may seek additional affirmative relief, if shown to be necessary based upon the evidence at the hearing. At an appropriate time, Intervenors will also seek an award of attorney's fees and costs for their monitoring and substantive work.

4. **Prospects for Settlement:**

No current prospects for settlement.

5. **Jurisdictional Basis:**

Jurisdiction is pursuant to 28 U.S.C. Sec. 1343(a)(3).

6. **Pending Motions**:

   a) JNPSD's Motion in Limine to Properly Allocate the Burden of Proof;

   b) JNPSD's Motion in Limine (multiple topics); and

   c) JNPSD's Motion for Unitary Status.

7. **Summary of Facts:**

Intervenors' position is that JNPSD has the burden of proof on all Plan 2000 issues. This position is not waived by any of the content of the following summaries, or this document overall. Intervenors have provided a detailed statement of their position on the relevant facts in their Brief in Support of Intervenors' Opposition to JNPSD's Motion for Unitary Status. See 5694 at 2 -31 (September 8, 2020).

## Court Expert

a) The Court expert did not carry out in a neutral manner the assignment to complete eight reports. Nothing in the Court's description of the assignment suggested favoring the districts in the opportunity to provide input to the extent this was planned and occurred. This included providing only the districts the opportunity to provide input regarding the first five reports completed. These reposts included the JNPSD staffing incentives, student achievement and discipline reports. The district-only input approach continued, despite a communication from Intervenor's after the second of these reports, requesting the opportunity to participate in the process. When the Court expert first requested input from Intervenors, regarding the PCSSD facility report, the only query posed related to a pre-2010 Maumelle High School issue. Current facility issues were ignored in this input request.

b) The JNPSD monitoring report is the only JNPSD report on which the Court expert secured Intervenors' input. Ms. Powell resolved all issues on JNPSD monitoring in accord with the district's position. The report also relied on an approach to compliance with Section N. 3. reporting requirements, with no support in the text of N. 3. or the case history.

c) The Court Expert's reports are marked by inadequate analyses. For example, the Court Expert did not secure input from school level personnel regarding the extent of implementation of programs which she discussed. .

8. **Proposed Stipulations**: None.

9. **Contested Issues of Fact**:

a) the extent of implementation of each of the requirements of Plan 2000 in each of the four areas in which a determination of unitary status and release from Court supervision is sought, student achievement, discipline, staffing incentives and monitoring.

b) the duration and the extent of implementation of each implementation step JNPSD claims it has implemented to comply in each of the four areas, student achievement, discipline, staffing incentives and monitoring.

### Student Achievement

c) in addition to a) and b), facts regarding the extent of the performance gaps.

d) the facts regarding ACT Aspire results by subject matter.

### Discipline

e)  in addition to a) and b), identification of racial disparities in the imposition of discipline techniques and particular offenses.

f) the racial makeup and the educational programming in the alternative learning environments.

g) facts regarding the referral of students to the juvenile justice system and the racial composition of the students referred.

h) the facts regarding the accuracy of district data, including the numbers of referrals for discipline issues and discipline techniques imposed.

### Facilities

While the current JNPSD motion does not concern a facility issue, it will be necessary at some point for the Court and the parties to address the Murrell Taylor Elementary school funding issue.

### Staffing Incentives

i) The facts regarding JNPSD's assertion of compliance with the staffing incentive provisions.  See Intervenors' Brief in Opposition to JNPSD's Motion for Unitary Status, Document 5694 at 29 (Intervenors' suggestion of an approach to developing the facts on this obligation at the Hearing).

### Monitoring

j) the extent of JNPSD's monitoring efforts.

k) the facts regarding the extent of compliance with Plan 2000 N.(3) reporting requirements.

l) facts regarding the implementation and the monitoring of the staffing stipulation and special education agreements, included in the determination of unitary status for these areas.

### Court Expert

m) the facts regarding the process by which the Court Expert completed the eight reports; and

n) the adequacy of the content of the Court Expert's reports.

10. **Contested Issues of Law**:

a) whether the Court should resolve the Motion for Unitary Status in the areas of student achievement, discipline, staffing incentives, and monitoring in accord with the standards set forth in Intervenors' brief. See 5694 at 31-37.

b) whether JNPSD's current argument regarding the nature of the student achievement, discipline and monitoring relief is barred by laches and waiver.

c) whether, if the issue is reached, the student achievement, discipline and monitoring relief is properly identified as within the bounds of lawful settlements, in the light of the relevant factual history and the totality of the applicable legal principles.

d) the weight to be given in assessing compliance in an area to the fact that a program is in the early stages of implementation, or involves a limited number of students.

   e) whether the Court Expert functioned in a neutral manner in completing the eight reports.

   f) the resolution of the issues raised by each of the Motions in Limine.

