IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LITTLE ROCK SCHOOL DISTRICT                                                    PLAINTIFF

V.                                        NO. 4:82-cv-866-DPM

PULASKI COUNTY SPECIAL SCHOOL
DISTRICT NO. 1, ET AL.                                                         DEFENDANTS

EMILY McCLENDON, ET AL.                                                        INTERVENORS

### PCSSD'S RESPONSE TO INTERVENORS' COMMENTARY ABOUT THE AUGUST 31, 2020 FACILITIES STATUS REPORT

Pulaski County Special School District for a brief response to Intervenors's commentary (Doc. 5699) about PCSSD's August 31, 2020 facilities report (Doc. 5690) submits the following.

### Financial Expenditures on Facilities

PCSSD reported a comparison of facility construction projects since the implementation of Plan 2000. (Doc. 5690, p. 28). Intervenors' commentary on this chart is notable chiefly for what it does not dispute. There is no complaint about the methodology used to make the facilities spending chart, the accuracy of the citations to the docket from which all of these figures were drawn, or the veracity of the numbers reported. Instead, Intervenors seem to argue about relevancy, or the weight that these figures should be given.

However, the very idea that *dollars spent per student* would be a relevant metric for the Court's consideration was Intervenors' idea in the first place. In Intervenors' Hearing Brief Regarding PCSSD filed on January 11, 2010, Intervenors filed "proposed findings of fact" for Judge Miller's consideration. (Doc. 4306). Therein, Intervenors urged Judge Miller to make findings such as "[t]he Maumelle Middle School facility cost was $16,717,259; its equipment

1

cost $1,703,772; and the cost for each student for whom the school has capacity, $21,929.79." (Doc. 4306, p. 35). In his 2011 opinion following the bench trial, Judge Miller adopted Intervenors' proposed findings of fact. *See e.g.*, (Doc. 4507, p. 75) ("The facility itself cost $16,717,259, and its equipment cost $1,703,772. *Id.* This resulted in a cost per student of $21,929.79"). As the source for these factual findings Judge Miller cited "Joshua Ex. 6-5." (Doc. 4507, p. 75).

This sobering truth places Intervenors' criticism of the *dollars spent per student* numbers in a different light. Prior to Intervenors' 2010 "proposed findings of fact" and Judge Miller's adoption of same, undersigned counsel is aware of no history in this case where a party urged the Court to look to the *dollars spent per student* metric or where a Court so directed its attention. This metric became relevant because Intervenors argued it into existence. To now cry foul is yet another attempt to move the goal post after it should be concluded that PCSSD has finally entered the end zone after 37 years. As this Court recently observed elsewhere, a litigant "cannot have it both ways" — he "cannot rely on the [thing] when it works to [his] advantage and ignore it when it works to [his] disadvantage." *Dorado v. St. Vincent Cmty. Health Servs., Inc.*, No. 4:19-CV-573-DPM, 2020 WL 4929284, at *1 (E.D. Ark. Aug. 21, 2020) (*quoting Am. Ins. Co. v. Cazort*, 316 Ark. 314, 322, 871 S.W.2d 575, 579 (1994). Or in the words of Mr. Porter at closing arguments in referencing the Denzel Washington film *Fences*, one must take the "crookeds with the straights."

### **Inaccurate Labeling**

Intervenors repeatedly speak in terms of "predominantly black zones" and "predominantly white areas". (Doc. 5699, p. 2). However, the statistics that Intervenors previously submitted to the Court do not support these conclusory labels. Intervenors reported that the district's high schools reflect the following:

|  | Black | White |
|---|---|---|
| **Sylvan Hills HS** | 44.8 % | 44.4 % |
| **Maumelle HS** | 44.4 % | 45.6 % |
| **Mills HS** | 61.9 % | 21.6 % |
| **Robinson HS** | 39.8 % | 49.3 % |

(Doc. 5690) (*citing* Doc. 5643, pp. 10-11) (Brief filed by Intervenors). Moreover, Intervenors' conclusion that PCSSD facilities spending benefits white students more than black students is objectively false when comparing the above demographic numbers to the *facilities cost per student* chart. (Doc. 5690, p. 28).

### **Uninvited Briefing**

Intervenors' submission reads more like a post-trial brief rather than a response to the narrow issues that PCSSD covered in its facilities report. For example, Intervenors state: "PCSSD does not discuss: the sequence or details of construction in the earlier period" and then themselves proceed to engage in this discussion. (Doc. 5699, p. 2). PCSSD did not discuss that topic, or the myriad others rehashed by Intervenors, because PCSSD received no indication that the Court desired post-trial briefing. PCSSD could respond point-by-point here, however will refrain from doing so unless the Court indicates that such a submission would be helpful.

Devin R. Bates (2016184)
M. Samuel Jones III (76060)
Amanda G. Orcutt (2019102)
MITCHELL, WILLIAMS, SELIG,
  GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Telephone:  (501) 688-8800
Facsimile:  (501) 688-8807
sjones@mwlaw.com
dbates@mwlaw.com

and

Jay Bequette
Cody Kees
Bequette Billingsley & Kees, P.A.
425 West Capitol Ave., Suite 3200
Little Rock, Arkansas 72201
Telephone:  (501) 374-1107
Facsimile:  (501) 374-5092
Mobile: (501 590-4500
jbequette@bbpalaw.com
ckees@bbpalaw.com

*Attorneys for Pulaski County Special School District*