# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | |
|---|---|
| **LITTLE ROCK SCHOOL DISTRICT** | **PLAINTIFF** |
| V. | NO. 4:82-cv-866-DPM |
| **PULASKI COUNTY SPECIAL SCHOOL DISTRICT NO. 1, ET AL.** | **DEFENDANTS** |
| **EMILY McCLENDON, ET AL.** | **INTERVENORS** |

### PCSSD'S RESPONSE IN OPPOSITION TO INTERVENORS' MOTION TO STRIKE

Pulaski County Special School District ("PCSSD"), for its Response in Opposition to Intervenors' Motion to Strike (Doc. 5724), submits the following:

1. All information presented in PCSSD's November 20, 2020, Special Status Report (Doc. 5723) is related to happenings at PCSSD in the first quarter of the 2020-2021 school year. This information could not have been presented in the July 2020 trial because the events had not yet occurred. The suggestion that submission is untimely thus does not even make sense.

2. In drafting the report, PCSSD was careful to present factual information and refrain from making any inferences or arguments thereon. As such, Intervenors' allegation that PCSSD filed its Special Status Report "making arguments" is simply unfounded. (Doc. 5724, ⁋ 4).

3. PCSSD did not even mention facilities in its Special Status Report. Intervenors' contention that PCSSD offered a "justification for not fulfilling its obligation to provide 'equal' facilities" thus relies on inferences and arguments made by Intervenors, but not actually found in PCSSD's special status report. (Doc. 5724, ⁋ 4).

4. Regardless of the fact that PCSSD did not even bring up the topic of facilities, PCSSD's "obligation to provide 'equal' facilities" is not a concept that could be altered by anyone at this point—whether by PCSSD through the filing of a Special Status Report or by Intervenors' filing a motion to strike the same. The parties have entered a controlling stipulation in order to "make PCSSD fully constitutional" upon the construction of a new Mills High School for $50 million and the conversion of Mills Middle School for $5 million (Doc. 5084, pp. 3-4). The Court approved this stipulation. (Doc. 5091). Thus, PCSSD need not offer any "justification" or "argument" on its "obligation to provide 'equal' facilities" and the Court need not entertain Intervenors' opening the door on such issues after this topic was fully ventilated at trial. PCSSD has no doubt that the Court is fully appraised of the parties' positions on this issue, and so no "justification" or "argument" is needed from either party. That is why PCSSD did not provide anything like this. PCSSD merely reported the facts.

5. Moreover, since the trial in this matter, and until PCSSD is declared unitary, certain things continue to happen associated with the pendency of this action, for example:

   a. PCSSD filed facilities status reports on August 31, 2020 (Doc. 5690) and on October 30, 2020 (Doc. 5721). PCSSD intends to file an upcoming facilities status report on or before December 31, 2020.

   b. The parties held a bi-monthly lunch meeting by teleconference on November 11, 2020, as hosted by JNPSD. Absent Court Order dispelling this ongoing obligation, PCSSD anticipates another such meeting in January 2021.

    c.  PCSSD has gathered information and worked on responding to requests for information as propounded on PCSSD by Intervenors even though there is no formal discovery at this time.

    d.  Once the 2019-2020 Annual Discipline Report and the 2019-2020 Annual Monitoring and Compliance Report were approved by the Board, PCSSD provided copies of the same to Intervenors.

    e.  Most importantly, PCSSD continues to make progress towards closing gaps and educating students through the ongoing act of holding school.

  6.  All of the above demonstrate that even though there is no scheduling order and even though the trial has technically concluded, this case is not static. Intervenors' motion to strike is apparently an attempt to prevent the Court from being aware of the happenings at PCSSD.

  7.  There is precedent in this case, and in fact it has been customary, for PCSSD to file various Special Status Reports to the Court outside of a formal trial and above and beyond the bi-monthly facilities reports. *See* (Doc. 1577) (Special Status Report about finances including budget cuts); (Doc. 1579) (supplement to Special Status Report about finances including budget cuts); (Doc. 1719) (Special Status Report concerning interdistrict school); (Doc. 2521) (Special Status Report concerning affirmative action); (Doc. 5206) (Special Status Report on developments related to PCSSD's fiscal distress and state action related to same); (Doc. 5215) (Status Report informing court on various case developments); (Doc. 5322) (Supplemental Status Report on facilities even though PCSSD had just filed a facilities report less than two weeks prior); (Doc. 5337) (Special Status Report on facilities even though one was not due).

8. Other than just PCSSD, Intervenors and other district defendants have also filed various Special Status Reports and various unscheduled reports on various topics over the years. *See* (Doc. 5338) (Intervenors' Status Report on facilities); (Doc. 5261) (JNPSD supplement to Status Report attaching numbers that just became available); (Doc. 1649) (LRSD Special Status Report regarding budget).

9. There is nothing inherently impermissible about Special Status Reports, they are in line with the history of this case, and in fact Intervenors are often critical when PCSSD does not keep them and the Court informed about developments in the district.

10. The Court can accept or reject the information in PCSSD's Special Status Report to the extent that the Court finds it helpful; the Court is certainly free to ignore the report if it so chooses. However, the filing of the report is not improper and does not warrant being struck.

WHEREFORE, the Pulaski County Special School District respectfully requests that the Court DENY Intervenors' motion to strike the Special Status Report.

> Devin R. Bates (2016184)
> M. Samuel Jones III (76060)
> Amanda G. Orcutt (2019102)
> MITCHELL, WILLIAMS, SELIG,
>   GATES & WOODYARD, P.L.L.C.
> 425 West Capitol Avenue, Suite 1800
> Little Rock, Arkansas 72201
> Telephone:  (501) 688-8800
> Facsimile:  (501) 688-8807
> sjones@mwlaw.com
> dbates@mwlaw.com
>
> and

Jay Bequette
Cody Kees
Bequette Billingsley & Kees, P.A.
425 West Capitol Ave., Suite 3200
Little Rock, Arkansas 72201
Telephone:  (501) 374-1107
Facsimile:  (501) 374-5092
Mobile: (501 590-4500
jbequette@bbpalaw.com
ckees@bbpalaw.com

***Attorneys for Pulaski County Special School District***

5