IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LITTLE ROCK SCHOOL DISTRICT                                            PLAINTIFF

VS.                           CASE NO. 4:82-CV-00866 DPM

PULASKI COUNTY SPECIAL SCHOOL
DISTRICT, ET AL.                                                        DEFENDANTS

EMILY MCCLENDON, ET AL.                                                INTERVENORS

<u>Intervenors' Response to JNPSD's  Third Annual  Facilities Status Report</u>

Come the intervenors, by and through their attorneys **John W. Walker, P.A**., **Robert Pressman**, and **Austin Porter Jr., d/b/a PORTER LAW FIRM**, and for their response to the Jacksonville North/Pulaski School District's third annual facilities status report, they make the following:

[1.] <u>JNPSD's Deficient Report</u>

The JNPSD facilities relief granted by the Court on September 25, 2018 twice stated a reporting requirement. The Court first wrote: "By July 1st each year starting in 2019, JNPSD must file a facilities report to the Court." Doc. 5445 at 7. And later: JNPSD " . . . obligation to file a progress report by 1 July 2019, and each year thereafter, until it completes its facilities plan." 5445 at 20. <u>JNPSD's initial report of July 1, 2019</u> evidenced recognition that reporting should address all incomplete projects. See 5500 at 1-3 (high school); at 4-6 (middle school); at 6-7 (Dupree and Pinewood replacement); at 9 (Taylor and Bayou Meto replacements). The <u>second annual report</u> was also complete in this sense. See Doc. 5651 at 1-3  (7-1-20).

JNPSD filed its <u>third "Status Report"</u> on July 1, 2021. Docs. 5731 and 5731-1. Its two sections address only the "Jacksonville Middle School" and the

1

"Elementary School Replacement for Pinewood and Dupree Elementary Schools." The report is incomplete and inadequate, because there is no mention of the Taylor and Bayou Meto elementary school projects. The Court has retreated from neither its 2018 facility orders, nor its completion by 2026 expectation. This includes the requirement that Taylor, the elementary school with the highest proportion of African American students, and Bayou Meto be replaced by facilities "equal to the . . . [Bobby Lester Elementary School] that opened in August 2018." Doc 5445 at 7.

Intervenors respectfully submit that JNPSD should have informed the Court and Intervenors: [a] whether there is any change regarding the problematic Taylor replacement, partnership funding picture; [b] the project completion dates JNPSD now projects for each of the Taylor and Bayou Meto projects absent some curative step[s]; and [c] what, if any, curative step[s] regarding the funding problem JNPSD has identified and is planning to take without Court intervention, which will result in completion of both replacement projects by 2026, or earlier.

This response discusses the condition of Taylor Elementary School; JNPSD's descriptions, over time, of the partnership funding problem and characterizations of the consequences; and Intervenor's remedial suggestions. The Court's Order of July 26, 2019, regarding the initial facility report, filed on July 1, 2019, specified that any Intervenor objections were due by August 28, 2019, Doc. 5507. This response to the third report draws upon that approximately 30-day time frame.

[2.] <u>Timely Replacement of Taylor Elementary School Is an Imperative</u>

As emphasized, Taylor is the elementary school with the highest proportion of African American and other students of color. [Ints.' H'g. Exh. 58] In the September 2018 JNPSD ruling, the Court wrote: "The intervenors are right. Sixteen years is just too long to make the children attending Taylor, about 70% of whom are black, and Bayou Meto, more than 80% of whom are white, wait for facilities that

2

are equal to other JNPSD elementary schools, especially the new one." [5445 at 5] There is consternation now; imagine its rightful level if Bayou Meto goes forward on schedule, but Taylor does not.

