IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| **LITTLE ROCK SCHOOL DISTRICT** | **PLAINTIFF** |
| v.             CASE NO. 4:82-CV-866 | |
| **PULASKI COUNTY SPECIAL SCHOOL DISTRICT, et al** | **DEFENDANTS** |
| **LORENE JOSHUA, et al** | **INTERVENORS** |

**STATE'S OBJECTION TO JNPSD'S MOTION TO FILE A THIRD PARTY COMPLAINT**

State Defendant, the Arkansas Department of Education, submits this Response in Opposition to JNPSD's Motion to File a Third Party Complaint:

1.  Pending before the Court is JNPSD's Motion to File a Third Party complaint, adding as parties to this litigation, the Secretary of Education and the Director of the Division of Public Schools Academic Facilities and Transportation (DPSAFT), asserting that the State of Arkansas has failed to meet its obligations under the Fourteenth Amendment to "assist school districts' pursuit of desegregation and elimination (to the extent practicable) of the vestiges of segregation that remain in school districts." (DE 5749, ¶¶ 5, 12)

2.  JNPSD settled all claims against the State in 2014. (DE 4980, 4991, 5063 & Exhibit 1, attached to DE 5063)

3.  Pursuant to that settlement agreement, this Court entered a Consent Judgment "to effectuate the terms of the agreement." (DE 5063, ¶ 1) If there are any

1

conflicts between the Consent Judgment and the settlement agreement, the agreement must prevail. (DE 5056, ¶ 1)

4. Unequivocally, the State of Arkansas and all of its divisions—including the Secretary of Education and DPSAFT— are exempted from any further claims or action in this matter. The Consent Judgment expressly provides:

> The Court dismisses **with prejudice** the State of Arkansas, its agencies, departments, divisions, or other units and any and all officers, officials, employees, and agents of the State of Arkansas, specifically including the Arkansas Department of Education and the State Board of Education.

(DE 5063, ¶ 2)

5. The only matter over which this Court retained limited jurisdiction was the ability to enforce the terms of the agreement. However, that limited jurisdiction ceased on the date of the last settlement payment by the State. *Id*.

6. Importantly, all prior orders, decrees, and judgment of any kind imposing any obligation on the State in this case were vacated. *Id*. at ¶ 3. Again, the Court's order contains a very limited exception, not applicable here. The Court excepted from vacatur the previous orders concerning payments from the 2013-2014 school year. JNPSD's pending motion does not raise a claim that that State failed to make required payments for the 2013-2014 school year, as set forth in Paragraph C.1 of the settlement agreement. The court retained limited jurisdiction over the matter of attorneys' fees. JNPSD's pending motion does not relate to a prior order concerning payment of attorney's fees. (DE 5063, Exhibit 1, para. C.1 & C.9)

7. Pursuant to the express language in the settlement agreement, the State's obligations in this case or "in any way related to this Litigation" . . . "forever cease[d] upon execution of th[e] Agreement. And, the State's obligations under the settlement agreement, "forever cease[d]" upon the final payment under the Agreement. (DE 5063, Exhibit 1, para. D.1)

8. As a party to the agreement (DE 5063, para. E.1), JNPSD is considered a party to the settlement agreement and bound by its terms. *Id*. The parties to the agreement, which include JNPSD agreed to:

> Waive, release, relinquish, and forever discharge the State of Arkansas From any and all federal or state claims, liens, or causes of action, obligation, or liability, known or unknown arising prior to the date of this Agreement, that they have or may have against the State of Arkansas arising out any claims that were or could have been made in connection with this litigation or the 1989 Settlement Agreement. The released claims shall specifically include, but not be limited to, any claims for damages, injunctive relief, declaratory relief, attorneys' fees, cost or recovery of any type, against the State of Arkansas including any officers, officials, employees and agents of the State of Arkansas, in their official or individual capacities. **In no event shall any party to this Agreement be entitled to desegregation related payments from the State of Arkansas in excess of those provided from in this Agreement.**

(DE 5063, Exhibit 1, para. D.3)

9. JNPSD's Motion for Third Party complaint clearly seeks to circumvent the terms of the 2013 Settlement Agreement and this Court's Consent Judgment. None of the issues cited in the pending motion or the proposed Third Party Complaint fall outside of the parties' settlement agreement or this Court's Consent Judgment. According to its pleadings, JNPSD is required to meet specific obligations related to facilities, in order for the ***District*** to meet its court ordered responsibilities related

to district level desegregation efforts. Any obligations imposed on the **State** in this litigation and related to desegregation efforts were satisfied upon the execution of the 2013 settlement agreement and satisfaction of agreed payments. JNPSD cannot transfer its desegregation obligations to the State, via a Third Party Complaint— particularly where the State and all of its officers, agents, departments, and divisions have been dismissed from this litigation with prejudice for more than six years.

10. Importantly, the facilities' issue in Jacksonville existed prior to the execution of the 2013 settlement agreement, as evinced, for example, by the Court's inquiries during the November 22, 2013 status hearing. JNPSD cannot, therefore, maintain that it was not aware that it would need to address facility issues; that it would be obligated in the same manner as other parties to the settlement agreement to address facilities issues in the context of desegregation efforts; and that the terms of the settlement would bar any and all claims against the State arising out this desegregation litigation, including the matter of facilities.

11. Rightly so, it is JNPSD's obligation to exercise its best judgment and manage its resources in the manner best suited to meet its desegregation obligations. Indeed, the Intervenors have offered that JNPSD has available to it alternate means to address its facilities issues. (*See* DE 5752) Forcing the State to participate in this litigation should not be one of those options. Though this Court previously recognized that JNPSD, like other districts throughout the State, may seek support from the State through partnership funding, the State has no federal obligation to treat JNPSD more favorably than other districts seeking Partnership Program funding

4

and support. In fact, the State has provided substantial support to JNPSD since its detachment, including state financial participation at a total cost of $43 million dollars for school facility projects.

12. Furthermore, permitting JNPSD to file a Third Party Complaint against the State is tantamount to nullifying the State's settlement agreement and rescinding the Court's 2014 Consent Judgment. The pending motion, however, provides no support—factual or legal—for granting such extreme relief.

13. In short, the settlement agreement and Consent Judgment were intended to provide finality for the State as to all claims in this matter. If parties could simply refile their claims or initiate third party complaints post settlement, then no party would have an incentive to settle legal claims. Certainly, the State would suffer legal prejudice if JNPSD's motion were granted. *See Cooper v. Hawaii*, 2019 WL 6114532 (November 18, 2019). *Nemaizer v. Baker*, 793 F.2d 58, 61 (2nd Cir. 1986)("a dismissal with prejudice arising out of an agreement of the parties is an adjudication of all maters contemplated in the agreement, and a court order which memorializes this agreement **bars further proceedings**.").

Wherefore, the State respectfully requests that this Court deny JNPSD's Motion to File a Third Party Complaint.

        Respectfully submitted,

        LESLIE RUTLEDGE
        Attorney General

By: */s/ Kat Hodge-Guest*
     Kat Hodge-Guest

Ark. Bar No. 2003100
Senior Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone:  (501) 682-1307
Fax:    (501) 682-2591
Email:  KaTina.Guest@Arkansasag.gov

*Attorneys for the State of Arkansas and the Arkansas Department of Education*

6