IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LITTLE ROCK SCHOOL DISTRICT, et al.                                      PLAINTIFF

VS.                                    CASE NO. 4:82-CV-00866 DPM

PULASKI COUNTY SPECIAL SCHOOL
DISTRICT, JACKSONVILLE/NORTH PULASKI
SCHOOL DISTRICT, et al.                                                 DEFENDANTS

EMILY MCCLENDON, TAMARA EACKLES,
VALARIE STALLINGS, TIFFANY ELLIS,
and LINDA MORGAN                                                        INTERVENORS

INTERVENORS' REPLY BRIEF IN RESPONSE TO
THE PULASKI COUNTY SPECIAL SCHOOL DISTRICT'S
RESPONSE TO THE INTERVENORS' PETITION FOR FEES

Introduction

The Pulaski County Special School District (PCSSD) has filed its response to the intervenors petition for attorney's fees.  The PCSSD has recognized that the intervenors are entitled to a reasonable fee as being classified as the prevailing party.  The PCSSD contends that the counsel for intervenors should be held to the established fees that the court established back in 2019.  The PCSSD further argues that intervenors should be limited to only 25% of the hours claimed based on its contention that the intervenors had limited success.  The following reasons the court should award the intervenors the fees requested.

    A.    Hourly Rates

The PCSSD contends that the hourly rates should be frozen in time as the court established those rates back in 2019.  The PCSSD contends that this court set in stone the hourly rates of John W. Walker, $350.00, Austin Porter Jr., $300.00, and Robert Pressman, $300.00.

1

> Attorney's fees are within the broad discretion of the district court and will not be reversed absent an abuse of discretion. *See* Harmon v. City of Kansas City, 197 F.3d 321, 329 (8th Cir. 1999). Under 42 U.S.C. § 1988(b), a prevailing party in a § 1983 action is entitled to reasonable attorney's fees. *See* Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). 'The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.' Fish v. St. Cloud State University, 295 F.3d 849, 851 (8th Cir. 2002). When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates. *See* Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2004).

Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005).

In the case at bar, the intervenors are the prevailing party. The PCSSD is a constitutional violator, and the intervenors have participated in this long-standing litigation to protect the rights of the patrons and students who have been victimized by the district's unconstitutional actions. The PCSSD contends that although the intervenors are the prevailing parties, they should be limited to just 25% of the fees claimed.

> In *Hanarahan v. Hampton*, 446 U. S. 754, 64 L.Ed.2d 670, 100 S.C. 1987 (1980) (*per curiam*), we received the legislative history of § 1988 and found that 'Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims.' Our [r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail' *Hewitt v. Helms*, 482 U.S. 755, 760, 96 L.Ed.2d 654, 107 S.Ct. 2672 (1987). We have held that even an award of nominal damages suffices under this test. *See Farrar v. Hobby*, 506 U.S. 103, 121 L.Ed.2d 494, 113 S.Ct. 566 (1992) (emphasis added).

Buckhannon Home v. West Virginia Department Health and Human Resources, et al., 532 U.S. ___, 149 L.Ed.2d 855, 862, 121 S.Ct. ____ (2001).

The Eighth Circuit has held that "[p]revailing parties ordinarily should recover section 1988 fees unless special circumstances would make such an award unjust." Little Rock School District v. Pulaski County Special School District No. 1, 17 F.3d 260 (8th Cir. 1994); St. Louis Fire Fighters Association v. St. Louis, Mo., 96 F.3d 323, 331 (8th Cir. 1996). "Congress considered

vigorous enforcement to vindicate civil rights a high priority and entrusted plaintiffs to effectuate this policy. . . Therefore, a prevailing plaintiff is deserving of an award of attorney's fees because they are assessed against a 'violator of federal law.'" Dean v. Riser, 240 F.3d 505, 507 (5th Cir. 2001), *quoting*, Christianburg Garment Co. v. EEOC, 434 U.S. 412, 98 S. Ct. 694, 54 L.Ed.2d 648 (1978).

Even in situations where the plaintiff recovers a small amount, the courts still hold that the plaintiff is entitled to recover their attorney's fees.  "Moreover, we recall that '[b]ecause damage awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief.'"  Wal-Mart Stores, Inc. v. Barton, 223 F.3d 770, 773 (8th Cir. 2000), *quoting*, City of Riverside v. Rivera, 477 U.S. 561, 574, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986).

