IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LITTLE ROCK SCHOOL DISTRICT**                                **PLAINTIFF**

**V.**                      **NO. 4:82-cv-866-DPM**

**PULASKI COUNTY SPECIAL SCHOOL
DISTRICT NO. 1, ET AL.**                                **DEFENDANTS**

**EMILY McCLENDON, ET AL.**                                **INTERVENORS**

**PCSSD'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE INTERVENORS'
UNTIMELY AMENDMENTS AND ADDITIONS TO THEIR MOTION FOR FEES**

Pulaski County Special School District ("PCSSD"), hereby moves the Court for an Order striking and disallowing the following improper and untimely submission by Intervenors: "Updated Identification of Docket Entry Cites for Elements of Their Motion for Fees and Costs AND CORRECTION" *Doc. 5764*, and Intervenors' Motion to Amend/Correct its Motion for Attorneys fees. *Doc. 5762*. For the reasons set forth below, the untimely filings of Intervenors should be stricken.

## INTRODUCTION AND RELEVANT BACKGROUND

1. On May 6, 2021, the Court set the deadline for the Motion for Attorneys' Fees as July 30, 2021. *Doc. 5730, p. 68*.

2. By mutual agreement of the parties, as approved by the Court, this deadline was extended several times. The final deadline ultimately ordered by the Court was as follows: "Motion for PCSSD-related fees (either unopposed or opposed) due by 17 September 2021." *Doc. 5746*.

3. On September 15, 2021, Intervenors filed a Motion for Attorneys Fees, *Doc. 5754*, and a Brief in Support of same. *Doc. 5755*.

4. On September 16, 2021, Intervenors substituted a correction of the Motion for Attorneys Fees substituting part of *Doc. 5754*, because Intervenors purportedly submitted an incorrect document in error. *Doc. 5756*. At this point, Intervenors made it clear that they sought a total of $544,929.50 in fees and costs from PCSSD. *Doc. 5457, p. 3*.

5. On October 13, 2021, PCSSD filed its Response in Opposition to Intervenors' Motion for Attorneys Fees. *Doc. 5761*.

6. On October 19, 2021, Intervenors filed a Motion to Amend/Correct its Motion for Attorneys fees. *Doc. 5762*. Therein, Intervenors increased the amount they sought by $7,169.25 to a total of $552,098.75. *Doc. 5762, p. 3*.

7. On October 19, 2021, Intervenors filed a Reply in Support of its Motion for Attorneys' Fees. *Doc. 5763*.

8. On October 26, 2021, Intervenors filed an "Updated Identification of Docket Entry Cites for Elements of Their Motion for Fees and Costs AND CORRECTION." *Doc. 5764*. Therein, Intervenors increased the amount they sought by $54,765 to a total of $600,898. *Doc. 5764, p. 2*.

## STATEMENT OF APPLICABLE LAW

A court can issue sanctions if a party fails to obey a scheduling order. Fed. R. Civ. P. 16(f)(1)(C). According to Rule 16(f)(1), the court may impose any action authorized by Rule 37(b)(2)(A)(ii)(vii). One of the authorized actions that can be used as a sanction is that a court can strike a pleading from the record. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii). The Eighth Circuit has held that, "Federal Rule of Civil Procedure 16 permits the district court to set deadlines for the disclosure of evidence and to impose sanctions on a party for failing to meet a deadline." *Firefighter's Inst. For Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 902

(8th Cir. 2000) (*citing Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998)). A trial court's ability to enforce compliance with its pretrial and discovery orders are essential to judicial management of a case. *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995).

## ARGUMENT

Without any excusable explanation for their delay, without first requesting leave of the Court, without asking PCSSD whether it would object, and well after all relevant deadlines had expired, Intervenors have repeatedly sought to expand the scope of their fee request. This Court's Order provided clear instructions for a timely and properly lodged request for attorneys fees, setting the deadline as September 17, 2021. *Doc. 5746*. No party sought an extension of that deadline.

