IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LITTLE ROCK SCHOOL DISTRICT, et al.                                    PLAINTIFF

VS.                            CASE NO. 4:82-CV-00866 DPM

PULASKI COUNTY SPECIAL SCHOOL
DISTRICT, JACKSONVILLE/NORTH PULASKI
SCHOOL DISTRICT, et al.                                                DEFENDANTS

EMILY MCCLENDON, TAMARA EACKLES,
VALARIE STALLINGS, TIFFANY ELLIS,
and LINDA MORGAN                                                       INTERVENORS

### INTERVENORS' **AMENDED** AND **SUBSTITUTED** BRIEF IN SUPPORT IN OPPOSITION TO THE DEFENDANT PULASKI COUNTY SPECIAL SCHOOL DISTRICT'S MOTION TO STRIKE

Introduction

The Pulaski County Special School District (PCSSD) has filed a motion to strike the Intervenors' submissions that attempted to correct and supplement their motion for attorney's fees and costs. Specifically, the PCSSD is requesting this court to strike the Intervenors' pleading which was filed on October 19, 2021 [**Doc. # 5762**] and on October 26, 2021 [**Doc. # 5764**]. The Court should deny the PCSSD's motion to strike, because the filings were an attempt to clarify or address some concerns that the district raised, as well as to supplement the time records of the monitors in this case. Furthermore, the rules of civil procedures as cited by the defendants do not provide a basis for the court to strike the pleading.

1

Statement of Relevant Facts

On May 6, 2021, this Court entered a *Memorandum Opinion and Order* [**Doc. # 5730**] declaring, *inter alia*, the Pulaski County Special School District unitary, with the exception of curing the inequities that exist in the Mills High School project. The Court encouraged the parties to confer about a reasonable attorney's fees for monitoring the school district, and for the litigation that ensued. The Court directed the intervenors to provide the Pulaski Special School District with their time records, and related costs, which the intervenors have done. When the parties could not reach an agreement on the attorney's fees and costs, the Intervenors filed their motion for attorney's fees and costs on September 15, 2021.

On October 19, 2021, Intervenors filed an Amended Motion for Fees and Costs [**Doc. # 5762**] with supporting attachments [**Doc. # 5762-1**] which was an affidavit and [**Doc. # 5762-2**] which was an itemized listing of time. This filing only provided Rep. Joy Springer's time statement in a revised version of her declaration to identify her total time, as shown in the revised time statement (an increase of 52.14 hours); and it also presented a revised version of the chart summarizing Intervenor's total claim, accounting for the increase due to the two revisions regarding Rep. Springer.

Statement of Law

The PCSSD is requesting this Court to strike the *Intervenors' Amended Motion for Fees and Costs Relative to Pulaski County Special School District* [**Doc. # 5762**], which was filed on October 19, 2021, and *Intervenors' Updated Identification of the Docket Entry Cites for the Elements of Their Motion for Fees and Costs AND CORRECTIONS* [**Doc. # 5764**], which was filed on October 26, 2021. The PCSSD is using as a basis for striking the Intervenors' pleading

2

Rule 16 and Rule 37 of the Federal Rules Civil Procedures. As the Court will see, these rules do not provide a basis for the district's motion to strike.

The PCSSD cites Rule 16(f)(1)(C) as a basis for striking the Intervenors' submissions. Rule 16(f)(1) provides in pertinent part:

Sanctions.

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(ii) –(vi), if a party or its attorney:
> . . .
> (C) fails to obey a scheduling or other pretrial order.

The Court's order of May 6, 2021 was not a scheduling order or some other pretrial order. On May 6, 2021, the Court entered a *Memorandum Opinion and Order* [**Doc. # 5730**], after this matter had been tried. However, if the Court were inclined to consider its *Memorandum Opinion and Order* as a scheduling order or some pretrial order, the Intervenors complied with this order by filing its Motion for Attorney's Fees and Costs on September 15, 2021, which was not due until September 16, 2021. Intervenors then filed two (2) submissions to clarify and correct the hours herein expended. There was nothing bad faith about these submissions.

