**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**LITTLE ROCK SCHOOL DISTRICT, *et al.*** **PLAINTIFFS**

**v.** **No. 4:82-cv-866-DPM**

**NORTH LITTLE ROCK SCHOOL DISTRICT, et al.** **DEFENDANTS**

**EMILY McCLENDON, et al.** **INTERVENORS**

**REPLY TO INTERVENORS' RESPONSE TO JOINT MOTION FOR ALLOCATION OF DONALDSON DESEGREGATION FUNDS**

Pulaski County Special School District ("PCSSD") and Jacksonville North Pulaski School District ("JNPSD") (collectively, the "Districts"), state as follows for their Reply to Intervenors' Response to Joint Motion for Allocation of Donaldson Desegregation Funds:

The Donaldson Scholars program has run its course. On this point, the parties are agreed. The question now is what to do with the funds left over from the wind-down of the Program. The Districts propose redirecting the funds to the remaining non-unitary area (i.e. facilities). The Intervenors suggest creating a new Donaldson-like program. Their proposal is not feasible for a few reasons: (1) the proposed program is already provided by both school districts; and (2) There is little reason to think a need exists for the proposed program. Moreover, the Districts are under no obligation to fund college level programs under a stipulation that both Districts have been released from and that has ended. Finally, the Districts are under no obligation

to pivot to a different consent decree that lacks a nexus with any continuing violation of federal law. In short, the Intervenor's alternative suggestion should be denied.

### A. The Districts' Already have Programs in Place to Assist Aspiring College Students

The proposed program is, in essence, a preparation program for the ACT college entrance exam. Tutoring is provided for students who may benefit from remedial education. There is also some collegiate counseling provided.

#### 1. PCSSD's ACT Preparation Programs

PCSSD's various schools offer different ACT and college preparation programs. No two schools do this identically, and each school does this in ways that are tailored to the needs of its students and to match the demands placed by calendars. In general, PCSSD has offered enrichment programs on Saturdays at which ACT preparation is covered. Sometimes ACT preparation happens through credit recovery, and it also happens through summer school. All juniors take the ACT in their school each year, and schools often offer boot camps leading up to the ACT. Additionally, ACT preparation can be offered to PCSSD students through a blended learning platform so that the services can be provided online.

#### 2. JNPSD's ACT Bootcamp

JNPSD offers its high school scholars the ACT Bootcamp managed by Fetterman & Associates. In the Fall 2022 and Fall 2023, Saturday sessions were offered to Sophomores-Seniors at Jacksonville High School ("JHS"). All Instructors hold Doctorate level credentials in ACT Focus areas of Math and/or English. Three

Instructors attended each weekly session as well as an Administrative Assistant. JHS provides one staff member and security during all sessions.

The ACT Boot Camps for students included high dosage tutoring for students in all core areas using proven evidenced based strategies designed to improve ACT scores. Each session also consisted of small group work for those that needed re-teaching or those that needed accelerated learning. During each session there was independent work time to determine scholar needs and focus areas for the following sessions. Fetterman and Associates also provided a Student Orientation and a Parent Orientation. The sessions averaged seventy scholars in attendance at each session.

During the Spring 2024, Fetterman & Associates provided mini-boot camp sessions for all Juniors. These sessions allowed for familiarity and re-teaching of focus areas of the ACT as 70% of Juniors had not taken the ACT. The plan is to continue this relationship with a Fall 2024 ACT Bootcamp and a Spring 2025 Junior ACT Bootcamp.

Intervenors proposed program simply duplicates existing programs at the districts at a location in North Little Rock. It is far more likely that students who attend JHS will attend a program at JHS rather than UAPB North Little Rock. Students attending Mills High School are more likely to attend a program at Mills rather than UAPB North Little Rock.

**B. There is Little Reason to Believe that a Further Need Exists for Intervenors' Proposal**

The Intervenors acknowledge that part of the story of the end of the Donaldson Scholars program was a precipitous loss of students. Rather than serving students

who are interested in college, they propose trying to re-recruit back to this new program young people who left Donaldson Scholars two, three, and four years ago. Other than assurances about Mr. Bolden's interest and recruitment abilities, Intervenors propose little reason to believe that former students who left the program years ago will either want to or have the capacity to return to college and engage this new program. In contrast, the Districts are already working to provide opportunities to students building towards their college journey.

### C. No Consent Decree Compels the Districts to Continue Funding a Discontinued Program

The Intervenors end their Response with a casual assertion that the Districts seek to modify the consent decree. Not so. The consent decree for academics has already been modified, in fact both Districts have been released from Court supervision in this area. Thus, the consent decree has ended, and there is no consent decree remaining to be modified.

Even during the life of the decree, however, the Donaldson Scholars idea depended on UALR's willingness to host the program. If UALR chose not to host the program, the program then (like now) would have ended, and the Districts would have been under no obligation to continue funding a different program.

Courts construe consent decrees according to contract law. *United States v. City of Fort Smith*, 48 F.4th 900, 907 (8th Cir. 2022). Thus, the Court's consideration of the Intervenors proposal should be "guided by the principles of contract interpretation." *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 959 (8th

Cir. 2002). When the action of a governmental agency causes the end of contract, the parties are excused therefrom. *Smith v. Decatur Sch. Dist.*, 2011 Ark. App. 126.

**D. This Case is in No Posture for the Intervenors to Force a New Consent Decree or Order to Which the Districts Do Not Agree**

> [A] consent decree must spring from and serve to resolve a dispute within the court's subject-matter jurisdiction. Furthermore, consistent with this requirement, the consent decree must "com[e] within the general scope of the case made by the pleadings, and must further the objectives of the law upon which the complaint was based.

*Local No. 93, Int'l Assn. of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (2004).

Intervenors point to no authority supporting their request that the Districts pivot from Donaldson Scholars to another university level program because there is none. The stipulation and order from which the Donaldson Scholars program sprung does not provide for a shifting of funds or an alternate plan if UALR decided the program was no longer feasible. The constitutional violation from which the Donaldson Scholars stipulation and order sprung has been resolved and the Districts released from any continuing obligations therefrom. In short, there is simply no federal nexus for the federal courts to require any continuing obligations on the Districts (with the limited exception of facilities).

As the Court recognized almost three years ago, the Donaldson Scholars program is one strand of a net of programs the Districts have established to assist the academic achievement of scholars. *Doc. 5730*, Memorandum Opinion & Order p. 37. Unitary status returns management of that net of programs to the Districts. The Districts are providing for the students who were the target of the Donaldson

Scholars program. In their considered judgment, the funds will be better put to use by focusing them on facilities issues in the Districts.

Respectfully Submitted,

Scott P. Richardson (2001208)
McDaniel, Wolff, & Benca PLLC
1307 West 4th St.
Little Rock, AR 72201
501.954-8000
866.419.1601 fax
scott@mwbfirm.com

*Attorney for Jacksonville/North Pulaski School District*

*and*

Devin R. Bates (2016184)
Sharnae Y. Diggs (2018130)
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Phone: (501) 688-8800
Fax: (501) 688-8807
dbates@mwlaw.com
sdiggs@mwlaw.com

*Attorneys for Pulaski County Special School District*