IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LITTLE ROCK SCHOOL DISTRICT, *et al.*                               PLAINTIFFS

No. 4:82-cv-866-DPM

PULASKI COUNTY SPECIAL SCHOOL
DISTRICT, JACKSONVILLE/NORTH
PULASKI SCHOOL DISTRICT, *et al.*                                   DEFENDANTS

EMILY McCLENDON, TAMARA EACKLES,
VALERIE STALLINGS, TIFFANY ELLIS,
and LINDA MORGAN                                                     INTERVENORS

ORDER

This is the last merits Order in the Little Rock school case. The current issue is important and extraordinary—important because the Pulaski County Special School District says it has trued-up the facilities inequality between Joe T. Robinson Middle School and Mills University Studies High School; extraordinary because PCSSD is unitary on every other part of Plan 2000, and the true-up means that, after more than forty-three years, this case is done.

\*

PCSSD's motion for unitary status, and an end to Court supervision, is unopposed. This fact speaks. With zeal and diligence, the Intervenors have pressed the rights of the District's children,

parents, and citizens from the start.  Deep disagreement has been the norm, consensus rare.  That's the advocate's job when reasonable people see things differently.  The late John W. Walker, Robert P. Pressman, and Austin Porter Jr. (and several other lawyers), ably assisted by Joy Springer (and other individuals), have done that job well.  And they have done so faithfully, notwithstanding the ebb and flow of public opinion about this long-running case.  But the Intervenors now agree:  PCSSD has, to the extent practicable, eliminated the vestige of unequal facilities that this Court found at Robinson Middle and Mills High after the 2020 trial on the merits about all District facilities and the three other areas on which the District remained under supervision.  *Freeman v. Pitts*, 503 U.S. 467, 492 (1992);  *LRSD v. Arkansas*, 664 F.3d 738 (8th Cir. 2011).  The opponent has become the supporter.

*

Just as many worked in advocating for the Intervenors, many on PCSSD's side have worked diligently through the years to get the case resolved.  These include (among others) school board members, several superintendents, other administrators, and the District's lawyers.  In the last group are M. Samuel Jones III, the late Alan Roberts, Jay Bequette, Cody Kees, and Devin Bates.  Jones matched John Walker step for step for decades.  Roberts was a key ingredient in the slow-motion settlement of several issues.  Bates has deftly

navigated the last legs of the journey. While many superintendents have been involved, in recent years Dr. Jerry Guess, Dr. Janice Warren (as an interim), and Dr. Charles McNulty provided unswerving leadership. Architect Brad Chilcote led the design of what the new Mills could become. And PCSSD's current executive director of operations, Curtis Johnson, took point on the true-up, laboring long and well to get it done and done right.

\*

The parties speak with one voice today because of PCSSD's good faith efforts during the last five years. There have been financial challenges, as well as other District needs. But PCSSD has not wavered. Making things right at Mills has remained the priority. The District has met, and in some ways exceeded, its obligations. The Court toured Mills High a few weeks ago. As the Court remarked on site: "Wow."

- Six new traditional classrooms (with lots of technological capabilities) that exceed the State's size minimum;

- A two-story collaborative classroom area, with six to eight flexible areas for gathering and instruction. There are many technology options here, too. No other PCSSD high school has similar, college-like space;

- All the instructional spaces include at least one writable wall with "wall talker" paint;

- Office space for an administrator and a conference room in the new wing;

- A softball field with bleachers, dugouts, artificial turf in the infield, and lights for night games;

- The Raymond A. Cooper multi-purpose arena. It seats more than 2,200. Some of the bleachers are retractable, which provides more space for graduation ceremonies and big events. There's a jumbotron, multiple scoreboards, and a beautiful hardwood floor. The Comets can now host 5A divisional tournaments. There are two more classrooms off the arena's upper deck;

- In the areas underneath the bleachers, in addition to four locker rooms and two coaches' offices, ROTC has new expanded space, including a drill area/firing range and a secure weapons storage area. (This is the only ROTC program in the District.) Plus there's a tiered team meeting room, a training room, a weight room, a cheerleaders' room, another classroom, and other useful spaces.

The new, attached wing that includes all the classrooms is filled with light. The floor-to-ceiling windows bring the outside in. This mirrors Robinson Middle. PCSSD has made other improvements. The school colors—green and gold—are spread across the walls in several hallways. And the smallish stage in the cafetorium has been

converted to an upper-deck seating area for seniors. Most events are now held in the performance hall, a state-of-the-art space that the Court toured in 2018, soon after Mills was built.

The whole is a superb facility. The students at Mills University Studies High School have a school that exceeds, as it should, Robinson Middle School, and equals Sylvan Hills High School (for example) and other PCSSD high schools.

Plan 2000 is the "particularization of federal law applicable to these parties." *Knight v. PCSSD*, 112 F.3d 953, 955 (8th Cir. 1997) (Richard S. Arnold, J.). PCSSD was duty bound to fulfil its constitutional obligations under the Plan, which became a consent decree. After the Court's comprehensive 2021 Order, *Doc. 5730*, the Robinson Middle/Mills High true-up was the District's only remaining obligation. In good faith, and beyond any doubt, PCSSD has met its obligation. The circumstances have changed significantly. The Court therefore exercises its Federal Rule of Civil Procedure 60(b)(5) authority, and modifies the decree. PCSSD is released from Court supervision. It has kept its promises. It has eliminated the one remaining facilities inequality.

\*

More than seventy years ago, in the wake of *Brown v. Board of Education*, litigation began about the schools in Little Rock. *Aaron v. Cooper*, Civ A. No. 3113 (E.D. Ark. 8 February 1956), the case that came

into focus on the Little Rock Nine, was the "grandparent of this case[.]" *Little Rock School District v. Pulaski County Special School District*, 921 F.2d 1371, 1392 (8th Cir. 1990). The Supreme Court's resulting decision is a landmark. *Cooper v. Aaron*, 358 U.S. 1 (1958). PCSSD came into the litigation in the 1960s. *Zinnamon v. Board of Education of the PCSSD*, No. LR-68-C-154 (E.D. Ark. 1968). This case began in November 1982. In various Orders through the years, this Court has traced the litigation's complicated history.* We've come far. Though of course imperfect, like all human institutions, today the Pulaski County Special School District is unitary. In good faith, it has eliminated insofar as practicable the traces of past discrimination. The District's future, as it strives for excellence in the important work of educating future generations, is solely in the hands of its teachers, leaders, and citizens. This is as it should be. This Court's jurisdiction on the merits is at an end. The Court retains jurisdiction until 30 April 2026 solely to address any dispute between the Intervenors and

---

* *E.g., Little Rock School District v. Pulaski County Special School District*, 726 F. Supp. 1544, 1546–48 (E.D. Ark. 1989) (Woods, J.); *Little Rock School District v. Pulaski County Special School District*, 831 F. Supp. 1453, 1455–1462 (E.D. Ark. 1993) (Wright, J.); *Little Rock School District v. Pulaski County Special School District*, 237 F. Supp. 2d 988, 990–1025 (E.D. Ark. 2002) (Wilson, J.); *Little Rock School District v. Pulaski County Special School District*, 2011 WL 1935332, *3–*7 (E.D. Ark. 2011) (Miller, J.).

PCSSD about earned but unpaid attorney's fees. This case is concluded.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

26 February 2026