11. **Exhibits**:

### Achievement

1) Leadership Team minutes (JNPSD discovery response; see example cited in brief and motion response)

2) ACT Aspire results provided to Court Expert (April-May, 2019)

3) Charts of ACT Aspire results for Reading and Science (April-May, 2019)

4) Final Business Rules for Calculating the 2019 ESSA School Index Scores (excerpts) (Interpretations of four levels of reading and science scores)

5) AVID secondary school enrollment data

6) AVID secondary school participation process

7) Sample School Comprehensive Plan reports 2016-17

8) School Improvement plans 2018-19 (titled Strategic Plans)

9) District Strategic Plan for 2018-19

10) School Improvement plans 2019-20 (titled Strategic plans)

11) District Strategic plans for 2019-20

12) Individual School Plans for Improvement for School Board Work Session on October 29, 2019

13) Agenda and Minutes for Board Work Session on October 29, 2019

14) Agenda for school board meeting of May 7, 2018 and report excerpts

15) Monitoring communications dated February 27, 2017 regarding Ross Plan obligations regarding quarterly and monthly meetings

16) Monitoring communication dated April 2, 2018 regarding Ross Plan obligations

17) Meeting notes by Joy Springer regarding meeting held on April 18, 2018 regarding Ross Plan obligations

18) Agendas for court ordered monthly meetings hosted by Intervenors (also relates to discipline, staffing incentives and monitoring)

19) JNPSD's responses to Intervenors Discovery Requests (Excerpts)

### **Discipline**

20) Annual Discipline Reports from 2016-17 through 2019-20 (semester one of 2019-20)

21) Charts providing examples of discipline disparity for different years and different elements of the school system and students enrolled

22) Jacob Smith's email to administrators dated February 11, 2019

23) Agenda for school board meeting of February 12, 2019, report excerpts and minutes of meeting

24) JNPSD racial disparity in discipline guidelines (Bates JNPSD 1542)

25) Chart provided by Jacob Smith with data showing out-of-school suspensions for subjective rule violations, by race and gender, for the 2019-20 school year (provided 2/7/2020)

26) Chart showing racial disparity in out-of-school suspensions for subjective offenses (See 25 – data utilized)

27) Excerpt from JNPSD Plan of Support showing "referrals" by race for 2018 and 2019

28) Monitoring communications regarding referrals of class members to the juvenile justice center (Supt. Duffie identified as a recipient)

29) Monitoring communications regarding quarterly and monthly meetings

30) JNPSD's responses to Intervenors' discovery requests to JNPSD regarding Discipline (excerpts)

## Staffing Incentives

31) JNPSD has the burden of proof on this issue (awaiting JNPSD exhibits to provide basis for understanding district's position)

32) Email dated 3/6/18 from Springer to Bone re " Grow Your Own"

33) Email dated 3/6/18 from Springer to Duffie re Grow Your Own

34) Email strand dated 12/19/19 re Springer's effort, unsuccessful, to secure documents JNPSD provided Court Expert for her work on L3 Staffing Compliance Report (informed by district and court expert that none were provided)

35) JNPSD's responses to Intervenors' L3 discovery (excerpts)

## Monitoring

36) Email dated 8/24/17 from Walker to Bone re Plan 2000 reports

37) Email dated 1/4/18 from Walker to Duffie re ASCIP plans

38) Email dated 2/26/18 from Springer to Bond re student achievement obligations

39) Email dated 3/7/18 from Springer to Duffie re Appearance before Board as a regular agenda request

40) Email strand dated 4/6/18 to Duffie re CWDSA

41) Email dated 6/5/18 from Springer to Bone re student achievement information

42) Email dated 7/19/18 from Springer to Duffie/Bone re district's strategic plan

43) Email strand dated 12/18/18 re documents for monitoring visits to schools

**Court Expert**

44) Email of Court Expert procedures provided to the JNPSD and PCSSD on July 23, 2019;

45) Court Expert email January 24, 2020 to Springer

46) Court Expert email dated April 30, 2020 to Springer

Intervenors reserve the right to utilize exhibits listed by the defendants. In addition, Intervenors reserve the right to utilize documents which they have produced to JNPSD as well documents JNPSD has provided to Intervenors.

12. **Charts, Graphs, Models, etc**.: Intervenors will make charts based on the information supplied by the defendants regarding achievement and discipline data.

See Exhibit numbers 3, 21 and 26.

13. **Witnesses**:

    a) Rizelle Aaron

    b) Tiffany Bone

    c) Bryan Duffie

    d) Gregory Hodges

    e) Tammy Knowlton

    f) Margie Powell

    g) Jacob Smith

    h) Joy Springer

**Intervenors also reserve the right to call any witness listed by the defendants as well as witnesses identified during discovery.**

14. **Request to Amend Pleading**: none

15. **Status of Discovery**: completed except for some supplemental responses to discovery requests.

16. **Suggestions for Expediting Trial**: Intervenors have suggested an approach for development of the Staffing Incentives evidence (See 5694 at 24).

17. **Estimated Length of Trial**:  The time designated by the Court (additional time may be needed).

Respectfully submitted,

/s/ Austin Porter, Jr.
Austin Porter, Jr. - # AB86145
PORTER LAW FIRM
323 Center Street, Suite 1300
Little Rock, Arkansas 72201
501-244-8200

Robert Pressman
22 Locust Avenue
Lexington, MA  02421
781-862-1955

Shawn G. Childs
Lawrence A. Walker
JOHN W. WALKER, P.A.
1723 Broadway
Little Rock, Arkansas  72206
(501) 374-3758
(501) 374-4187