Recently, following initial review of the July 1st "Status Report," Intervenors secured the complete JNPSD 2021 Preliminary Facility Master Plan by a public records request initiated by Lead McClendon monitor Rep. Joy Springer. The district's new Superintendent, Dr. Jeremy Owoh, reported that it had been furnished to the state by the February 1, 2021 deadline. [Email to Ms. Springer on July 6, 2021] The Plan's Tab 14 ("Capital Projects Planned") includes a standard form on the Taylor replacement project. (**See Exhibit "A"**). The "Project Justification" text reads as follows:

> The main building of the Taylor ES was constructed in 1981 and has a building value of 22%. In 2025, the building value will be near 10%, and the school will be near the end of its anticipated life. Building systems for roof, HVAC, electrical, plumbing and site are in poor condition or need replacement as indicated on the district's Tab 12 condition ratings. Although the district originally planned to replace Taylor in the next decade, Federal Judge Price Marshall in a September 25, 2018 ruling ordered the district to replace the school by 2026 with a new school comparable to Lester ES to provide equity for the district's students. Judge Marshall noted the school would require state financial participation. <u>Taylor ES has several significant issues that adversely affect adequacy of of educational instruction</u>: 1) The open floor plan with partitions separating rooms makes it difficult to teach, learn, and test because of noise issues. 2) the student dining area is significantly undersized with POR required size of 4,275 square feet and actual size of 2,200 SF. This requires school to conduct five lunch periods beginning at 10:20 and many students are hungry at the beginning or end of the day. 3) The use of dispersed buildings (three portable buildings and the new multi-purpose building ) often places students in a condition that is not warm or dry. 4) The dispersed buildings and exterior classroom doors create security issues, and 5) "sick building" issues with school staff reporting respiratory illnesses

for staff and students. If a new school is built on another site, the new multi-purpose building can't be used. [emphasis added]

Based upon her trial testimony, Intervenors perceive that Ms. Loring, now the former Taylor principal, could add strength to a renewed district effort to seek early, full, partnership funding for a Taylor replacement. Testimony might well address: impact of building condition on the ability to attract and retain an experienced staff (she testified as to inexperienced staff); "sick building" impact on staff and student absences, and concomitantly achievement; very poor student test scores; many students requiring extraordinary support; only school in the system providing the CBI program, providing daily living skills to severely handicapped students.

The 2021 Master Plan Tab 14 form for the Bayou Meto project is attached herein as Exhibit "B". Its text regarding building systems is the same as that for Taylor. Its main structures are identified as older than those at Taylor; however, there is no text paralleling the 1)-5) portion of the Taylor form.

The Court has repeatedly described the merit of JNPSD's overall facility program. E.g., 5730 at 5. This notwithstanding, Intervenors' team can not be expected "to take the current Taylor scenario lying down." Counsel are required to seek a compliant, just outcome with vigor.

[3.] <u>Taylor and Bayou Meto Events Over Time as Reported by JNPSD</u>

[a] <u>JNPSD's Initial Annual Facility Report, Doc. 5500 (7-1-19)</u>

In this initial report, the content regarding the Taylor and Bayou Meto projects was brief and optimistic. Doc. 5500 at 9 ("With this new timeline, JNPSD anticipates completing construction of a new Taylor Elementary School by August 2024 and a new Bayou Meto Elementary School by August 2025.")

4

[b] <u>JNPSD's Interim Status Report, Doc. 5575 (3-3-20)</u>

This interim report identified problems arising from the Division of Public School Academic Facility and Transportation's (DPSAFT) preliminary determination of what State Partnership funding may later be authorized for the Taylor and Bayou Meto replacement projects. These amounts were only $1,385,017 for the Taylor project and $4,163,167 for the Bayou Meto project. DPSAFT correspondence explained how these determinations were made. Doc. 5575 at 2-3.

JNPSD wrote that "it is <u>unlikely</u> that JNPSD will be able to build [the Taylor] project with the meager amount of Partnership funding" identified. 5575 at 3 (emphasis added). In contrast, JNPSD wrote that "It is <u>likely</u> that JNPSD will be able to build [the Bayou Meto] project . . ." with "the amount of Partnership funding that may become available." 5575 at 4 (emphasis added).

JNPSD also reported that its utilizing the first of the two possible administrative appeals of the initial DPSAFT determinations was not successful. 5575 at 4.

[c] <u>JNPSD's Second Annual Facility report, Doc. 5651 (7-1-20)</u>

This report characterized the October 2019 DPASFT determinations this way: Bayou Meto (JNPSD request "partially denied"); Taylor (JNPSD request "denied all but a small percentage"). JNPSD reported that its second level appeal was not successful. It added, citing Ark. Code Ann. § 6-21-814, that the DPSAFT's decision was not subject to review under the Arkansas Administrative Procedure Act. JNPSD also wrote, a year before its incomplete July 2021 report, "JNPSD is assessing its options for further relief in this matter." 5651 at 1-2.