> 'The function of an award of attorney's fees is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel.' *Kerr v. Quinn*, 692 F.2d 875, 877 (2nd Cir. 1982).  'If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.' S.Rep. No. 94-1011, at 2 (1976), reprinted in 1976 U.S.C.C.A.N. 5908, 5910.

Woodford v. Community Action Agency, Green County, 239 F.3d 517, 525 (2nd Cir. 2001).

The PCSSD also argues that intervenors should be limited in their requests for attorney's fees because there were no supporting affidavits from other lawyers within the community.

> A prevailing party in a § 1981 action may be awarded a reasonable attorney's fee. 42 U.S.C. § 1981(b). 'Attorney's fees are within the broad discretion of the district court and will not be reversed absent an abuse of discretion.' Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005).  To calculate attorney's fees, courts typically begin by using the lodestar method, which multiplies the number of hours reasonably expended by reasonable hourly rates.  Brewington v. Keener, 902 F.2d 796, 805 (8th Cir. 2018). '*When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates*.' Hanig, 415 F.3d at 825.

Bryant v. Jeffrey Sand Co., 919 F.3d 520, 529 (8th Cir. 2019) (emphasis added).

"The lodestar award (the product of reasonable hours multiplied by a reasonable rate) is presumptively a reasonable fee, and most factors relevant to determining the amount of a fee are subsumed within the lodestar." Casey v. City of Cabool, Mo., 12 F.3d 799 (8th Cir. 1993). In order to keep up with the demand for lawyers to represent victims of discrimination, it is important that they be paid a fee that is attractive enough to persuade them to take on such cases.

> Fee awards must be structured so that attorneys of quality and experience with other profitable demands upon their time will not need to sacrifice income available in alternative enterprises in order to affect a public policy intended to protect all citizens. In other words, 'the market rate of legal time is the opportunity cost of that time, the income foregone by representing this plaintiff.' Gusman v. Unisys Corp., 986 F.2d 1146, 1149 (7th Cir. 1993) (*quoting* Barrow v. Falck, 977 F.2d 1100, 1105 (7th Cir. 1992). Any other rule would relegate civil rights enforcement (and the law that results) to those lawyers with below-market billing rates. The rates for these lawyers are usually below market for a reason. A refusal to pay for experience and expertise will exact a cost in the form of inexperience and, perhaps, incompetence.

Casey v. City of Cabool, Mo., 12 F.3d 799, 805 (8th Cir. 1993) (emphasis added).

The United States Supreme Court in *Blanchard* went on to say "[a]s we understand § 1988's provision for allowing a 'reasonable attorney's fee,' it contemplates reasonable compensation, in light of all the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less." Blanchard v. Bergeron, 489 U.S. 87, 93, 103 L.Ed.2d 67, 75, 109 S.Ct. 939 (1989).

    B.  Hours Claimed

The PCSSD contends that since the intervenors only won on the facilities issue, then attorney's fees should be limited to just 25% of the fees requested. In Exhibit 8 of the district's response, the PCSSD offered the intervenors' fees in the amount of $416,410.40. Inexplicably, now the PCSSD is requesting the court to award the intervenors on the low end $237,615.00 or

4

25%, and on the high end $258,362 or 33%. Even in cases where the plaintiff has received success on some of the claims brought, the Courts have held that fees should not be reduced in those instances. As the United States Supreme Court stated:

> the plaintiff's claims for relief will involve common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley*, 461 U.S. at 435, 103 S.Ct. 1933; see also, *Hendrickson v. Branstad*, 934 F.2d 158, 164 (8th Cir. 1991) ('A fee award should not be reduced merely because a party did not prevail on every theory raised in the lawsuit . . . . A lawsuit . . . which includes several related legal theories based on a common core of facts, should not be viewed as a series of discrete causes of action, and compensation should not be awarded on a claim-by-claim basis.') (citation omitted).'

Wal-Mart Stores, Inc. v. Barton, 223 F.3d 770, 773-774 (8th Cir. 2000).