Relying on the timely Motion for Fees submitted by Intervenors, *Doc. 5457, p. 3* (seeking $544,929.50 in fees and costs), PCSSD spent significant time understanding Intervenors' motion, formulating a thorough response, and filing same. *Doc. 5761*. This included significant time by PCSSD's counsel, and correspondingly represented cost to PCSSD, to understand what Intervenors had submitted, parse through their documentation, *Docs. 5754, 5755,* as well as their amended documentation, *Doc. 5756*, and come up with a response. This included doing math and coming up with models for analyzing the fee requests. *Docs. 5761-1, 5761-2, 5761-9*. This included conducting a line-by-line review of Intervenors' billing. *Docs. 5761-3, 5761-4, 5761-35761-5, 5761-6*.

After PCSSD relied on the timely Motion for Fees and paid for its counsel to perform all of the above work in preparation for filing a response, Intervenors have now twice sought to change the underlying documentation for its fee request, and in the process increase the amount

3

they sought by $7,169.25, *Doc. 5762, p. 3*, and later by $54,765. *Doc. 5764, p. 2*. These fee request increases are untimely, and PCSSD should not now be required to pay its counsel a second or third time to perform the same task all over again.

Because Intervenors failed to comply with the Court's Order setting a deadline for the filing of a Motion for Fees, *Doc. 5746,* all documents, notices, and motions filed on behalf of Intervenors that do not comply with it should be stricken from the record. Thus, Intervenors' "Updated Identification of Docket Entry Cites for Elements of Their Motion for Fees and Costs AND CORRECTION" *Doc. 5764*, and Intervenors' Motion to Amend/Correct its Motion for Attorneys fees, *Doc. 5762*, should all be stricken from the record in accordance with Fed. R. Civ. P. 16(f). The Court should rely on the timely Motion for Fees submitted by Intervenors, *Doc. 5457, p. 3* (seeking $544,929.50 in fees and costs), PCSSD's response to it, and Intervenors' reply in support of same, to the extent that the reply does not attempt to open the back door to an enlarged request. The Court should strike the documents from the record and find that PCSSD is not required to respond to them.

To the extent that the Court denies this Motion to Strike, and instead holds that it will consider the untimely submissions by Intervenors, PCSSD requests that it be granted additional time to understand what Intervenors have newly submitted, parse through their documentation*,* and come up with a response. This will include doing new math, conducting a line-by-line analysis of Intervenors' amended billing, and coming up arguments about same. That will all take time, and PCSSD requests one month do this and file its response.

WHEREFORE, the Pulaski County Special School District respectfully requests that the Court strike Intervenors' "Updated Identification of Docket Entry Cites for Elements of Their Motion for Fees and Costs AND CORRECTION" *Doc. 5764*, and Intervenors' Motion to

4

Amend/Correct its Motion for Attorneys fees, *Doc. 5762*, or in the alternative, be granted additional time to understand, analyze, and respond to same, and for all other relief to which it is entitled.

                        Devin R. Bates (2016184)
                        M. Samuel Jones III (76060)
                        Amanda G. Orcutt (2019102)
                        MITCHELL, WILLIAMS, SELIG,
                          GATES & WOODYARD, P.L.L.C.
                        425 West Capitol Avenue, Suite 1800
                        Little Rock, Arkansas 72201
                        Telephone:  (501) 688-8800
                        Facsimile:  (501) 688-8807
                        sjones@mwlaw.com
                        dbates@mwlaw.com

                        and

                        Jay Bequette
                        Cody Kees
                        Bequette Billingsley & Kees, P.A.
                        425 West Capitol Ave., Suite 3200
                        Little Rock, Arkansas 72201
                        Telephone:  (501) 374-1107
                        Facsimile:  (501) 374-5092
                        Mobile: (501 590-4500
                        jbequette@bbpalaw.com
                        ckees@bbpalaw.com

                        ***Attorneys for Pulaski County Special School District***