The PCSSD also requests this Court to strike the above-mentioned pleadings pursuant to Rule 37(b)(2)(A)(ii)(vii) of the Federal Rules of Civil Procedure. Again, this rule does not provide the district with a basis to strike the pleadings. Rule 37 – **Failure to Make Disclosures or to Corporate in Discovery; Sanctions**. Rule 37(b) deals with a party's failure to comply with a Court Order. Rule 37(b)(2)(A) deals with the party failing to obey a discovery order. The rule provides in pertinent part:

> If a party or a party's officer, director, or managing agent . . . fails to obey
> an order to provide or permit discovery, including an order under 26(f),
> 35, or 37(a), the court where the action is pending may issue further just
> orders. They may include the following:

    (iii) – striking pleading in whole or in part.

The Intervenors have not disobeyed a discovery order; therefore, Rule 37(b)(2)(A) does not provide the PCSSD with a basis to request the Court to strike the pleadings as requested herein. Again, if the Court were inclined to consider its May 6, 2021 order as a scheduling order or pretrial order, there was nothing bad faith about the Intervenors filing the two (2) submissions, which were only intended to correct and to modify the plaintiff's motion for attorney's fees and costs. "The prerequisite of a Rule 37(a) order insures that the party failing to comply with discovery is given adequate notice and an opportunity to contest the discovery sought prior to the imposition of sanctions." Dependahl, et al. v. Falstaff Brewing Corporation, et al., 653 F.2d 1208, 1213 (8th Cir. 1981).

> A Rule 37(b) sanction striking affirmative defenses and counterclaims should only be imposed in strictly limited circumstances. The Supreme Court held in Societe Internationale v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958), that Rule 37
>
>> Should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not willfulness, bad faith, or any fault of petitioner. [Footnote omitted.]
>
> The issue before this court is not whether we would, as an original matter, have imposed the sanctions, but rather, whether the district court abused its discretion in doing so. *See* National Hockey League v. Metropolitan Hockey Club, Inc. 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1946). The district court clearly found that Falstaff's failure to comply was due to a willful, bad-faith effort on the part of Falstaff to delay and obstruct the lawsuit. *Ante* at 1212-1213, *quoting* 84 F.R.D. at 418-19. The record fully supports these findings, as it demonstrates defendant's 'flagrant bad faith" and "counsel's 'callous disregard' of their responsibilities.' National Hockey League, 427 U.S. at 643 96 S.Ct. at 2718. The district court's order of discovery sanctions against Falstaff is affirmed.

Dependahl, et al. v. Falstaff Brewing Corporation, et al., 653 F.2d 1208, 1213 (8th Cir. 1981)

In conclusion, the district's motion to strike should be denied.  The Intervenors have not disobeyed any discovery order, nor have the Intervenors disobeyed any scheduling order or pretrial order.

    Respectfully submitted,

    Austin Porter Jr., No. 86145
    PORTER LAW FIRM
    323 Center Street, Suite 1035
    Little Rock, Arkansas 72201
    Telephone: 501-244-8200
    Facsimile: 501-372-5567
    Email: aporte5640@aol.com

    Robert Pressman
    22 Locust Avenue
    Lexington, MA  02421
    Telephone: 781-862-1955
    Email: pressmanrp@gmail.com

    Joyce Raynor Carr
    JOHN W. WALKER, P.A.
    1723 S. Broadway
    Little Rock, Arkansas 72206
    Telephone: 501-374-3758
    Facsimile: 501-374-4187

    jraynorcarr@gmail.com

    ATTORNEYS FOR INTERVENORS

### **CERTIFICATE OF SERVICE**

I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern District of Arkansas, on this 15th  day of November 2021, by using the CM/ECF system, which is designed to send notification of such filing to the following person:

| | |
|---|---|
| M. Samuel Jones III. | Scott P. Richardson |
| Devin R. Bates | McDaniel, Richardson & Calhoun PLLC |
| MITCHELL, WILLIAMS, SELIG, | 1020 West 4th Street, Suite 410 |

GATES & WOODYARD, PLLC
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201

sjones@mwlaw.com
dbates@mwlaw.com

Jay Bequette
Bequette, Billingsley & Kees, P.A.
Attorneys at Law
425 West Capitol Avenue, Suite 3200
Little Rock, Arkansas 72201-3469

jbequette@bbpalaw.com

Little Rock, Arkansas 72201

scott@mrcfirm.com

                                          Austin Porter Jr.