[d] Excerpts from the JNPSD 2021 Preliminary  FacilityMaster Plan

One of the documents secured by the recent public records request is  the "[JNPSD]  2021-21 Preliminary Master Plan  – Tab 6 Narrative"  (13 pages). It includes   a  shorter section titled "2021 Preliminary Master Plan" (pages  11-13). (**See Exhibit "C"**).

Exhibit "C" provides the following summary of events and  JNPSD conclusions..

JNPSD anticipated partnership participation of $6,240,672 for the Taylor project and $5,633,940 for the Bayou Meto project, a total  of $11, 874,612. Instead, DPSAFT approved $1,385, 017 for Taylor and $4,163,167 for Bayou Meto, a total of  $5,228,184. [C at 11, 12] JNPSD identified the shortfall as $6,327,000. [C at 12]

JNPSD first wrote: "In summary, the significantly reduced estimated state financial participation would not allow the district to satisfy its desegregation obligation and the Federal Court directives to construct the two schools." [C at 11; emphasis added] JNPSD then wrote: "The shortfall will likely mean the District can't satisfy its desegregation obligation in the time required by Judge Marshall's September  2018 directive. [C at 12; emphasis added] Exhibit "C" concludes : "If the Division does not provide replacement funding, then JNPSD will not be able to complete the facilities master plan as presented to the federal court."  [C at 13; emphasis added] The references to  being unable to replace two schools and timing, seemingly  an allusion to the Court's citing completion by  "approximately 2026" [5445 at  8], are noteworthy.

JNPSD describes its efforts  "exhaust[ing] all remedies within the State's Master Plan and Academic Facilities Partnership Program." The process was complete on June 3, 2020, with denial of an appeal by the Commission for Arkansas

Public School Academic Facilities and Transportation. [C at 11-12] This was about 13 months ago.

The 2021 document, Exhibit "C", refers to Building Fund balances, stating they "derive primarily from the community approved 7.6 mill increase in debt service in February 2016 and a JNPSD voters approved bond restructuring and millage extension in May 2019." [At 13] There is reference to neither such efforts in 2020 or 2021, nor identification of what mill increase for debt service would suffice to allow generation of the additional $6,327,000 deemed necessary.

The 2021 document also states: "Moreover, Judge Marshall's order specifically states that the State of Arkansas must contribute substantial funding toward the replacement of schools." [C at 13] JNPSD has not informed the Court whether it views the portion of the 2018 ruling to which it refers [5445 at 2-3, 6] as creating some form of enforceable State obligation. No motion has yet been filed.

[4.] Facts Regarding the Jacksonville Middle School Project

The reference to this project in the 3-page "2021 Preliminary Master Plan" is problematic. It states: Judge Marshall's directive stated that the District could not proceed with Phase 2 additions at the High School or the Middle school until all elementary schools are constructed. Since the Middle School is nearing the 850 student enrollment of Phase 1, the District includes a year Two project for the 2023-2025 project funding cycle in this Preliminary Master Plan. " [C at 12] Consistency with the Court's Order on the timing of this phase II project [5445 at 7] is not addressed.

Another matter concerning this project requires explanation. The full JNPSD 2021 Preliminary Master Plan in Tab 13 at pages 2-5 is a form regarding the Middle School project. It estimates the cost of the middle school as "about $21.2 million." (**See Exhibit "D "at 2, 3**). The recent annual facility report cites "a current

7

construction cost of about $26.4 million." [5731 at 1] This is a $5.2 million difference.

[4.] <u>JNPSD's Affirmative Obligation; Remedy; and Need for a Hearing</u>

JNPSD posits that the current partnership funding approvals will allow it to satisfy the Court's Order and expectations for Bayou Meto, but not Taylor. The district has identified no curative step, or potentially curative step regarding necessary funding. This situation exists a year after JNPSD informed the Court that the "[district] is assessing its options for further relief in this matter." JNPSD's silence extends to the alternative of seeking the necessary millage increase. JNPSD has not fulfilled its affirmative obligation in this situation. *See generally* <u>Green v. County School Board, 391 U.S. 430, 438-39 (1968)</u>.