The PCSSD argues that Austin Porter Jr., should be limited to what the Court awarded him in 2019. Austin Porter Jr. has been awarded an hourly rate of $350.00. In Bryant, *supra*., the defendant contended that it was error for the trial court to award plaintiff's counsel his customary hourly rate of $350.00. The defendant argued that it was error for the district court to accept undersigned counsel's representation that the $350.00 hourly rate was his customary rate, based on being awarded this rate in other cases. The defendant argued that counsel for the plaintiff failed to place in his affidavit that the $350.00 hourly rate was his "normal" hourly rate. The Eighth Circuit held that there was no such requirement. Counsel for the plaintiff put in his affidavit that the $350.00 hourly rate was "reasonable and commensurate" with his qualifications. Plaintiff's counsel provided a list of recent hourly rates that he was awarded. "The district court's decision to accept the rate as reasonable, in light of its own experience and knowledge, was not an abuse of

discretion." Bryant v. Jeffrey Sand Co., 919 F.3d at 529.  Just as in the case at bar, undersigned counsel did not provide affidavits from other lawyers for the purpose of establishing what the prevailing market rate is.  In that there are so few lawyers in this state, especially in the Little Rock area who routinely handle employment discrimination cases on behalf of the plaintiff, particularly who have the years of experience and qualifications as undersigned counsel has, getting affidavits is not practicable.

In the case at bar, the Intervenors had an obligation of defending Plan 2000.  Intervenors played a vital role in getting the Pulaski County Special School District to the point of almost unitary status, with the remaining issue of facilities to be completed.  Intervenors have continued to work with the PCSSD in getting the inequities that exist with the Mills High School project as compared to Robinson Middle School.  Intervenors acted like an agitator in a washing machine.  Without the agitator, clothes cannot become clean.  As demonstrated herein, this has been a long-standing school desegregation case, whereby the intervenors as prevailing parties have been defending a consent decree (Plan 2000) for the past twenty-one (21) years.  As the Eighth Circuit stated:

> Complex civil rights cases seldom end with the grant of a permanent injunction. The injunction must be implemented, that process must be monitored, and lingering or new disputes over interpretation of the decree must often be presented to the court for resolution.  These functions take time and effort by the prevailing party's attorney.  Therefore, it is generally accepted that prevailing plaintiffs are entitled to post-judgment fee awards for legal services necessary for reasonable monitoring of the decree.

Association for Retarded Citizens of North Dakota, et al., v. Schafer, et al., 83 F.3d 1008, 1010-1011 (8th Cir. 1996), *citing*, Stewart v. Gates, 987 F.2d 1450, 1452 (9th Cir. 1993); Garrity v. Sununu, 752 F.2d 727, 738 (1st Cir. 1984).

The PCSSD is requesting that this court should spread out the fee award over a period of twelve (12) months. Intervenors should not have to wait to be paid their attorney's fees.

In conclusion, the court should award the intervenors the fees requested. The intervenors have participated in this long-standing case for many years. The PCSSD has been found to have been a constitutional violator. The PCSSD should be required to pay the intervenors their attorneys' fees incurred.

        Respectfully submitted,

        Austin Porter Jr., No. 86145
        PORTER LAW FIRM
        323 Center Street, Suite 1035
        Little Rock, Arkansas 72201
        Telephone: 501-244-8200
        Facsimile: 501-372-5567
        Email: aporte5640@aol.com

        Robert Pressman
        22 Locust Avenue
        Lexington, MA  02421
        Telephone: 781-862-1955
        Email: pressmanrp@gmail.com

        Joyce Raynor Carr
        JOHN W. WALKER, P.A.
        1723 S. Broadway
        Little Rock, Arkansas 72206
        Telephone: 501-374-3758
        Facsimile: 501-374-4187

        jraynorcarr@gmail.com

        ATTORNEYS FOR INTERVENORS

**CERTIFICATE OF SERVICE**

      I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern District of Arkansas, on this 19th day of October 2021, by using the CM/ECF system, which is designed to send notification of such filing to the following person:

| | |
|---|---|
| M. Samuel Jones III. | Scott P. Richardson |
| Devin R. Bates | McDaniel, Richardson & Calhoun PLLC |
| MITCHELL, WILLIAMS, SELIG, | 1020 West 4th Street, Suite 410 |
| GATES & WOODYARD, PLLC | Little Rock, Arkansas 72201 |
| 425 West Capitol Avenue, Suite 1800 | |
| Little Rock, Arkansas 72201 | scott@mrcfirm.com |

sjones@mwlaw.com
dbates@mwlaw.com


Jay Bequette
Bequette, Billingsley & Kees, P.A.
Attorneys at Law
425 West Capitol Avenue, Suite 3200
Little Rock, Arkansas 72201-3469

jbequette@bbpalaw.com

                                                Austin Porter Jr.