The Court's 2018 decision regarding JNPSD facility issues is instructive. It evidences the district, Intervenors, and the Court all playing a role in the crafting of a remedy. Doc. 5445 at 4-7; see also Doc. 5507 (7-26-19) (recognizing appropriateness of Intervenors having right to file objections).

Intervenors filed on April 2, 2020 a facilities status response, addressing in part these JNPSD issues. Doc. 5583 at 1-5. Part [2] of that response at 4-5 is headed: "Raising Funds Necessary to Fund a Federal Remedial Obligation." Intervenors direct the Court's attention to that text discussing <u>Liddell v. City of St. Louis</u>, 731 F. 2d 1294, 1319-23 (8thCir. 1984) (*en banc*). At this stage, the relevant portion of the decision identifies the remedy of requiring "submission of a referendum to the voters for an increased operating levy . . . ." [At 1323] In this instance, it would be an increase in the levy for debt service, necessary to raise the $6,327,000 or other amount needed to complete both projects in a timely manner. JNPSD should inform the Court and Intervenors of the amount in mills, or fraction of a mill, necessary to accomplish this end.

Respectfully, the Court should order JNPSD to seek this millage increase, at least twice if the first attempt is unsuccessful. A "this won't work" prediction should not be sufficient to deny this relief. Akin to the Court's directing monthly meetings, an order could appropriately require the parties' good faith cooperative effort to secure a successful outcome. In view of the state, in deciding on Bayou Meto partnership funding, denying consideration of the multi-purpose building square footage, it should be possible to demonstrate advantage from passage of the millage increase to two communities.

Additionally, the Court can properly require JNPSD to address the potential availability under Arkansas law of the fundraising approach approved in <u>Missouri v. Jenkins</u>, 495 U.S. 51, 55-57 (1990).

## Conclusion

Intervenors respectfully request that the Court schedule a hearing on this important matter. In addition to the foregoing, the Court might consider requiring JNPSD to address a renewed effort to seek full partnership funding for a Taylor project. At various points, JNPSD filed materials regarding its effort to establish Taylor funding eligibility. While this material evidenced reliance on the noise issue in Taylor due to its original open space construction, it did not include the other Taylor facility issues discussed in Part [2.] above. The issues cited seem to fit within criteria identified in Ark Code Ann. § 6-20-2507(c) (2019 Code).

Respectfully submitted,

Austin Porter Jr., No. 86145
PORTER LAW FIRM
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200

Facsimile: 501-372-5567
Email: aporte5640@aol.com

Robert Pressman
22 Locust Avenue
Lexington, MA  02421
Telephone: 781-862-1955
Email: pressmanrp@gmail.com

Shawn G. Childs
Lawrence A. Walker
JOHN W. WALKER, P.A.
1723 S. Broadway
Little Rock, Arkansas 72206
Telephone: 501-374-3758
Facsimile: 501-374-4187

johnwalkeratty@aol.com
schilds@gabrielmail.com
lwalker@jwwlawfirm.com

ATTORNEYS FOR INTERVENORS

## CERTIFICATE OF SERVICE

I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern District of Arkansas, on this 29th  day of July 2021, by using the CM/ECF system, which is designed to send notification of such filing to the following person:

| | |
|---|---|
| M. Samuel Jones III. | Scott P. Richardson |
| Devin R. Bates | McDaniel, Richardson & Calhoun PLLC |
| MITCHELL, WILLIAMS, SELIG, | 1020 West 4th Street, Suite 410 |
| GATES & WOODYARD, PLLC | Little Rock, Arkansas 72201 |
| 425 West Capitol Avenue, Suite 1800 | |
| Little Rock, Arkansas 72201 | scott@mrcfirm.com |

sjones@mwlaw.com
dbates@mwlaw.com

Jay Bequette
Bequette, Billingsley & Kees, P.A.
Attorneys at Law
425 West Capitol Avenue, Suite 3200
Little Rock, Arkansas 72201-3469

jbequette@bbpalaw.com

                                            Austin Porter Jr.